*FILED

Lawrence R. LaPorte (SBN 130003)
laportel@dicksteinshapiro.com
Steven P. Inman, II (SBN 227748)
inmans@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
Telephone: (310) 772-8300
Facsimile: (310) 772-8301

2013 FEB 11  PM 3:07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

Attorneys for Plaintiff
MEGGITT (SAN JUAN CAPISTRANO), INC.,
dba MEGGITT SENSING SYSTEMS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

|  |  |
|---|---|
| MEGGITT (SAN JUAN CAPISTRANO), INC., a Delaware corporation dba MEGGITT SENSING SYSTEMS, <br><br> Plaintiff, <br><br> v. <br><br> NIE YONGZHONG, aka William Nie and/or Bill Nie, an individual; and XIAMEN NIELL ELECTRONICS CO. LTD., a Chinese corporation, <br><br> Defendants. | CASE NO. **SACV13-00239 DOC (MLGx)** <br><br> **COMPLAINT FOR:** <br><br> 1) **MISAPPROPRIATION OF TRADE SECRETS [CAL. CIV. CODE §§ 3426, ET SEQ.];** <br><br> 2) **UNFAIR COMPETITION [CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.];** <br><br> 3) **BREACH OF DUTY OF LOYALTY;** <br><br> 4) **CONVERSION; AND** <br><br> 5) **INJUNCTIVE RELIEF.** |

DICKSTEIN
SHAPIRO LLP

Plaintiff Meggitt (San Juan Capistrano), Inc., dba Meggitt Sensing Systems ("Meggitt"), by its undersigned counsel of record, hereby brings this action against defendants, Nie Yongzhong, aka William Nie and/or Bill Nie ("Nie"), and Xiamen Niell Electronics Co. Ltd. ("Niell-Tech" ) (collectively, "Defendants"), as follows:

## NATURE OF THE CASE

1.      This is a lawsuit regarding the wholesale misappropriation of trade secrets by an engineer who left his job after six years of employment at Meggitt's affiliate, Meggitt (Xiamen) Sensors & Controls Co. Ltd. ("Meggitt Xiamen") (Meggitt and Meggitt Xiamen are both subsidiaries of Meggitt PLC, a British public limited company), and formed a new company, Niell-Tech.  Within a short period of time, Niell-Tech began offering for sale highly sophisticated sensor products that are virtually identical to Meggitt's products.  As a result of Niell-Tech's marketing efforts, Meggitt recently learned of Defendants' sale of these sensor products.  Meggitt has also recently learned through its subsequent investigation that Niell-Tech is offering these products for sale globally on multiple websites including, but not limited to, www.alibaba.com, www.hi1718.com, www.myjidian.com, and www.niell.cn/en.  Niell-Tech is also marketing these products directly in the United States, including this week at the Society for Experimental Mechanics trade show in Garden Grove, California, which runs from February 11-14, 2013.

2.      Meggitt is the world's leading designer and manufacturer of sensors and accelerometers for vibration, shock, and pressure measurements.  Founded by defendant Nie, defendant Niell-Tech has begun manufacturing and marketing sensors and accelerometers of the same shape and size, and further manufactured to nearly the exact same highly-technical specifications as Meggitt's products.  No reason exists for Niell-Tech to manufacture or market its products to match Meggitt's exact specifications because the specification ranges are not driven by the market.  Niell-Tech's products are built to the same specifications only because defendants misappropriated Meggitt's trade secret information and copied its products.

DICKSTEIN
SHAPIRO LLP

DOCSLA-107348v2

3.     Niell-Tech's products could not have been developed and manufactured to precisely match Meggitt's specifications unless Defendants possessed Meggitt's trade secret information, including drawings, photographs, specific work instructions— such as instructions for machine settings and acceptance test procedures ("ATPs")—and, importantly, detailed assembly instructions, which Meggitt refers to as "job travelers." This is especially true in light of the short time-frame in which Niell-Tech began producing its products.

4.     The job travelers are highly detailed instructions written for the employees assigned to assemble and manufacture Meggitt's products, and are provided to them under strict mandates that the employees must not only deviate from the instructions, but also must treat the instructions as confidential and not allow them to be taken from the facility or shared with any third party.

5.     In addition to being instructed regarding the confidentiality of the job travelers and other work instructions, all Meggitt employees receive mandatory training regarding Meggitt PLC's Code of Conduct, which requires employees to "[p]rotect, and not seek personal gain through the inappropriate use of, the intellectual property and confidential information of the Company." Defendant Nie received training on Meggitt PLC's Code of Conduct in 2006, 2008, and 2010, while an employee of Meggitt Xiamen. Defendant Nie's duties of loyalty and confidentiality owed to Meggitt Xiamen also requires the return of all Meggitt proprietary and confidential information upon termination of Nie's employment.

6.     Meggitt has developed its highly technical and precise products and proprietary manufacturing techniques, as reflected in the job travelers and other work instructions, over a period spanning more than twenty years, with a significant investment of capital and labor. As a result, Meggitt has achieved a high level rating for quality.

7.     In return for its investments of capital, labor, research, and development over several decades Meggitt became AS 9100 certified in 1999.  Niell-Tech now claims to already have obtained this same certification after a very short period.

8.     Defendants could not have achieved the same quality rating for its products, or achieved the same specifications as Meggitt's products without a significant investment of capital and labor; such investment would have taken significantly longer than the several months in which Defendants began selling products.

9.     Indeed, Defendants could not manufacture these products to the same specifications and quality as Meggitt's products unless Defendants misappropriated pictures, drawings, ATPs, work processes, and the job travelers from Meggitt.

10.     Through this lawsuit, Meggitt seeks injunctive relief and expedited discovery to accurately assess the extent of the theft of its trade secrets, as well as compensatory and punitive damages to stop Defendants' unlawful misappropriation of its trade secret information, and to compensate Meggitt for damages caused thereby.

## PARTIES

11.     Meggitt (San Juan Capistrano), Inc. dba Meggitt Sensing Systems is a Delaware corporation that has its principal place of business in San Juan Capistrano, California.  Meggitt is a technology company that, among other things, builds sensors and accelerometers to measure physical parameters in the extreme environments of aircraft, space vehicles, power generators, nuclear, oil and gas installations, and test laboratories.  These products have a vast number of uses including heart pacemakers, railway and bridge vibration measurements, seismic measurements, and machine diagnostics.

12.     Xiamen Niell Electronics Co., Ltd. ("Niell-Tech") is a company organized under the laws of the People's Republic of China, and has its headquarters and principal place of business in Xiamen, China.

DICKSTEIN
SHAPIRO LLP

PLAINTIFF'S COMPLAINT

DOCSLA-107348v2

13.     Niell-Tech sells and offers for sale sensor products to customers in California and across the United States.  It accomplishes this, in part, by offering its products to customers in California and throughout the United States through its website at http://www.niell.cn/en/index.html.  Indeed, Niell-Tech will have a booth at the Society for Experimental Mechanics trade show at the Hyatt Hotel in Garden Grove, California from February 11-14, 2013.

14.     On its website, Niell-Tech claims that it is "[a]iming to be the world's best designer and manufacturer of sensors, calibration systems, and measurement instruments."  Niell-Tech also claims to have "attracted a group of outstanding experienced engineers and experts from renowned companies including Endevco [now known as Meggitt]" (Meggitt changed its name from Endevco Corporation to Meggitt (San Juan Capistrano), Inc. in 2010).

15.     Nie Yongzhong, aka William Nie and/or Bill Nie ("Nie") is the President and founder of Niell-Tech, and a resident of Xiamen, China.  Nie was employed by Meggitt's affiliate, Meggitt Xiamen, from 2004 to 2010.  At all times pertinent to this lawsuit, Nie conducted, and continues to conduct, business within the State of California.  Nie is expected to attend the trade show in Garden Grove, California from February 11-14, 2013, in order to market Niell-Tech's products at its registered booth.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

17.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Niell-Tech and Nie conduct business in this District, a substantial part of the trade secrets at issue in this lawsuit are maintained in this District, and  a substantial part of the events or omissions giving rise to this lawsuit occurred within this District.

DICKSTEIN
SHAPIRO LLP

PLAINTIFF'S COMPLAINT

DOCSLA-107348v2

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18.   The assembly instructions ("job travelers"), engineering drawings, technical photographs, ATPs, and other work instructions Meggitt employees rely upon to assemble Meggitt's sensor and accelerometer products are closely held trade secrets shared on a need-to-know basis with Meggitt employees and the employees of Meggitt's affiliate, Meggitt Xiamen.  Meggitt does not permit these documents to leave its premises, including the premises of Meggitt Xiamen, or otherwise be distributed to others outside of the company or its affiliate under any circumstances.

19.   The specifications set forth in the job travelers include specific details and a specific order of steps to create Meggitt's sensor products.  Meggitt and Meggitt Xiamen employees are instructed that they are not permitted to deviate from these instructions.  For example, the job travelers state the amount of epoxy to be used, the bake time and temperature for the epoxies, and provide other statistics and instructions essential to creating the products with Meggitt's performance specifications and high level quality profiles.  These trade secrets belong to Meggitt, are valuable in and of themselves, have been developed through Meggitt's substantial investment of capital and labor, and have been subject to great efforts by Meggitt to maintain their secrecy and confidentiality.

20.   The job travelers and other trade secret work instructions—such as documents reflecting machinery settings and acceptance test procedure details—are essential to the quality of the products Meggitt manufactures, and products of like quality could not be manufactured without them because the quality of the products is a function of the process used to create the product, rather than just a result of the materials themselves.

21.   While employed at Meggitt Xiamen, Nie had access to the job travelers and other confidential and proprietary work instructions for all of the products at issue in this lawsuit.

22.   In 2004, Meggitt Xiamen hired defendant Nie as an engineering manager.

DICKSTEIN
SHAPIRO LLP

5

DOCSLA-107348v2

23.     While at Meggitt Xiamen, Nie had access to and accessed the sensitive, proprietary, and confidential information that constitutes Meggitt's trade secrets. Such information is embodied in the job travelers, specific work instructions, technical photographs, ATPs, and engineering drawings that provided information for the manufacturing of the accelerometers and sensors.

24.     As a management-level employee with access to Meggitt's sensitive, proprietary, and confidential information, Nie had a relationship of trust and confidence with Meggitt and, therefore, was obligated to protect Meggitt's intellectual property and maintain the confidentiality of its trade secret information.

25.     In February 2010, Nie resigned from his position at Meggitt Xiamen.

26.     In April 2010, Nie founded Niell-Tech.

27.     On April 29, 2010, Niell-Tech filed for multiple Chinese patents related to sensors and accelerometers nearly identical to those manufactured by Meggitt.

28.     In late 2012, Meggitt learned that Niell-Tech, the company Nie founded, had begun making and marketing sensors and accelerometers essentially identical to those made by Meggitt.

29.     Nie and Niell-Tech, and each of them, have improperly, systematically, and without authorization, retained, disclosed and exploited Meggitt's trade secrets, including the job travelers and specific work instructions, to create sensor and accelerometers nearly identical to those manufactured by Meggitt, and, further, to unfairly compete with Meggitt.

30.     Specifically, Defendants have used the job travelers, technical photographs, and engineering drawings to produce near exact copies and many of Meggitt's accelerometer and sensory products, including the following:

- Niell-Tech's YL-10 accelerometer copies Meggitt's 12M1A Miniature High Impedence Accelerometer;
- Niell-Tech's YI11 sensor copies Meggitt's 12M9 Installation PE Sensor;

- Niell-Tech's 3ZYD16 sensor copies Meggitt's 223D Triaxial Sensor;
- Niell-Tech's ZDYD30 sensor copies Meggitt's 2273AM20 Radiation Hardened High Temperature Sensor;
- Niell-Tech's ZDYD31 case copies Meggitt's 2276 Radiation Hardened High Temperature Case;
- Niell-Tech's ZDYD35 sensor copies Meggitt's 6237M71 sensor;
- Niel-Tech's ZDYD39 sensor copies Meggitt's 724OC High Frequency Sensor;
- Niell-Tech's DYD42 sensor copies Meggitt's 7703A-200 Modal Measurement Sensor;
- Niell-Tech's ZDYD43 sensor copies Meggitt's 7703A-1000 Modal Measurement Sensor;
- Niell-Tech's ISYD38 sensor copies Meggitt's 7704A-100 sensor;
- Niell-Tech's ZDYDV44 accelerometer copies Meggitt's 86 Seismic Accelerometer;
- Niell-Tech's ZDYDV45 accelerometer copies Meggitt's 87-1 Seismic Accelerometer;
- Niell-Tech's ZDYD32 sensor copies Meggitt's 6222S-20A High Temperature Differential Output Gas Turbine Sensor;
- Niell-Tech's ZDYD33 sensor copies Meggitt's 6222S-50A High Temperature Differential Output Gas Turbine Sensor;

- Niell-Tech's ISYD34 sensor copies Meggitt's 6222S-100A High Temperature Differential Output Gas Turbine Sensor;

- Niell-Tech's ZDYD35 sensor copies Meggitt's 6233C-10 High Temperature Differential Output Gas Turbine Sensor;

- Niell-Tech's ZDYD36 sensor copies Meggitt's 6233C-50 High Temperature Differential Output Gas Turbine Sensor:

- Niell-Tech's ZDYD37 sensor copies Meggitt's 6233C-100 High Temperature Differential Output Gas Turbine Sensor; and

- Niell-Tech's ISYD34 sensor copies Meggitt's 6237M70 sensor.

## FIRST CLAIM FOR RELIEF

**(Misappropriation of Trade Secrets - Cal. Civ. Code §§ 3426, et seq. - Against All Defendants)**

31.   Meggitt hereby realleges and incorporates by reference the allegations of paragraphs 1 through 30 of the Complaint, inclusive, as though set forth in full.

32.   Defendants' continued retention, disclosure, and use of Meggitt's job travelers, photographs, drawings, and other confidential and proprietary information as alleged herein and above, constitutes actual and threatened misappropriation of trade secrets pursuant to the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426, et seq., and is willful and malicious.

33.   As a proximate result of Defendants' conduct, Meggitt has suffered irreparable harm.  Unless Defendants, and each of them, are restrained and/or enjoined, Meggitt faces an immediate threat of continued irreparable harm.

DICKSTEIN
SHAPIRO LLP

PLAINTIFF'S COMPLAINT

DOCSLA-107348v2

34.    Indeed, Meggitt has suffered and will continue to suffer irreparable harm for which Meggitt lacks an adequate remedy at law, as follows:

    (1) Disclosure of trade secrets and other confidential information that is solely the property of Meggitt;

    (2) Loss of goodwill, and loss of business reputation; and

    (3) Present and future economic loss.

35.    Meggitt, therefore, is entitled to an award of compensatory damages as well as enhanced/punitive damages for Defendants' willful and malicious wrongful conduct, including, but not limited to, damages pursuant to Cal. Civ. Code § 3426.3, an award of reasonable attorneys' fees pursuant to Cal. Civ. Code § 3426.4, and costs of suit.  In addition, Meggitt is further entitled to temporary or preliminary injunctive relief.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition - Cal. Bus. & Prof. Code §§ 17200, et seq. - Against All Defendants)

36.    Meggitt hereby realleges and incorporates by reference the allegations of paragraphs 1 through 30 and 32 through 34, of the Complaint, inclusive, as though set forth in full.

37.    Defendants' actions alleged herein are unlawful and unfair business acts and/or practices, thereby constituting unfair competition under California Business & Professions Code §§ 17200, et seq.

38.    The practices alleged herein above are continuing.

39.    Further, Defendants' actions in misappropriating Meggitt's trade secret information constitute a breach by Nie of duties of loyalty and confidentiality owed to Meggitt, are a violation of the CUTSA, and violate common law trade secret protections.

40. As a direct and proximate result of Defendants' unfair and unlawful conduct, as alleged herein, Meggitt has suffered injury in fact and losses as a result of Defendants' unfair competition.

41. Meggitt is entitled to an order requiring Defendants, and each of them, to disgorge their ill-gotten gains and/or awarding Meggitt restitution and restoration of everything wrongfully acquired by Defendants by means of Defendants' acts and/or practices of unfair competition. In addition, Meggitt is entitled to an order imposing a trust upon Defendants' ill-gotten gains and/or monies which were acquired and/or obtained by means of unfair competition to avoid dissipation, fraudulent transfers, or concealment of same by Defendants.

42. Meggitt also has suffered irreparable harm as a direct and proximate result of Defendants' unlawful and unfair activities, and will continue to suffer irreparable injury that cannot adequately be remedied at law unless Defendants, and each of them, are enjoined from engaging in any further such acts of unfair competition.

43. Indeed, unless Defendants, and each of them, are temporarily or preliminarily enjoined from engaging in the foregoing conduct, Meggitt will be irreparably harmed by:

(1) Disclosure of trade secrets and other confidential information that is solely the property of Meggitt; and

(2) Loss of goodwill and loss business reputation.

44. Meggitt, therefore, also is entitled to temporary, preliminary and permanent injunctive relief.

DICKSTEIN
SHAPIRO LLP

PLAINTIFF'S COMPLAINT

DOCSLA-107348v2

## THIRD CLAIM FOR RELIEF

### (Breach of Duty of Loyalty Against Defendant Nie)

45.     Meggitt hereby realleges and incorporates by reference the allegations of paragraphs 1 through 30, 32 through 34, and 37 through 43 of the Complaint, inclusive, as though set forth in full.

46.     Nie, was an employee of Meggitt Xiamen, had access to Meggitt's confidential and trade secret information, and was required to exercise the utmost good faith and loyalty in the performance of his duties during and after his employment by Meggitt Xiamen.

47.     By virtue of the fact that Meggitt's confidential information was entrusted to him, Nie entered into a special relationship of trust and confidence with Meggitt that gave rise to a fiduciary duty of loyalty.  This relationship was also governed by Meggitt's Code of Conduct, which also gave Nie specific obligations in his relationship with Meggitt.

48.     Meggitt's Code of Conduct required Nie to maintain "the highest standard of ethical behavior," and to "[p]rotect, and not seek personal gain through the inappropriate use of, the intellectual property and confidential information of the Company."

49.     Defendant Nie, in light of his position as a senior manager, was entrusted with access to Meggitt's confidential, proprietary trade secret information and know-how, owed a fiduciary duty to Meggitt and all of its affiliates with respect to the governance of Meggitt's intellectual property.  This fiduciary duty and obligation was known and understood by defendant Nie, who had full knowledge of the Meggitt's Code of Conduct (notably, Defendant Nie received training on the Code of Conduct on three separate occasions, the last of which occurred shortly before his departure from the company).

50.     In addition to, and in connection with, the duty of loyalty owed to Meggitt by defendant Nie, defendant Nie also owed a duty of confidentiality to

1  Meggitt in relation to his position and responsibilities as a senior manager at the

2  company.  As part of this duty and his employment obligations,  Nie was required to

3  protect Meggitt's trade secret information and to return to Meggitt all property and

4  confidential information which belonged to Meggitt but were in Nie's possession at

5  the time of his resignation.  Defendant Nie understood this continuing duty of

6  confidentiality, yet breached it all the same.

7      51.    As a direct and proximate result of Nie's unlawful conduct and breach his

8  duties to Meggitt, Meggitt has suffered and will continue to suffer irreparable harm for

9  which it lacks an adequate remedy at law, as well as financial loss.

10     52.    Meggitt is informed and believes, and on that basis alleges, that Nie's

11 unlawful conduct will continue unless he is enjoined immediately by this Court.

12     53.    Unless Nie is temporarily or preliminarily enjoined from the foregoing

13 conduct, Meggitt will be irreparably harmed by:

14         (1) Disclosure of trade secrets and other confidential information that is

15             solely the property of Meggitt;

16         (2) Loss of goodwill and business reputation; and

17         (3) Present and future economic loss.

18     54.    Thus, Meggitt is entitled to an award of damages arising out of Nie's

19 wrongful conduct, as well as to temporary, preliminary and permanent injunctive

20 relief.

21                    **FOURTH CLAIM FOR RELIEF**

22                **(Conversion - Against All Defendants)**

23     55.    Meggitt hereby realleges and incorporates by reference the allegations of

24 paragraphs 1 through 30, 32 through 34, 37 through 43, and 46 through 53 of the

25 Complaint, inclusive, as though set forth in full.

26     56.    By reason of the conduct alleged herein above, Defendants, and each of

27 them, have wrongfully seized and retained possession of Meggitt's proprietary trade

28 secret information including, but not limited to, Meggitt's job travelers, work

1  instructions, drawings, photographs, and other proprietary and confidential

2  information.

3        57.    Defendants knowingly and wrongfully assumed unauthorized control,

4  dominion, and ownership over these items and information for which Meggitt has an

5  absolute right of possession.

6        58.    As a direct and proximate result of the foregoing conduct by Defendants,

7  and each of them, Meggitt has been damaged, and continues to be damaged, in an

8  amount to be proven at trial.

9        59.    Defendants' acts of conversion are of a continuing nature for which

10 Meggitt has been and will continue to suffer irreparable injury, and for which there is

11 no adequate remedy at law.

12       60.    Unless Defendants, and each of them, are temporarily or preliminarily

13 enjoined from the foregoing conduct, Meggitt will be irreparably harmed by:

14             (1) Disclosure of trade secrets and other confidential information that is

15                  solely the property of Meggitt;

16             (2) Loss of goodwill and business reputation; and

17             (3) Present and future economic loss.

18       61.    Thus, Meggitt is entitled to an award of damages arising out of

19 Defendants' wrongful conduct, as well to temporary or preliminary injunctive relief.

20       62.    Defendants' acts of conversion were done with the intent of depriving

21 Meggitt of its property or legal rights or otherwise causing injury, and were

22 despicable, malicious, oppressive, and/or fraudulent conduct that subjected Meggitt to

23 a cruel and unjust hardship in conscious disregard of Meggitt's rights, so as to justify

24 an award of exemplary and punitive damages in an amount to be proven at trial.

25 ///

26 ///

27 ///

28

## FIFTH CLAIM FOR RELIEF

### (Injunctive Relief - Against All Defendants)

63.   Meggitt hereby realleges and incorporates by reference the allegations of 1 through 30, 32 through 34, 37 through 43, 46 through 53, and 56 through 61 of the Complaint, inclusive, as though set forth in full.

64.   In doing the acts described herein, Defendants, and each of them, have harmed Meggitt by, among other things, improperly garnering, retaining, disclosing, and utilizing Meggitt's confidential and proprietary information and trade secrets, in violation of California law, as well as all fiduciary and legal obligations owed by defendant Nie to Meggitt, to unlawfully compete with Meggitt, copy Meggitt's products, and diminish Meggitt's reputation and good will.

65.   Unless Defendants, and each of them, are temporarily or preliminarily enjoined from the foregoing conduct, Meggitt will be irreparably harmed by:

(1)   Disclosure of trade secrets and other confidential information that is solely the property of Meggitt;

(2)   Loss of goodwill and business reputation; and

(3)   Current and future economic loss.

66.   Meggitt seeks a temporary or preliminary injunction prohibiting, restraining, and enjoining Defendants, and each of them, directly or indirectly, and whether acting alone or in concert with others from committing the following acts:

(a)   marketing, selling, and/or offering for sale any product created or manufactured using, relying upon, or otherwise benefitting from Meggitt's trade secret, confidential, and/or proprietary information;

(b)   improperly garnering, retaining, disclosing and utilizing Meggitt's confidential and proprietary information and trade secrets; and

(c)   creating, manufacturing, distributing, or offering for sale any product derived from, created by, or manufactured using Meggitt's confidential, proprietary information or trade secrets.

67.   Meggitt also seeks a temporary restraining order or preliminary injunction requiring Defendants, and anyone acting in concert with them, to return to Meggitt any and all records, documents and/or information, including but not limited to, job travelers, photographs, drawings, and any other proprietary or confidential information belonging to Meggitt, or any records, documents and/or information derived therefrom, and any and all documents created or recreated from memory or otherwise by Nie either during or after his employment with Meggitt terminated that contain information pertaining to Meggitt's confidential, proprietary information, or trade secrets related to sensors and accelerometers.

## PRAYER FOR RELIEF

WHEREFORE, Meggitt prays for judgment as follows:

**On the First Claim for Relief Against All Defendants for Trade Secret Misappropriation:**

1.   For a temporary, preliminary, and permanent injunctions, enjoining Defendants, and each of them, directly or indirectly, and whether acting alone or in concert with others, from committing the following acts:

(a)   marketing, selling, and/or offering for sale any product created or manufactured using, relying upon, or otherwise benefitting from Meggitt's trade secret, confidential, and/or proprietary information;

(b)   improperly garnering, retaining, disclosing and utilizing Meggitt's confidential and proprietary information and trade secrets; and

(c)   creating, manufacturing, distributing, or offering for sale any product derived from, created by, or manufactured using Meggitt's confidential, proprietary information or trade secrets.

2.   For a temporary restraining order or preliminary injunction requiring Defendants, and anyone acting in concert with them, to return to Meggitt any and all records, documents, and/or information, including but not limited to, job travelers, photographs, drawings, and any other proprietary or confidential information

1  belonging to Meggitt, or any records, documents and/or information derived
2  therefrom, and any and all documents created or recreated from memory or otherwise
3  by Nie either during or after his employment with Meggitt terminated that contain
4  information pertaining to Meggitt's confidential, proprietary information, or trade
5  secrets related to sensors and accelerometers within five (5) days from the entry of the
6  Court's order;

7       3.    For compensatory, enhanced and punitive damages, including damages
8  pursuant to Cal. Civ. Code § 3426.3;

9       4.    For reasonable attorneys' fees pursuant to Cal. Civ. Code § 3426.4;

10      5.    For costs of suit; and

11      6.    For such other and further relief as the Court deems just and proper.

12 **On the Second Claim for Relief Against All Defendants for Unfair Competition:**

13      1.    For disgorgement of Defendants' ill-gotten gains and/or for restitution of
14 everything wrongfully acquired by Defendants by means of Defendants' acts and/or
15 practices of unfair competition;

16      2.    For an order imposing a trust upon Defendants' ill-gotten gains and/or
17 monies which were acquired and/or obtained by means of unfair competition to avoid
18 dissipation, fraudulent transfers, or concealment of such monies by Defendants;

19      3.    For reasonable attorneys' fees;

20      4.    For a temporary, preliminary, and permanent injunctions, enjoining
21 Defendants, and each of them, directly or indirectly, and whether acting alone or in
22 concert with others from committing the following acts:

23           (a)    marketing, selling, and/or offering for sale any product created or
24                  manufactured using, relying upon, or otherwise benefitting from
25                  Meggitt's trade secret, confidential, and/or proprietary information;
26           (b)    improperly garnering, retaining, disclosing and utilizing Meggitt's
27                  confidential and proprietary information and trade secrets; and

28

1          (c)     creating, manufacturing, distributing, or offering for sale any

2                   product derived from, created by, or manufactured using Meggitt's

3                   confidential, proprietary information or trade secrets.

4       5.     For a temporary restraining order or preliminary injunction requiring

5  Defendants, and anyone acting in concert with them, to return to Meggitt any and all

6  records, documents, and/or information, including but not limited to, job travelers,

7  photographs, drawings, and any other proprietary or confidential information

8  belonging to Meggitt, or any records, documents and/or information derived

9  therefrom, and any and all documents created or recreated from memory or otherwise

10  by Nie either during or after his employment with Meggitt terminated that contain

11  information pertaining to Meggitt's confidential, proprietary information, or trade

12  secrets related to sensors and accelerometers within five (5) days from the entry of the

13  Court's order;

14       6.     For an order requiring defendant Niell-Tech to immediately identify and

15  produce all assembly instructions, technical photographs, and engineering drawings

16  for each of its products;

17       7.     For costs of suit; and

18       8.     For such other and further relief as the Court deems just and proper.

19  **On the Third Claim for Relief for Against Defendant Nie for Breach of Duty of Loyalty:**

20

21       1.     For general and compensatory damages in an amount to be proven at

    trial;

22

23       2.     For a temporary, preliminary, and permanent injunctions, enjoining

24  defendant Nie, directly or indirectly, and whether acting alone or in concert with

    others, from committing the following acts:

25

26          (a)     marketing, selling, and/or offering for sale any product created or

27                 manufactured using, relying upon, or otherwise benefitting from

28                 Meggitt's trade secret, confidential, and/or proprietary information;

DICKSTEIN
SHAPIRO LLP

PLAINTIFF'S COMPLAINT

DOCSLA-107348v2

1        (b)     improperly garnering, retaining, disclosing and utilizing Meggitt's

2                  confidential and proprietary information and trade secrets; and

3        (c)     creating, manufacturing, distributing, or offering for sale any

4                  product derived from, created by, or manufactured using Meggitt's

5                  confidential, proprietary information or trade secrets.

6     3.     For a temporary restraining order or preliminary injunction requiring

7 defendant Nie, and anyone acting in concert with him, to return to Meggitt any and all

8 records, documents, and/or information including but not limited to, job travelers,

9 photographs, drawings, and any other proprietary or confidential information

10 belonging to Meggitt, or any records, documents and/or information derived

11 therefrom, and any and all documents created or recreated from memory or otherwise

12 by Nie either during or after his employment with Meggitt terminated that contain

13 information pertaining to Meggitt's confidential, proprietary information, or trade

14 secrets related to sensors and accelerometers within five (5) days from the entry of the

15 Court's order;

16     4.     For costs of suit; and

17     5.     For such other and further relief as the Court deems just and proper.

18 **On the Fourth Claim for Relief Against All Defendants for Conversion:**

19     1.     For general and compensatory damages in an amount to be proven at

20 trial;

21     2.     For a temporary, preliminary, and permanent injunctions, enjoining

22 Defendants, and each of them, directly or indirectly, and whether acting alone or in

23 concert with others, from committing the following acts:

24        (a)     marketing, selling, and/or offering for sale any product created or

25                  manufactured using, relying upon, or otherwise benefitting from

26                  Meggitt's trade secret, confidential, and/or proprietary information;

27        (b)     improperly garnering, retaining, disclosing and utilizing Meggitt's

28                  confidential and proprietary information and trade secrets; and

1        (c)    creating, manufacturing, distributing, or offering for sale any

2                product derived from, created by, or manufactured using Meggitt's

3                confidential, proprietary information or trade secrets.

3.    For a temporary restraining order or preliminary injunction requiring Defendants, and anyone acting in concert with them, to return to Meggitt any and all records, documents, and/or information, including but not limited to, job travelers, photographs, drawings, and any other proprietary or confidential information belonging to Meggitt, or any records, documents and/or information derived therefrom, and any and all documents created or recreated from memory or otherwise by Nie either during or after his employment with Meggitt terminated that contain information pertaining to Meggitt's confidential, proprietary information, or trade secrets related to sensors and accelerometers within five (5) days from the entry of the Court's order;

4.    For punitive damages;

5.    For costs of suit; and

6.    For such other and further relief as the Court deems just and proper.

**On the Fifth Claim for Relief Against All Defendants for Injunctive Relief:**

1.    For a temporary, preliminary, and permanent injunctions, enjoining Defendants, and each of them, directly or indirectly, and whether acting alone or in concert with others, from committing the following acts:

    (a)    marketing, selling, and/or offering for sale any product created or manufactured using, relying upon, or otherwise benefitting from Meggitt's trade secret, confidential, and/or proprietary information;

    (b)    improperly garnering, retaining, disclosing and utilizing Meggitt's confidential and proprietary information and trade secrets; and

    (c)    creating, manufacturing, distributing, or offering for sale any product derived from, created by, or manufactured using Meggitt's confidential, proprietary information or trade secrets.

DICKSTEIN SHAPIRO LLP

19

PLAINTIFF'S COMPLAINT

DOCSLA-107348v2

2.     For a temporary restraining order or preliminary injunction requiring Defendants, and anyone acting in concert with them, to return to Meggitt any and all records, documents, and/or information including but not limited to, job travelers, photographs, drawings, and any other proprietary or confidential information belonging to Meggitt, or any records, documents and/or information derived therefrom, and any and all documents created or recreated from memory or otherwise by Nie either during or after his employment with Meggitt terminated that contain information pertaining to Meggitt's confidential, proprietary information, or trade secrets related to sensors and accelerometers within five (5) days from the entry of the Court's order;

3.     For costs of suit; and

4.     For such other and further relief as the Court deems just and proper.

DATED:  February 11, 2013            DICKSTEIN SHAPIRO LLP


By: _____
    Lawrence R. LaPorte
    Steven P. Inman, II
    Attorneys for Plaintiff MEGGITT (SAN
    JUAN CAPISTRANO), INC., dba MEGGITT
    SENSING
    SYSTEMS

**DEMAND FOR JURY TRIAL**

Plaintiff Meggitt (San Juan Capistrano), Inc., dba Meggitt Sensing Systems hereby demands a trial by jury on all claims (or any aspect thereof) contained in its Complaint as to which a trial by jury is proper.

DATED: February 11, 2013                    DICKSTEIN SHAPIRO LLP


By: _____
    Lawrence R. LaPorte
    Steven P. Inman, II
    Attorneys for Plaintiff MEGGITT (SAN
    JUAN CAPISTRANO), INC., dba MEGGITT
    SENSING
    SYSTEMS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV13- 239 DOC (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
   **312 N. Spring St., Rm. G-8**
   **Los Angeles, CA 90012**

[ ] **Southern Division**
   **411 West Fourth St., Rm. 1-053**
   **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
   **3470 Twelfth St., Rm. 134**
   **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | | |
|---|---|---|
| MEGGITT (SAN JUAN CAPISTRANO), INC., a Delaware corporation dba MEGGITT SENSING SYSTEMS, | ) ) ) ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Civil Action No.   **SACV13-00239 DOC (MLGx)** |
| v. | ) | |
| NIE YONGZHONG, aka William Nie and/or Bill Nie, an individual; and XIAMEN NIELL ELECTRONICS CO. LTD., a Chinese corporation | ) ) ) ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
NIE YONGZHONG, aka William Nie and/or Bill Nie, an individual
XIAMEN NIELL ELECTRONICS CO. LTD., a Chinese corporation
8 South Yangguang Road
Xinyang Industrial Zone
Haicang District, Xiamen, Fujian 361022, P.R. CHINA

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Lawrence R. LaPorte
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: FEB 1 1 2013    _____
N. Boem
*Signature of Clerk or Deputy Clerk*



AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:


American LegalNet, Inc.
www.FormsWorkFlow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Meggitt (San Juan Capistrano), Inc., a Delaware corporation dba Meggitt Sensing Systems

**DEFENDANTS**

Nie Yongzhong, aka William Nie and/or Bill Nie, an individual; Xiamen Niell Electronics Co. Ltd., a Chinese corporation

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Lawrence R. LaPorte / Steven P. Inman, II
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sections 1332, 1391 (b)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

---

**FOR OFFICE USE ONLY:**   Case Number:   **SACV13-00239 DOC (MLGx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

        ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

        ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

        ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | China |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 02/11/2013

Steven P. Inman, II

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com