Lawrence R. LaPorte (SBN 130003)
*laportel@dicksteinshapiro.com*
Allan W. Jansen (SBN 81992)
*jansena@dicksteinshapiro.com*
Charles A. Kertell (SBN 181214)
*kertellc@dicksteinshapiro.com*
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
Telephone: (310) 772-8300
Facsimile: (310) 772-8301

Attorneys for Plaintiffs
MEGGITT (ORANGE COUNTY),
INC. and MEGGITT (MARYLAND), INC.

Jaime W. Marquart (SBN 200344)
*jmarquart@bakermarquart.com*
Christian A. Anstett (SBN 240179)
*canstett@bakermarquart.com*
BAKER MARQUART LLP
10990 Wilshire Blvd., 4th Floor
Los Angeles, CA 90024
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

Attorneys for Defendants
NIE YONGZHONG and XIAMEN NIELL
ELECTRONICS CO., LTD.

Ruixue Ran (*admitted pro hac vice*)
*ranrx@junhe.com*
*Mark H. Chu (*admitted *pro hac vice*)
*zhuxw@junhe.com*
JUN HE LAW OFFICES
China Resources Building, 20th Floor
8 Jianguomenbei Avenue
Beijing 100005 P.R. China
Telephone: (86) 10 8519 1300
Facsimile: (86) 10 8519 1350

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MEGGITT (ORANGE COUNTY), INC.
and MEGGITT (MARYLAND), INC.

Plaintiffs,

v.

NIE YONGZHONG and XIAMEN
NIELL ELECTRONICS CO., LTD.,

Defendants.

Case No. **SACV 13-00239 DOC (DFMx)**

**[~~PROPOSED~~] PROTECTIVE ORDER**

Hon. ~~David~~ Douglas F. McCormick

1.     PURPOSES AND LIMITATIONS

     Disclosure and discovery activity in this action are likely to involve production of trade secret, confidential, otherwise proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, because good cause exists, plaintiffs hereby petition the Court to enter the following Protective Order ("Order").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  The Parties further acknowledge, as set forth in Paragraph 12.4, below, that this Order does not entitle them to file confidential information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.     DEFINITIONS

     2.1   Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

     2.2   "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

     2.3   Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL."

     2.4   Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are offered for

inspection, produced, or generated in disclosures or responses to discovery in this matter.

2.5   <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its Outside Counsel of Record to serve as an expert witness or as a consultant in this action; (2) is not a current employee of a Party; (3) is not a current employee of a Party's competitor; and (4) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.6   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>:  Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.7   <u>"HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE</u> <u>MATERIAL"</u> Information or Items (also referred to as "Trade Secret Source <u>Material")</u>:  Extremely sensitive "Confidential Information or Items" representing the source of trade secret material (*e.g.*, assembly instructions and computer source code), disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8   <u>In-House Counsel</u>:  Attorneys who are employees of a Party to this action or a Party's parent company (if the Party is a wholly-owned subsidiary).

2.9   <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10  <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a Party to this action, but are retained to represent or advise a Party to this action and have formally appeared in this action on behalf of that Party.

2.11  <u>Party</u>:  Any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their paralegals, patent agents, and secretarial staff).

2.12   <u>Producing Party</u>:  A Party or Non-Party that offers for inspection or produces Disclosure or Discovery Material in this action.

2.13   <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium).

2.14   <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL " "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL."

2.15   <u>Receiving Party</u>:  A Party that inspects or receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations (including notes) of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Outside Counsel of Record that might reveal Protected Material.  However, the protections conferred by this Order do not cover any information that is in the public domain at the time of the disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of the law or this Order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

        5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

        Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

        If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

        5.2      Manner and Timing of Designations.  Except as otherwise provided in this Order (*See*, *e.g.*, the second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

        (a)      for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other  discovery matters), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with the exception of Trade Secret Source Material, where such material shall be deemed "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" throughout the inspection.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend  ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL") to each page that contains Protected Material.

(b)     for testimony given in deposition or in other discovery matters, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to seven (7) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a seven (7) day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed, with the exception that any deposition in which a document or thing designated as "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" was used or which included "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" testimony will be designated "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" in its entirety unless otherwise agreed.  However, if a Non-Designating Party makes a request before the expiration of a seven (7) day period for designation, the Parties will work together to immediately identify testimony and exhibits that are not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL "

After the expiration of that period, the transcript shall be treated only as actually designated.  Any portion of a deposition transcript that contains information from a document or thing designated as "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" shall be separately bound from the transcript.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY," or "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL."

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly in accordance with Civil Local Rule 37-1.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity (not to exceed three (3) days after the Civil Local Rule 37-1 conference of counsel) to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion disputing the confidentiality designation in accordance with Civil Local Rule 37-2.  In addition, the Designating Party may file a motion to retain confidentiality at any time if there is good cause for doing so.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 13, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action;

(b)     paralegals, patent agents, and secretarial staff employed by the Receiving Party's Outside Counsel of Record in this action, provided it is

reasonably necessary to disclose the information to such person for this litigation and they have signed and returned to the Designating Party the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     two (2) designated In-House Counsel of the Receiving Party and two (2) other designated employees of the Receiving Party, provided it is reasonably necessary to disclose the information to such person for this litigation and they have signed and returned to the Designating Party the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed and returned to the Designating Party the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the Court and its personnel;

(f)     court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed and returned to the Designating Party the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     any mediator who is assigned by the Court to hear this matter, and his or her staff;

(h)     Rule 30(b)(6) witnesses of the Producing Party regardless of whether the witness is the author or recipient of the document;

(i)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(j)     any other person with the prior written consent of the Producing Party.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, information, documents, and things designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," shall be subject to

the provisions set forth in Paragraphs 7.3 and 7.4, and may be disclosed, subject to Paragraph 7.4, solely to the following persons:

(a)     the Receiving Party's Outside Counsel of Record in this action;

(b)     paralegals, patent agents, and secretarial staff employed by the Receiving Party's Outside Counsel of Record in this action, provided it is reasonably necessary to disclose the information to such person for this litigation and they have signed and returned to the Designating Party the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts of the Receiving Party: (1) to whom disclosure is reasonably necessary for this litigation; (2) who have signed and returned to the Designating Party the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) as to whom the procedures set forth in Paragraph 7.7(a), below, have been followed;

(d)     the Court and its personnel;

(e)     court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed and returned to the Designating Party the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     any mediator who is assigned by the Court to hear this matter, and his or her staff;

(g)     Rule 30(b)(6) witnesses of the Producing Party regardless of whether the witness is the author or recipient of the document;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i)     any other person with the prior written consent of the Producing Party.

7.4     Procedures for Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  The following provisions apply to the production of information, documents, and things designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," unless otherwise agreed by the Producing Party:

(a)     Absent express written permission from the Producing Party, the Receiving Party may not create any electronic images, or any other images, or make electronic copies of any information, document, or thing designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" except as necessary to file, lodge, or otherwise submit documents with the Court (and any such electronic image/copy shall be immediately destroyed by the Receiving Party after the completion of any such filing, lodging, or submission);

(b)     The Receiving Party may not create more than six (6) physical copies of any information, document, or thing designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY;"

(c)     When not in use, the Receiving Party's copies of any information, document, or thing designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be kept in a secured, locked area at Outside Counsel of Record's offices in the Central District of California.  The Receiving Party may also temporarily keep the copies at: (i) the Court for any proceedings(s) relating to the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, but only for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material are taken, provided they are in the continental United States, and then only for the dates associated with the deposition(s); and (iii) any intermediate location in the continental United States reasonably necessary to transport the copies for a hearing or deposition in this litigation (*e.g.*, a hotel prior to a deposition).  The Receiving Party shall exercise due care in maintaining the security of the copies at these temporary locations.  Under no circumstances shall any information, document, or thing designated "HIGHLY CONFIDENTIAL – ATTORNEYS '

1    EYES ONLY" obtained by the Receiving Party ever physically leave the

2    continental United States.

3           (d)     The provisions of this Paragraph 7.4 apply equally to any information,

4    document, or thing (including any notes) created or derived from information,

5    documents, or things designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

6    EYES ONLY."

7           7.5     Disclosure of "HIGHLY CONFIDENTIAL – TRADE SECRET

8    SOURCE MATERIAL" Information or Items.  Unless otherwise ordered by the

9    Court or permitted in writing by the Designating Party, information, documents,

10   and things designated "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE

11   MATERIAL," shall be subject to the provisions set forth in Paragraphs 7.5 and 7.6,

12   and may be disclosed, subject to Paragraph 7.6, solely to the following persons:

13         (a)     the Receiving Party's Outside Counsel of Record in this action;

14         (b)     paralegals, patent agents, and secretarial staff employed by the

15   Receiving Party's Outside Counsel of Record in this action, provided it is reasonably

16   necessary to disclose the information to such person for this litigation and they have

17   signed and returned to the Designating Party the "Acknowledgment and Agreement

18   to Be Bound" (Exhibit A);

19         (c)     Experts of the Receiving Party: (1) to whom disclosure is reasonably

20   necessary for this litigation; (2) who have signed and returned to the Designating

21   Party the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) as to

22   whom the procedures set forth in Paragraph 7.7(a), below, have been followed;

23         (d)     the Court and its personnel;

24         (e)     court reporters and their staff who have signed and returned to the

25   Designating Party the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26         (f)     any mediator who is assigned by the Court to hear this matter, and has

27   signed and returned to the Designating Party the "Acknowledgment and Agreement

28   to Be Bound" (Exhibit A);

(g)    Rule 30(b)(6) witnesses of the Producing Party regardless of whether the witness is the author or recipient of the document;

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i)    any other person with the prior written consent of the Producing Party.

7.6    <u>Procedures for Disclosure of "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" Information or Items</u>.  The following provisions apply to the production of information, documents, and things designated "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL," unless otherwise agreed by the Producing Party:

(a)    All Trade Secret Source Material (*e.g.*, assembly instructions and source code) shall be made available by the Producing Party to the Receiving Party in a secure room located at an office of the Producing Party's outside litigation counsel of record in this litigation <u>located in the Central District of California</u>.

(b)    No more than a total of four (4) individuals timely identified by the Receiving Party shall have access to the secure room in which the Producing Party produces its Trade Secret Source Material at any one time.

(c)    For source code, the inspection shall take place on a secured, stand-alone computer equipped with a reasonably current version of Microsoft Windows operating system or Unix system, and an appropriate software platform for viewing the source code.  The secured, stand-alone computer shall not be equipped with either Internet access or network access to other computers.  With the exception of a keyboard, mouse, and monitor, all access ports on the secured, non-network, stand-along computer shall be disabled to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Trade Secret Source Material outside or away from the secure room and/or computer on which source code is provided for inspection (hereinafter "Source Code Computer").  If

necessary, the Source Code Computer may be configured by the Producing Party to run another mutually agreed upon operating system.

(d) The Producing Party shall install tools that are sufficient for viewing and searching the source code produced and on the platform produced. The Receiving Party's Outside Counsel and/or experts may request on a timely basis that other commercially available software tools for viewing and searching the source code be installed on the Source Code Computer, provided, however, that such tools are reasonably necessary for the Receiving Party to perform its review of the source code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with a storage device containing such licensed software tool(s) or other appropriate mechanism for obtaining the tool at least two (2) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The Receiving Party or its Expert(s) shall not at any time use any compilers, interpreters, or simulators in connection with the Producing Party's source code. The Producing Party shall not install any keystroke or other monitoring software on the Source Code Computer.

(e) The Producing Party shall make the source code available electronically and in text searchable form.

(f) Unless the Parties otherwise agree, the secure room and the Source Code Computer shall be made available from 9 a.m. to 7 p.m. local time, Monday through Friday (excluding holidays), until the close of the evidentiary record in this litigation.

(g) Prior to the first inspection of a Producing Party' s Trade Secret Source Material, the requesting party shall provide the Producing Party three (3) business days' notice of its intent to access the Producing Party' s secure room and/or Source Code Computer. This first inspection can take place over as many successive days as the Parties agree to, subject to modification during the inspection. The requesting

party shall provide two (2) business days' notice prior to any subsequent inspections of the same Producing Party's Trade Secret Source Material.  Subsequent inspections can take place over as many successive days as the Parties agree to, subject to modification during the inspection.

(h)     The Receiving Party may request copies of those portions of the Trade Secret Source Material (including source code) that are reasonably necessary to facilitate the preparation of court filings, pleadings, and expert reports, as well as for hearing and deposition preparation/exhibits – but shall request copying of only such limited portions as are relevant to the claims and defenses in this case and are reasonably necessary for such purpose.  In particular, the Receiving Party shall not print Trade Secret Source Material in order to review pages or blocks of Trade Secret Source Material elsewhere in the first instance (*i.e.*, as an alternative to reviewing that Trade Secret Source Material in the secure room).  To that end, the Receiving Party shall not request copies of more than three (3) consecutive pages of any document.

(i)     If the Producing Party objects that the portions requested for copying are excessive and/or are not being done for a permitted purpose, the Producing Party shall make such objection known to the Receiving Party within five (5) business days.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek the Court's resolution of whether the request for copying of the Trade Secret Source Material in question was in excess and/or for a non-permitted Purpose using the same procedure as set forth in Paragraph 6 (whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party").  The burden shall be on the Receiving Party to demonstrate that the number of pages requested for copying is reasonable and not for an improper purpose.

(j)     The Trade Secret Source Material sought to be copied shall be labeled with "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL."

The Producing Party will keep the originals of the copied documents, and copies shall be made for Outside Counsel within seven (7) days –unless an objection under Paragraph 7.6(i), above, is timely made.  If a timely objection is made, the Producing Party will retain the originals and all requested copies until the objection is decided by the Court.

(k)     Absent express written permission from the Producing Party, the Receiving Party may not create any electronic images, or any other images, or make electronic copies of any information, document, or thing designated "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL"  except as necessary to file, lodge, or otherwise submit documents with the Court (and any such electronic image/copy shall be immediately destroyed by the Receiving Party after the completion of any such filing, lodging, or submission);

(l)     The Receiving Party may not create more than two (2) additional physical copies of any information, document, or thing designated "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL;"

(m)     When not in use, the Receiving Party's copies of any information, document, or thing designated "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" must be kept in a secured, locked area at Outside Counsel of Record's offices in the Central District of California.  The Receiving Party may also temporarily keep the copies at: (i) the Court for any proceedings(s) relating to the "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL," but only for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" are taken, provided they are in the continental United States, and then only for the dates associated with the deposition(s); and (iii) any intermediate location in the continental United States reasonably necessary to transport the copies for a hearing or deposition in this litigation (*e.g.*, a hotel prior to a deposition).  The Receiving Party shall exercise due care in maintaining the

security of the copies at these temporary locations.  <u>Under no circumstances shall any information, document, or thing designated "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" obtained by the Receiving Party ever physically leave the continental United States</u>.

(n)     The provisions of this Paragraph 7.6 apply equally to any information, document, or thing (including any notes) created or derived from information, documents, or things designated "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL."

(o)     The Receiving Party shall be entitled to take notes relating to the Trade Secret Source Material (subject to all of the restrictions contained herein), but may not block copy the Trade Secret Source Material into the notes.  No copies of all or any portion of the Trade Secret Source Material may leave the room in which the Trade Secret Source Material is inspected except as otherwise provided herein.  The Producing Party may visually, but not otherwise, monitor the activities of the Receiving Party's representatives during any Trade Secret Source Material review, but only to ensure that no information concerning the Trade Secret Source Material is being created or transmitted in any way.  The Producing Party may not observe or inspect the Receiving Party's notes or monitor the portions of Trade Secret Source Material reviewed by the Receiving Party's representative.

(p)     Other than as provided in this Order, the Receiving Party will not copy, remove, or otherwise transfer any Trade Secret Source Material from the secure room, including, without limitation, copying, removing, or transferring the Trade Secret Source Material onto any recordable media or recordable device, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind.  The Receiving Party will not transmit any Trade Secret Source Material in any way from the Producing Party's secured facilities or the offices of the Producing Party's Outside Counsel located in the Central District of California;

(q)     The Producing Party shall provide representatives of the Receiving Party performing the inspection of the Trade Secret Source Material with access to another secure location in the same building as the secure room to store personal belongings.  The Producing Party shall not be permitted to observe or record the activities of the Receiving Party's representative(s) while in the secure location, and shall permit the representative(s) to access the secure location on an "as needed" basis.  Unless otherwise agreed in advance by the Parties in writing, at the end each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or Expert(s) shall remove all notes, documents, and all other materials from the secure room.

7.7     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" Information or Items to Experts</u>.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" pursuant to Paragraph 7.3(c) or 7.5(c) must first make a written request to the Designating Party that: (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" information that the Receiving Party seeks permission to disclose to the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence; (3) attaches a copy of the Expert's current resume or *curriculum vitae*; (4) identifies the Expert's current employer(s); and (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services,

including in connection with a litigation, at any time during the preceding five (5) years.[1]

(b)      A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the Expert unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)      A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within three (3) business days of the written objection.  No further conference of counsel will be required under Civil Local Rule 37-1.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 37-2 seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.8      <u>Restrictions on the use of Protected Material</u>.  The restrictions on the use of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

ONLY," and "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" Disclosure or Discovery Material established by this Order are applicable only to Disclosure or Discovery Material received by a Party from another Party or from a Non-Party as a direct result of this litigation.  A Party is free to do whatever it desires with its own "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" Disclosure or Discovery Materials in its sole and complete discretion.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

       If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL," that Party must:

       (a)   promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

       (b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

       (c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – TRADE SECRET SOURCE MATERIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within ten (10) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (1) notify in writing the Designating Party of the unauthorized disclosures; (2) use its best efforts to retrieve all unauthorized copies of the Protected Material; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
         PROTECTED MATERIAL

Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent production of documents subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from disclosure will not waive the privilege or protection from disclosure.  In addition, the Parties agree that if a document subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure is included in documents made available for inspection, such disclosure shall not be considered a waiver of the privilege or protection from disclosure.

The Producing Party must notify the receiving Party within seven (7) business days of becoming aware of the inadvertent disclosure of privileged or protected information.  Upon a request from a Party that has inadvertently produced any document that it believes is subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from disclosure, each Party receiving said document shall return it and all physical copies to the Producing Party and destroy all electronic copies within ten (10) business days.  Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addressee(s), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document.  Such a record of the identity and nature of a document may not be made or used for any purpose other than preparation of a motion to compel in this Action.  Any other information in the document may not be used for any purpose in this Action.  After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege, protection, or work-product by making a motion to the Court.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.2   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable United States laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

12.4   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

13.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or

capturing any of the Protected Material.  The Receiving Party must also submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

14.     RETROACTIVE EFFECT

        This Order shall apply retroactively to the date the instant Action was filed. All materials produced during the course of the Action prior to the execution of this Order that were designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be subject to the terms and conditions of this Order.

**IT IS SO ORDERED:**

Dated:  February 19, 2014        By: _____

                                        Hon. ~~David~~ Douglas F. McCormick
                                        United States Magistrate Judge

# **EXHIBIT A**

## Acknowledgement and Agreement to be Bound

I, _____ [print or type full name] of

_____ [print or type full address] hereby declare and certify,

under penalty of perjury, that I understand that information, documents, and/or

things deemed trade secret, confidential, and/or proprietary may be provided to me

pursuant to the terms and restrictions of the Joint Protective Order in the case of

*Meggitt (Orange County), Inc., et al. v. Nie Yongzhong, et al.*, Case No. SACV 13-

239 DOC (DFMx).  I have been given a copy of, and have read the Joint Protective

Order, entered by the United States District Court for the Central District of

California on February ___, 2014.  I understand the terms of the Joint Protective

Order, and that the trade secret, confidential, and/or proprietary materials that I

receive and my copies or notes relating thereto may only be disclosed and discussed

with those persons permitted by the Joint Protective Order to receive such

information – and I solemnly promise that I will not disclose in any manner any

information or item that is subject to the Joint Protective Order to any person or

entity except in strict compliance with the provisions of that Order.  I agree, under

penalty of contempt and other civil remedies, to be bound by such terms, and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.

///

1       I further agree to submit to the jurisdiction of the United States District

2

3   Court, Central District of California for the purpose of enforcing the terms of the

4   Joint Protective Order, even if such enforcement proceedings occur after

5   termination of this action.

6       I hereby appoint _____ [print or type full name]

7

8   of _____ [print or type full name and telephone

9   number] as my California agent for service of process in connection with this action

10  or any proceedings related to enforcement of the Joint Protective Order.

11

12

13  Dated:_____                    _____
                                                          Signature
14

15                                             _____
                                                  Name (Printed or Typed)
16                                             _____
                                               City and State where Sworn and Signed
17

18

19

20

21

22

23

24

25

26

27

28