1  Daniel Johnson, Jr. (Bar No. 57409)
   djjohnson@morganlewis.com
2  Michael J. Lyons (Bar No. 202284)
   mlyons@morganlewis.com
3  MORGAN, LEWIS & BOCKIUS LLP
   3000 El Camino Real, Suite 7000
4  Palo Alto, CA 94306-2122
   Telephone: (650) 843-4000
5  Facsimile: (650)843-4001

6  Mario Moore (Bar No. 231644)
   mario.moore@morganlewis.com
7  MORGAN, LEWIS & BOCKIUS LLP
   5 Park Plaza, Suite 1750
8  Irvine, CA 92614-3508
   Telephone: (949) 399-7000
9  Facsimile: (949) 399-7001

10 Jaime Marquart (Bar No. 200344)
   jmarquart@bakermarquart.com
11 BAKER MARQUART LLP
   10990 Wilshire Boulevard, Fourth Floor
12 Los Angeles, California 90024
   Telephone: (424) 652-7800
13 Facsimile: (424) 652-7850

14 Attorneys for Defendants
   NIE YONGZHONG aka William Nie
15 and/or Bill Nie, an individual, and
   XIAMEN NIELL
16 ELECTRONICS CO. LTD., a
   Chinese corporation
17

18              UNITED STATES DISTRICT COURT

19     CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

20 | MEGGITT (ORANGE COUNTY), | Case No. SACV 13-0239 DOC
   | INC. dba MEGGITT SENSING | (DFMx)
21 | SYSTEMS, a Delaware corporation, and |
   | MEGGITT (MARYLAND), INC., a | SECOND SUPPLEMENTAL
22 | Maryland corporation, | DECLARATION OF MICHAEL J.
   | | LYONS IN SUPPORT OF
23 | Plaintiff, | DEFENDANTS' BRIEF
   | | REGARDING 30(B)(6)
24 | vs. | DEPOSITION SUBMITTED IN
   | | CONNECTION WITH
25 | NIE YONGZHONG aka William Nie | DISCOVERY STATUS
   | and/or Bill Nie, an individual, and | CONFERENCE
26 | XIAMEN NIELL ELECTRONICS CO. |
   | LTD., a Chinese corporation, | Date:    July 11, 2014
27 | | Time:    10:00 a.m.
   | Defendant. | Place:   Telephonic Conference
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

I, Michael J. Lyons, declare as follows:

1.      I am a partner of Morgan, Lewis & Bockius LLP and counsel for Defendants Nie Yongzhong ("Mr. Nie") and Xiamen Niell Electronics Co. Ltd.  I have personal knowledge of the facts stated in this supplemental declaration and, if called as a witness, could and would testify competently to them.  I make this supplemental declaration in support of Defendants' Brief Regarding 30(b)(6) Deposition Submitted In Connection With Discovery Status Conference.

2.      Attached as **Exhibit E** is a true and correct copy of Defendants' Notice of Rule 30(b)(6) Deposition of Meggitt (Orange County), Inc. dba Meggitt Sensing Systems, and Meggitt (Maryland), Inc., dated May 29, 2014.

3.      Attached as **Exhibit F** is a true and correct copy of correspondence from Lawrence LaPorte to Mario Moore, dated June 24, 2014.

4.      Attached as **Exhibit G** is a true and correct copy of excerpts of rough deposition transcript of Mel Hildebrand, dated July 9, 2014, filed under seal.

5.      Attached as **Exhibit H** is a true and correct copy of the excerpts of deposition transcript of David Mendoza taken on July 2, 2014, filed under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 10th day of July in Irvine, California.


                                        /s/ Michael J. Lyons
                                        Michael J. Lyons


MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1

SUPP. LYONS DECL. ISO DEFENDANTS'
BRIEF RE: DISCOVERY STATUS CONF.

# EXHIBIT E

Daniel Johnson, Jr. (Bar No. 57409)
djjohnson@morganlewis.com
Michael J. Lyons (Bar No. 202284)
mlyons@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
3000 El Camino Real, Suite 7000
Palo Alto, CA 94306-2122
Telephone: (650) 843-4000
Facsimile: (650)843-4001

Mario Moore (SBN 231644)
mario.moore@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
5 Park Plaza, Suite 1750
Irvine, CA 92614-3508
Telephone: (949) 399-7000
Facsimile:(949) 399-7001

Ruixue Ran (admitted *pro hac vice*)
ranrx@junhe.com
Mark H. Chu *(admitted pro hac vice)*
zhuxw@junhe.com
Sheng Huang (Bar No. 295744)
huangsheng@junhe.com
JUN HE LAW OFFICES
China Resources Building, 20th Floor
8 Jianguomenbei Avenue
Beijing 100005 P.R. China
Telephone: (86) 10 8519 1300

Jaime Marquart (Bar No. 200344)
jmarquart@bakermarquart.com
Christian A. Anstett (Bar No. 240179)
canstett@bakermarquart.com
BAKER MARQUART LLP
10990 Wilshire Boulevard, Fourth Floor
Los Angeles, California 90024
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

Attorneys for Defendants
NIE YONGZHONG aka William Nie and/or
Bill Nie, an individual, and XIAMEN NIELL
ELECTRONICS CO. LTD., a
Chinese corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MEGGITT (ORANGE COUNTY), INC. dba MEGGITT SENSING SYSTEMS, a Delaware corporation, and MEGGITT (MARYLAND), INC., a Maryland corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> NIE YONGZHONG aka William Nie and/or Bill Nie, an individual, and XIAMEN NIELL ELECTRONICS CO. LTD., a Chinese corporation, <br><br> Defendants. | Case No. SACV 13-0239 DOC (DFMx) <br><br> **DEFENDANTS' NOTICE OF RULE 30(b)(6) DEPOSITION OF MEGGITT (ORANGE COUNTY), INC. DBA MEGGITT SENSING SYSTEMS, AND MEGGITT (MARYLAND), INC.** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

Exhibit
"E"

NOTICE OF RULE 30(B)(6) DEPOSITION OF MEGGITT (ORANGE COUNTY), INC. SACV 13-0239 DOC (DFMX)

000002

**TO PLAINTIFF AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6) that Defendants will take the deposition upon oral examination of plaintiff, commencing at 9:30 a.m. on Monday, June 23, 2014, at the offices of Morgan, Lewis & Bockius LLP, 300 South Grand Avenue, 22nd Floor, Los Angeles, CA, and continuing from day to day thereafter, excluding weekends and holidays, until completed. The deposition will be recorded by a videographer and a certified court reporter (with available access to LiveNote).

NOTICE IS HEREBY FURTHER GIVEN pursuant to Federal Rule of Civil Procedure 30(b)(6) that Plaintiff is required to designate one or more of its officers, directors, partners, managing agents or other such persons as are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to it with respect to the topics identified in Attachment A attached hereto, and for each person designated, to set forth the matters on which the person will testify in a written response to be served on or before June 6, 2014.

Dated:        May 29, 2014                    Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP


By   /s/ Daniel Johnson, Jr.
     Daniel Johnson, Jr.
     Michael J. Lyons
     Mario Moore
     Attorneys for Defendants
     NIE YONGZHONG aka William Nie
     and/or Bill Nie, an individual, and
     XIAMEN NIELL ELECTRONICS
     CO. LTD., a Chinese corporation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1

Exhibit
"E"

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

000003

## ATTACHMENT A

## DEFINITIONS

1.    ACCUSED PRODUCT shall mean and refer to any product manufactured by NIELL-TECH that YOU allege is manufactured with, according to, or comprise any trade secrets, confidential documents, and proprietary information YOU allege were misappropriated by NIELL-TECH.

2.    COMMUNICATIONS shall mean every manner of disclosure, transfer, or exchange of information whether PERSON-to-PERSON, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise.

3.    The term "DOCUMENT" or "DOCUMENTS" is used in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure and includes, but is not limited to, all of the following matter in YOUR actual or constructive possession, custody, or control: all written, typed, printed, recorded, textual, graphic or photographic matter, software, source code, object code, COMMUNICATIONS including intra-company or intercompany COMMUNICATIONS and correspondence, cablegrams, radiograms, telegrams, and telefaxes, however produced or reproduced, any notes or drafts, and all copies on which any mark, alteration, writing, or any other change from the original has been made. It includes, by way of example and not by way of limitation, patents, patent applications, reports, compilations, data, test results, laboratory, engineering, or other notebooks, diaries, work papers, graphs, charts, blueprints, drawings, sketches, schematics, operator manuals and handbooks, machinery manuals, directions, instruction books, books and booklets, texts, memoranda, letters and other correspondence, sales and promotional literature, brochures, press releases, forms, written contracts, licenses, sales agreements, ledgers, archive records, minutes or records of meetings, conferences or telephone conversations, including lists of PERSONS attending the meetings or conferences, legal pleadings or filings, expired files, and information that has been electronically stored or recorded,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

2

Exhibit
"E"

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

000004

1  including voice mail and electronic mail.

2    4.    A DOCUMENT or COMMUNICATION "RELATING TO" or

3  "RELATED TO" shall mean all DOCUMENTS or COMMUNICATIONS that

4  directly or indirectly constitute, contain, embody, concern, evidence, show,

5  comprise, reflect, identify, state, refer to, deal with, comment on, respond to,

6  describe, involve, mention, discuss, record, support, negate, or are in any way

7  pertinent to that subject.

8    5.    EMBODYING TECHNOLOGY PRODUCTS are YOUR products

9  that are manufactured with, according to, or comprise any trade secrets, confidential

10  documents, and proprietary information YOU allege were misappropriated by

11  NIELL-TECH, including but not limited to the following products: Meggitt 2223D,

12  Meggitt 2228C, Meggitt 6233C-10, Meggitt 6237M1, Meggitt 7703A-1000,

13  Meggitt 86, Meggitt 6222S-100, Meggitt 6233C-50, and Meggitt 6223C-100.

14    6.    MEGGITT XIAMEN shall mean and refer to Meggitt (Xiamen)

15  Sensors & Controls Co. Ltd., a Chinese Corporation, and shall include, where

16  appropriate, subsidiaries, affiliates, predecessors, officers, directors, employees,

17  associates, partners, agents, or anyone acting on their behalf.

18    7.    NIELL-TECH, DEFENDANT or DEFENDANTS shall mean and

19  refer to Xiamen Niell Electronics Co., Ltd. ("Niell-Tech"), a Chinese Corporation;

20  Nie Yongzhong, aka William Nie and/or Bill Nie, a resident of the People's

21  Republic of China; and shall include, where appropriate, all parents, subsidiaries,

22  affiliates, predecessors, officers, directors, employees, associates, partners, agents,

23  or anyone acting on their behalf.

24    8.    The term "PERSON" or "PERSONS" shall mean any natural person,

25  or any business, legal or governmental entity or association.

26    9.    The terms "PLAINTIFF," "PLAINTIFFS," "YOU," or "YOUR" shall

27  mean and refer to Meggitt OC, a Delaware Corporation with a principal place of

28  business in California, Meggitt Maryland, formerly known as Wilcoxon Research,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

3

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

Exhibit
"E"

000005

1  Inc., a Maryland Corporation with a principle place of business in Maryland,

2  Meggitt PLC, a British public limited company, headquartered in England and

3  Meggitt (Xiamen) Sensors & Controls Co. Ltd. ("Meggitt Xiamen") a Chinese

4  Corporation, and shall include, where appropriate, all parents, subsidiaries,

5  affiliates, predecessors, officers, directors, employees, associates, partners, agents,

6  or anyone acting on their behalf.

7        10.    The term "THING" or "THINGS" is used in the most comprehensive

8  and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure

9  and includes, but is not limited to, prototypes, models, specimens, or other devices,

10  and commercially manufactured items.

11        11.    "Mark Mason" shall refer to the former employee of Endevco.

12        12.    "Nie Yongzhong," "Mr. Nie," "William Nie," or "Bill Nie," shall refer

13  to the employee of NIELL-TECH who resides in or near Xiamen, China.

14        13.    "Gary Kong" shall refer to the current or former employee of

15  MEGGITT XIAMEN.

16        14.    "Lisa Zhang" shall refer to the current or former employee of

17  MEGGITT XIAMEN.

18        15.    "Sherman Guo" shall refer to the current or former employee of

19  MEGGITT XIAMEN.

20                              **30(b)(6) TOPICS**

21        1.    The identity of all trade secrets, confidential documents, and

22  proprietary information YOU contend were misappropriated by NIELL-TECH.

23        2.    The circumstances under which YOU created or obtained all trade

24  secrets, confidential documents, proprietary information, or THINGS YOU contend

25  were misappropriated by NIELL-TECH.

26        3.    The actual or potential independent economic value that all trade

27  secrets, confidential documents, proprietary information, or THINGS YOU contend

28  were misappropriated by NIELL-TECH had because they were secret.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

4

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

Exhibit
"E"

000006

4.     All YOUR efforts and DOCUMENTS RELATED TO such efforts that refer to or concern maintaining the secrecy of trade secrets, confidential documents, proprietary information, and THINGS.

5.     All of YOUR policies (written or unwritten) relating to trade secrets, confidential documents, proprietary information and THINGS.

6.     The date and substance of all instances of an alleged disclosure of YOUR trade secrets, confidential documents, proprietary information, or THINGS by NIELL-TECH.

7.     The date and substance of all instances of an alleged disclosure of YOUR trade secrets, confidential documents, proprietary information, or THINGS by any PERSON.

8.     The date and circumstances under which YOU first became aware of NIELL-TECH's alleged misappropriation of trade secrets.

9.     The three most knowledgeable individuals about when YOU first became aware of any alleged products manufactured by NIELL-TECH.

10.     The three most knowledgeable individuals about the testing of NIELL-TECH's products and/or evaluation of said products or the statements regarding said products.

11.     The specific details underlying YOUR contention that NIELL-TECH gained access to the trade secrets, confidential documents, proprietary information and THINGS.

12.     The three most knowledgeable individuals about YOUR contention that NIELL-TECH gained access to the trade secrets, confidential documents, and proprietary information and THINGS.

13.     Identity of all individuals with access to the trade secrets, confidential documents, and proprietary information and THINGS YOU contend were misappropriated by NIELL-TECH.

14.     Identity of all individuals with knowledge of the trade secrets,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

5

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

Exhibit
"E"

000007

1  confidential documents, and proprietary information and THINGS YOU contend

2  were misappropriated by NIELL-TECH.

3      15.    The identity of any EMBODYING TECHNOLOGY PRODUCTS.

4      16.    The structure, operation, installation, maintenance, intended use,

5  functions, and features of any EMBODYING TECHNOLOGY PRODUCTS.

6      17.    The job travelers, acceptance test procedures ("ATPs"), schematics,

7  assembly instructions, drawings, and test equipment for any EMBODYING

8  TECHNOLOGY PRODUCTS.

9      18.    The three most knowledgeable individuals about the process of

10  designing any EMBODYING TECHNOLOGY PRODUCTS.

11      19.    The three most knowledgeable individuals about the process of

12  manufacturing any EMBODYING TECHNOLOGY PRODUCTS.

13      20.    The three most knowledgeable individuals about the process of testing

14  and calibrating any EMBODYING TECHNOLOGY PRODUCTS.

15      21.    All efforts by YOU to obtain any industry standard certification for

16  any EMBODYING TECHNOLOGY PRODUCTS.

17      22.    The structure, architecture, function, source code, versions, and

18  features of any version of any software used by YOU to calibrate any

19  EMBODYING TECHNOLOGY PRODUCTS.

20      23.    Identity of all individuals that have access to any source code that

21  YOU contend was misappropriated by NIELL-TECH.

22      24.    The specific details underlying YOUR contention that NIELL-TECH

23  gained access to YOUR calibration software and source code, including but not

24  limited to the dates of access, the programs to which the source code related, the

25  functionality of the calibration software and source code, the ownership of the

26  calibration software and source code, the PERSONS responsible for developing the

27  calibration software and source code, whether the calibration software and source

28  code are incorporated in any commercially available products, whether the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

6

Exhibit
"E"

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

000008

1  calibration software and source code have been delivered to MEGGITT XIAMEN,

2  whether Mr. Nie's trip to Meggitt MD and the regular communication with Meggitt

3  MD's personnel involved calibration software and source code, whether the

4  calibration software and source code have been published or publicly posted.

5      25.    All patents or patent applications relating to the trade secrets,

6  confidential documents, proprietary information and THINGS YOU contend were

7  misappropriated by NIELL-TECH.

8      26.    MEGGITT XIAMEN's role in the development of the trade secrets,

9  confidential documents, proprietary information, and THINGS YOU contend were

10  misappropriated by NIELL-TECH.

11      27.    All COMMUNICATIONS relating to the misappropriation YOU

12  contend NIELL-TECH made of trade secrets, confidential documents, proprietary

13  information, and THINGS.

14      28.    All COMMUNICATIONS between YOU and NIELL-TECH relating

15  to trade secrets, confidential documents proprietary information, and THINGS.

16      29.    For EMBODYING TECHNOLOGY PRODUCTS, the annual

17  revenues for each year since 2008.

18      30.    For EMBODYING TECHNOLOGY PRODUCTS, the annual cost of

19  goods sold for each year since 2008.

20      31.    Analysis and/or views of PLAINTIFF or third parties concerning (a)

21  the markets for the EMBODYING TECHNOLOGY PRODUCTS, and (b) the

22  markets for NIELL-TECH's products accused of resembling EMBODYING

23  TECHNOLOGY PRODUCTS.

24      32.    Products that compete in the market with the EMBODYING

25  TECHNOLOGY PRODUCTS.

26      33.    All analysis done by YOU on any products that compete with any

27  EMBODYING TECHNOLOGY PRODUCTS.

28      34.    Separately for each year between 2001 and the present, and separately

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

7

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

000009

Exhibit
"E"

1   for each PERSON that offered products or services that competed in that year with
2   any of the EMBODYING TECHNOLOGY PRODUCTS, (a) the PERSON
3   (including NIELL-TECH, if applicable); (b) each of that PERSON's products that
4   competed with any of the EMBODYING TECHNOLOGY PRODUCTS, and the
5   EMBODYING TECHNOLOGY PRODUCTS that competed with each of that
6   PERSON's products; (c) each customer or potential customer as to whom
7   PLAINTIFF learned that the products of that PERSON and the EMBODYING
8   TECHNOLOGY PRODUCTS were in competition; (d) for each such customer or
9   potential customer, whether it was PLAINTIFF, or the competing PERSON, that
10  won the competition for that account; (e) for each such account lost by
11  PLAINTIFF, the amount of lost profits; (f) DOCUMENTS pertaining to that
12  competition; and (g) for each competition lost by PLAINTIFF, DOCUMENTS
13  pertaining to the reasons why PLAINTIFF lost that competition.

14      35.    The amount of any profits PLAINTIFF allegedly has lost or will lose
15  (including loss of sales, erosion in price, and/or increase in expenses) as a result of
16  NIELL-TECH's alleged misappropriation, including the computation methodology
17  and factual bases underlying each such amount.

18      36.    The injury PLAINTIFF claims to have suffered due to the NIELL-
19  TECH's alleged misappropriation.

20      37.    All DOCUMENTS sufficient to show annual revenues for each year
21  since 2008 for YOUR products that were manufactured according to or that
22  comprise any trade secrets, confidential documents, or proprietary information
23  YOU contend were misappropriated by defendants.

24      38.    All DOCUMENTS sufficient to show costs of goods sold for each year
25  since 2008 for YOUR products that were manufactured according to or that
26  comprise any trade secrets, confidential documents, or proprietary information
27  YOU contend were misappropriated by defendants.

28      39.    Identity of any NIELL-TECH ACCUSED PRODUCT.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

8

Exhibit
"E"

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

000010

40. The identity of all YOUR trade secrets, confidential documents, and proprietary information YOU contend were misappropriated by NIELL-TECH as they allegedly appear in any NIELL-TECH ACCUSED PRODUCT.

41. Separately for each NIELL-TECH ACCUSED PRODUCT, all factual bases for any contention regarding the value of the allegedly misappropriated features accused by PLAINTIFF of misappropriation as compared with the value of all other features in that NIELL-TECH ACCUSED PRODUCT.

42. The ownership structure, corporate organization, and management of PLAINTIFF.

43. The corporate structure of Meggitt PLC as relates to its subsidiaries, including but not limited to Meggitt (Orange County) Inc., MEGGITT XIAMEN and Meggitt (Maryland Inc.).

44. The financial statements, including revenue and expenses, of PLAINTIFF.

45. PLAINTIFF's email, electronic documents and data backup, archive and/or restoration policies, practices, procedures, and schedules (including media and software used, frequency, medium of storage and storage locations).

46. The location, authentication, accessibility, and retrievability of PLAINTIFF's documents and records relevant to this action.

47. PLAINTIFF's efforts to identify and preserve physical items, documents, and electronic records potentially relevant to the claims and defenses in this action, the dates and circumstances of each and every such effort, and the circumstances surrounding such efforts.

48. All written agreements between YOU and NIELL-TECH.

49. All written agreements YOU contend were breached by NIELL-TECH.

50. All agreements YOU entered into relating to the trade secrets, confidential documents, proprietary information and THINGS YOU contend were

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

9

Exhibit "E"

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

000011

misappropriated by NIELL-TECH, including but not limited to license agreements and confidentiality/non-disclosure agreements.

51.    All DOCUMENTS RELATING TO, referring to or concerning any written agreement YOU contend was breached by NIELL-TECH.

52.    All DOCUMENTS RELATING TO, referring to or concerning any industry standard certification for any product that that comprises any trade secrets, confidential documents, proprietary information, and THINGS YOU contend were misappropriated by NIELL-TECH.

53.    Any and all complaints made by any customer regarding any of the EMBODYING TECHNOLOGY PRODUCTS from 2001 to present.

54.    All YOUR DOCUMENTS that refer to, relate to or concerning NIELL-TECH.

55.    All COMMUNICATIONS between YOU and Mark Mason.

56.    All of YOUR policies (written or unwritten), practices and DOCUMENTS RELATING TO quality management, quality assurance, quality control, quality testing, and quality inspection procedures.

57.    All DOCUMENTS RELATING TO, referring to, concerning, or regarding the humidity in the manufacturing facilities at MEGGITT XIAMEN.

58.    All DOCUMENTS RELATING TO, referring to or concerning any decision to shut down central air-conditioning for any period of time at MEGGITT XIAMEN.

59.    All DOCUMENTS RELATING TO, referring to or concerning electron beam welding equipment used by MEGGITT XIAMEN since 2008.

60.    All DOCUMENTS RELATING TO, referring to or concerning any COMMUNICATIONS between Mr. Nie and MEGGITT XIAMEN since 2005.

61.    All DOCUMENTS RELATING TO, referring to or concerning Mr. Nie's employment history with YOU, including but not limited to performance reviews, promotions, bonuses, evaluations, exit interview questionnaire, and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

10

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

Exhibit
"E"

000012

1    personnel file.

2        62.    All DOCUMENTS RELATING TO, referring to or concerning any

3    COMMUNICATIONS between Mr. Nie and Gary Kong.

4        63.    All DOCUMENTS RELATING TO, referring to or concerning any

5    COMMUNICATIONS between Mr. Nie and Lisa Zhang.

6        64.    All DOCUMENTS RELATING TO, referring to or concerning any

7    COMMUNICATIONS between Mr. Nie and Sherman Guo.

8        65.    All DOCUMENTS RELATING TO, referring to or concerning any

9    defect in YOUR products received by Vibro Meter UK.

10        66.    All DOCUMENTS RELATING TO, referring to or concerning any

11    defect in YOUR products received by Hispano Suiza.

12        67.    All DOCUMENTS RELATING TO, referring to or concerning any

13    violation, or claim of a violation, of ITAR regulations by YOU.

14        68.    All COMMUNICATIONS between YOU and MEGGITT XIAMEN

15    relating to trade secrets.

16        69.    All DOCUMENTS relating to any marketing or advertising for any

17    EMBODYING TECHNOLOGY PRODUCTS.

18        70.    All DOCUMENTS relating to the ownership of any trade secrets,

19    confidential documents or proprietary information YOU contend were

20    misappropriated by NIELL-TECH, including but not limited to chain of title

21    DOCUMENTS.

22        71.    All DOCUMENTS identified in the declaration of David Mendoza,

23    dated April 1, 2013.

24        72.    The photographs, product samples, tooling, other tangible property and

25    THINGS YOU allege were converted by NIELL-TECH.

26        73.    YOUR ownership, possession, and right to possess photographs,

27    product samples, tooling, other tangible property and THINGS YOU allege were

28    converted by NIELL-TECH.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

11

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

Exhibit
"E"

000013

74.    All DOCUMENTS RELATED TO YOUR ownership, possession, and right to possess photographs, product samples, tooling, other tangible property and THINGS YOU allege were converted by NIELL-TECH.

75.    Meggitt OC's ownership, possession, and right to possess photographs, product samples, tooling, other tangible property and THINGS YOU allege were converted by NIELL-TECH.

76.    All DOCUMENTS RELATED TO Meggitt OC's ownership, possession, and right to possess photographs, product samples, tooling, other tangible property and THINGS YOU allege were converted by NIELL-TECH.

77.    Meggitt MD's ownership, possession, and right to possess photographs, product samples, tooling, other tangible property and THINGS YOU allege were converted by NIELL-TECH.

78.    All DOCUMENTS RELATED TO Meggitt MD's ownership, possession, and right to possess photographs, product samples, tooling, other tangible property and THINGS YOU allege were converted by NIELL-TECH.

79.    Meggitt PLC's ownership, possession, and right to possess photographs, product samples, tooling, other tangible property and THINGS YOU allege were converted by NIELL-TECH.

80.    All DOCUMENTS RELATED TO Meggitt PLC's ownership, possession, and right to posses photographs, product samples, tooling, other tangible property and THINGS YOU allege were converted by NIELL-TECH.

81.    MEGGITT XIAMEN's ownership, possession, and right to possess photographs, product samples, tooling, other tangible property and THINGS YOU allege were converted by NIELL-TECH.

82.    All DOCUMENTS RELATED TO MEGGITT XIAMEN's ownership, possession, and right to possess photographs, product samples, tooling, other tangible property and THINGS YOU allege were converted by NIELL-TECH.

83.    Actions by NIELL-TECH intentionally and substantially interfering

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

12

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

Exhibit
"E"

000014

with, taking possession of, preventing access to, destroying, or refusing to return after demanding return of photographs, product samples, tooling, other tangible property and THINGS YOU allege were converted by NIELL-TECH.

84. All DOCUMENTS and COMMUNICATIONS RELATED TO actions by NIELL-TECH intentionally and substantially interfering with, taking possession of, preventing access to, destroying, or refusing to return after demanding return of photographs, product samples, tooling, other tangible property and THINGS YOU allege were converted by NIELL-TECH.

85. The fair market value of photographs, product samples, tooling, other tangible property and THINGS YOU allege were converted by NIELL-TECH.

86. All DOCUMENTS RELATED TO the fair market value of photographs, product samples, tooling, other tangible property and THINGS YOU allege were converted by NIELL-TECH.

87. Any harm YOU suffered from NIELL-TECH's alleged conversion of photographs, product samples, tooling, other tangible property and THINGS separate from the fair market value of such objects.

88. All DOCUMENTS RELATED TO harm YOU suffered from NIELL-TECH's alleged conversion of photographs, product samples, tooling, other tangible property and THINGS separate from the fair market value of such objects.

89. Time and money spent attempting to recover photographs, product samples, tooling, other tangible property and THINGS YOU allege were converted by NIELL-TECH.

90. All DOCUMENTS RELATED TO time and money spent attempting to recover photographs, product samples, tooling, other tangible property and THINGS YOU allege were converted by NIELL-TECH.

91. Any harm Meggitt OC suffered from NIELL-TECH's alleged conversion of photographs, product samples, tooling, other tangible property and THINGS separate from the value of such objects.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

13

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

Exhibit
"E"

000015

92.   All DOCUMENTS RELATED TO harm Meggitt OC suffered from NIELL-TECH's alleged conversion of photographs, product samples, tooling, other tangible property and THINGS separate from the value of such objects.

93.   Any harm Meggitt MD suffered from NIELL-TECH's alleged conversion of photographs, product samples, tooling, other tangible property and THINGS separate from the value of such objects.

94.   All DOCUMENTS RELATED TO harm Meggitt MD suffered from NIELL-TECH's alleged conversion of photographs, product samples, tooling, other tangible property and THINGS separate from the value of such objects.

95.   Any harm MEGGITT XIAMEN suffered from NIELL-TECH's alleged conversion of photographs, product samples, tooling, other tangible property and THINGS separate from the value of such objects.

96.   All DOCUMENTS RELATED TO harm MEGGITT XIAMEN suffered from NIELL-TECH's alleged conversion of photographs, product samples, tooling, other tangible property and THINGS separate from the value of such objects.

97.   Any harm Meggitt PLC suffered from NIELL-TECH's alleged conversion of photographs, product samples, tooling, other tangible property and THINGS separate from the value of such objects.

98.   All DOCUMENTS RELATED TO harm Meggitt PLC suffered from NIELL-TECH's alleged conversion of photographs, product samples, tooling, other tangible property and THINGS separate from the value of such objects.

99.   Mr. Nie's duties as an employee of MEGGITT XIAMEN.

100.   All DOCUMENTS RELATED TO Mr. Nie's duties as an employee of MEGGITT XIAMEN

101.   The agreements between YOU and Mr. Nie which, alone or in combination with others, created a fiduciary duty of loyalty between YOU and Mr. Nie, including, but not limited to, all agreements discussed in or attached to the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

14

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

Exhibit
"E"

000016

1  Declaration of Greer Bosworth (Dkt. 19) and Meggitt PLC's Code of Conduct.

2      102.   All DOCUMENTS RELATED TO agreements between YOU and Mr.

3  Nie which, alone or in combination with others, created a fiduciary duty of loyalty

4  between YOU and Mr. Nie, including, but not limited to, all agreements discussed

5  in or attached to the Declaration of Greer Bosworth (Dkt. 19) and Meggitt PLC's

6  Code of Conduct.

7      103.   Any agreements with, or duties of, Mr. Nie, alone or in combination

8  with others, that created a fiduciary duty of loyalty between Meggitt OC and Mr.

9  Nie.

10     104.   All DOCUMENTS RELATED TO agreements with, or duties of, Mr.

11 Nie, alone or in combination with others, that created a fiduciary duty of loyalty

12 between Meggitt OC and Mr. Nie.

13     105.   Any agreements with, or duties of, Mr. Nie, alone or in combination

14 with others, that created a fiduciary duty of loyalty between Meggitt MD and Mr.

15 Nie.

16     106.   All DOCUMENTS RELATED TO agreements with, or duties of, Mr.

17 Nie, alone or in combination with others, that created a fiduciary duty of loyalty

18 between Meggitt MD and Mr. Nie.

19     107.   Actions taken by Mr. Nie that were knowingly taken against YOUR

20 interests or that were taken on behalf of a party whose interests were adverse to

21 YOU including, but not limited to, forming Xiamen Niell Electronics Co., Ltd.

22 and/or entering into agreements with Xiamen Niell Electronics Co., Ltd. while still

23 employed by MEGGITT XIAMEN.

24     108.   All DOCUMENTS and COMMUNICATIONS RELATED TO actions

25 taken by Mr. Nie that were knowingly taken against YOUR interests or that were

26 taken on behalf of a party whose interests were adverse to YOU including, but not

27 limited to, forming Xiamen Niell Electronics Co., Ltd. and/or entering into

28 agreements with Xiamen Niell Electronics Co., Ltd. while still employed by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

15

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

Exhibit
"E"

000017

MEGGITT XIAMEN.

109.  YOUR knowledge of and/or informed consent to actions taken by Mr. Nie that were knowingly taken against YOUR interests or that were taken on behalf of a party whose interests were adverse to YOU including, but not limited to, forming Xiamen Niell Electronics Co., Ltd. and/or entering into agreements with Xiamen Niell Electronics Co., Ltd. while still employed by MEGGITT XIAMEN.

110.  All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR knowledge of and/or informed consent to actions taken by Mr. Nie that were knowingly taken against YOUR interests or that were taken on behalf of a party whose interests were adverse to YOU including, but not limited to, forming Xiamen Niell Electronics Co., Ltd. and/or entering into agreements with Xiamen Niell Electronics Co., Ltd. while still employed by MEGGITT XIAMEN.

111.  Harm YOU suffered from Mr. Nie's alleged breach of fiduciary duty of loyalty.

112.  All DOCUMENTS and COMMUNICATIONS RELATED TO harm YOU suffered from Mr. Nie's alleged breach of fiduciary duty of loyalty.

113.  Funds or property acquired by NIELL-TECH from YOU as a result of Mr. Nie's breach of fiduciary duties.

114.  Funds or property acquired by NIELL-TECH from Meggitt OC as a result of Mr. Nie's breach of fiduciary duties.

115.  Funds or property acquired by NIELL-TECH from Meggitt MD as a result of Mr. Nie's breach of fiduciary duties.

116.  All DOCUMENTS and COMMUNICATIONS RELATED TO funds or property acquired by NIELL-TECH from YOU as a result of Mr. Nie's breach of fiduciary duties.

117.  Any other factors contributing to harm caused by Mr. Nie's alleged breach of fiduciary duty of loyalty.

118.  Any alleged particular false statements made by NIELL-TECH in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

16

Exhibit
"E"

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

000018

1    connection with the sale and/or marketing of accelerometers, sensors or other

2    products including, but not limited the particular false statements made in Exhibits

3    1-3 of the Second Amended Complaint.

4         119.    All DOCUMENTS and COMMUNICATIONS RELATED TO any

5    alleged particular false statements made by NIELL-TECH in connection with the

6    sale and/or marketing of accelerometers, sensors or other products including, but

7    not limited the particular false statements made in Exhibits 1-3 of the Second

8    Amended Complaint.

9         120.    The tendency of false statements made by NIELL-TECH in connection

10    with the sale and/or marketing of accelerometers, sensors or other products to

11    deceive a substantial segment of their audience, or evidence of actual deception.

12         121.    All DOCUMENTS and COMMUNICATIONS RELATED TO the

13    tendency of false statements made by NIELL-TECH in connection with the sale

14    and/or marketing of accelerometers, sensors or other products to deceive a

15    substantial segment of their audience, or evidence of actual deception.

16         122.    YOUR actual or likely injury from false statements made by NIELL-

17    TECH in connection with the sale and/or marketing of accelerometers, sensors or

18    other products caused either by a direct diversion of sales from YOU to NIELL-

19    TECH or by a lessening of the goodwill YOUR products enjoy.

20         123.    Meggitt OC's actual or likely injury from false statements made by

21    NIELL-TECH in connection with the sale and/or marketing of accelerometers,

22    sensors or other products caused either by a direct diversion of sales from Meggitt

23    OC to NIELL-TECH or by a lessening of the goodwill Meggitt OC's products

24    enjoy.

25         124.    Meggitt MD's actual or likely injury from false statements made by

26    NIELL-TECH in connection with the sale and/or marketing of accelerometers,

27    sensors or other products caused either by a direct diversion of sales from Meggitt

28    MD to NIELL-TECH or by a lessening of the goodwill Meggitt MD's products

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

17

Exhibit
"E"

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)
000019

1  enjoy.

2      125.  All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR

3  actual or likely injury from false statements made by NIELL-TECH in connection

4  with the sale and/or marketing of accelerometers, sensors or other products caused

5  either by a direct diversion of sales from YOU to NIELL-TECH or by a lessening

6  of the goodwill YOUR products enjoy.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

18

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

Exhibit "E"

000020

## PROOF OF SERVICE

***Meggitt (San Juan Capistrano), Inc. v. Nie Yongzhong, et al.***
USDC, Case No. SACV113-0239 DOC (DFMx)

I am a resident of the State of California and employed in Orange County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 5 Park Plaza, Suite 1750, Irvine, CA 92614.

On May 29, 2014, I served a copy of the within document(s):

**DEFENDANTS' NOTICE OF RULE 30(B)(6) DEPOSITION OF MEGGITT (ORANGE COUNTY), INC. DBA MEGGITT SENSING SYSTEMS, AND MEGGITT (MARYLAND), INC.**

☐   **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. (*As indicated.*)

☐   **BY OVERNIGHT MAIL:** by placing the document(s) listed above in a sealed **FEDERAL EXPRESS** envelope, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

☒   **BY PERSONAL SERVICE:** by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below. (*As indicated.*)

☒   **BY ELECTRONIC SERVICE**: the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on May 29, 2014. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is vdohi@morganlewis.com. (*As indicated.*)

☐   **BY E-FILE**: I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

19

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)

Exhibit
"E"

000021

1

***Attorneys for Plaintiff***

2    Allan W. Jansen, Esq.                          Tel:   949.623.7880
     DICKSTEIN SHAPIRO LLP                          Fax:   949.623.7881
3    2 Park Plaza, Suite 900                        jansena@dicksteinshapiro.com
     Irvine, CA 92614
4    (Via Personal Service)

5    Lawrence R. LaPorte, Esq.                      Tel:   310.772.8300
     DICKSTEIN SHAPIRO LLP                          Fax:   310.772.8301
6    2049 Century Park East, Suite 700             laportel@dicksteinshapiro.com
     Los Angeles, CA 90067
7    (Via Mail and Electronic Service)

8         I am readily familiar with the firm's practice of collection and processing
     correspondence for mailing. Under that practice it would be deposited with the
9    U.S. Postal Service on that same day with postage thereon fully prepaid in the
     ordinary course of business. I am aware that on motion of the party served, service
10   is presumed invalid if postal cancellation date or postage meter date is more than
     one day after date of deposit for mailing in affidavit.

11
          I declare that I am employed in the office of a member of the Bar of this
12   Court at whose direction this service was made.

13        Executed on May 29, 2014, at Irvine, California.

14        I declare under penalty of perjury under the laws of the United States of
     America that the above is true and correct.

15

16

17   Vivian F. Dohi

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

NOTICE OF RULE 30(B)(6) DEPOSITION
OF MEGGITT (ORANGE COUNTY), INC.
SACV 13-0239 DOC (DFMX)
000022

# EXHIBIT
# F

**DICKSTEIN**SHAPIRO LLP

2049 Century Park East, Suite 700  |  Los Angeles, CA 90067-3109
TEL (310) 772-8300  |  FAX (310) 772-8301  |  dicksteinshapiro.com

June 24, 2014

<u>VIA E-MAIL</u>

Mario Moore
MORGAN, LEWIS & BOCKIUS LLP
5 Park Plaza, Suite 1750
Irvine, CA 92614

Re:     *Meggitt (Orange County), Inc. et al. v. Nie Yongzhong, et al.*
        <u>USDC-CDCal Case No. SACV 13-00239 DOC (DFMx)</u>

Dear Mr. Moore,

        This letter is in response to your May 29, 2014 Notice of 30(b)(6) Deposition.  Meggitt hereby notifies Niell-Tech that the following witnesses have been designated for the following topics in the upcoming Fed. R. Civ. P. 30(b)(6) depositions:

| Witness | 30(b)(6) Deposition Topics |
|---|---|
| Mel Hildebrand<br>Meggitt (Orange County), Inc. | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 60, 61, 62, 63, 64, 68, 69, 70, 72, 73, 74, 75, 76, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 99, 100, 107, 108, 109, 110, 111, 112, 113, 114, 116, 117, 118, 119, 120, 121, 122, 123, 125 |
| Steve Wichtendahl<br>Meggitt (Maryland), Inc. | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 60, 61, 62, 63, 64, 68, 69, 70, 77, 78, 83, 84, 85, 86, 87, 88, 89, 90, 93, 94, 107, 108, |

Los Angeles  |  New York  |  Orange County  |  Silicon Valley  |  Stamford  |  Washington, DC

Exhibit
"F"

DOCSLA-120392 v2
000023

**DICKSTEIN**SHAPIRO LLP

Mario Moore
June 24, 2014
Page 2

| | 109, 110, 111, 112, 113, 115, 116, 117, 118, 119, 120, 121, 122, 124, 125 |
|---|---|
| Barney Rosenberg, Esq. | 101 (for the portion regarding Meggitt PLC's Code of Conduct), 102 (for the portion regarding Meggitt PLC's Code of Conduct) |
| Sandy Smith | 22, 23, 24 |
| David Mendoza<br>Meggitt (Orange County), Inc. | 59, 71 |
| Greer Bosworth | 101 (for the portion regarding agreements discussed in or attached to the Declaration of Greer Bosworth (Dkt. 19)), 102 (for the portion regarding agreements discussed in or attached to the Declaration of Greer Bosworth (Dkt. 19)), 103, 104, 105, 106 |

Very truly yours,

Lawrence R. LaPorte
(310) 772-8374 direct dial
laportel@dicksteinshapiro.com

LRL:dkp

Cc:  Counsel

Exhibit
"F"