**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0239-DOC (DFMx)          Date: November 3, 2014

Title: MEGGITT (ORANGE COUNTY), INC., ET AL. V. NIE YONGZHONG, ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION FOR RECONSIDERATION AND PARTIALLY GRANTING MOTION TO DISMISS [266] [301]**

Before the Court is Plaintiffs' Motion for Reconsideration (Dkt. 266) and Defendants' Motion to Dismiss (Dkt. 301). Having considered the written submissions, the Court hereby GRANTS the Motion for Reconsideration and partially GRANTS the Motion to Dismiss.

**I.     BACKGROUND**

     **A.  Factual History**

Non-party Meggitt PLC is a British company that "indirectly own[s]" several subsidiaries, including non-party Meggitt (Xiamen) Sensors & Controls Co. Ltd. ("Meggitt Xiamen"). Second Am. Compl. ("SAC") (Dkt. 163) ¶ 14. Meggitt PLC also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0239-DOC (DFMx)                                Date: November 3, 2014

Page 2

owns Plaintiffs Meggitt (Orange County), Inc. ("Meggitt OC")[1] and Meggitt (Maryland), Inc. ("Meggitt Maryland") (together, "Plaintiffs"). *Id.*

Plaintiffs Meggitt OC and Meggitt Maryland manufacture sensors and accelerometers to measure vibration, shock, and pressure. *Id.* ¶ 13.

From October 2005 to August 2011, non-party Meggitt Xiamen employed Defendant Nie Yongzhong ("Mr. Nie") as an engineer at its manufacturing facility located in Xiamen, China. *Id.* ¶ 14. During Mr. Nie's employment, he had access to Meggitt OC and Meggitt Maryland's trade secrets, including detailed assembly instructions, software code for automated calibration equipment, technical photographs, engineering drawings, and written test protocols. *Id.* ¶ 15. Mr. Nie agreed to not disclose or personally use any information obtained during his employment with Meggitt Xiamen, including information owned by Meggitt PLC, Meggitt OC, and Meggitt Maryland. *Id.* ¶ 16. While an employee of Meggitt Xiamen, Mr. Nie received mandatory training on Meggitt PLC's Code of Conduct, which requires employees to "[p]rotect, and not seek personal gain through the inappropriate use of, the intellectual property and confidential information of the Company." *Id.* ¶ 23.

Unbeknownst to Plaintiffs Meggitt OC and Meggitt Maryland—and one year prior to terminating his employment with Meggitt Xiamen—Mr. Nie founded Defendant Xiamen Niell Electronics Co. Ltd. ("Niell-Tech"). *Id.* ¶ 17. Before he terminated his employment, Mr. Nie visited Meggitt OC in California and regularly communicated with Meggitt OC personnel in California. *Id.* Niell-Tech now manufactures and markets sensors and accelerometers that have nearly identical specifications as several Meggitt OC and Meggitt Maryland products. *Id.* ¶ 18.

## B. Procedural History

Meggitt OC filed the original complaint against Mr. Nie and Niell-Tech (together, "Defendants") for trade secret misappropriation, unfair competition, conversion, and breach of duty of loyalty. Complaint (Dkt. 1) at 1. Soon after, Meggitt OC sought to preliminarily enjoin Niell-Tech from selling products using the proprietary trade secrets, and requested expedited discovery. *See generally* Mot. for Preliminary Injunction (Dkt. 16). The Court granted the preliminary injunction and expedited discovery on September

---

[1] Earlier in the case, Meggitt OC was known as Meggitt (San Juan Capistrano), Inc. During the course of the litigation, the name was changed to Meggitt OC because the office moved from San Juan Capistrano, California to Irvine, California. Second Am. Compl. ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0239-DOC (DFMx)                      Date: November 3, 2014

Page 3

26, 2013. Order, Sept. 26, 2013 (Dkt. 43) at 1–2. The Ninth Circuit affirmed the Court's grant of a preliminary injunction. Mandate, June 20, 2014 (Dkt. 197).

On February 19, 2014, with leave from the Court, Meggitt OC amended its complaint to add Meggitt Maryland as a co-plaintiff. *See* First Am. Compl. (Dkt. 122). On May 5, 2014, again with leave from the Court, Plaintiffs Meggitt OC and Meggitt Maryland filed the Second Amended Complaint, which removes the conversion and breach of duty of loyalty claims, but adds the federal false advertising claim. *See* SAC. Plaintiffs now bring three claims against Defendants: (1) trade secret misappropriation, in violation of the California Uniform Trade Secrets Act; (2) unfair competition under California Business and Professions Code §§ 17200, et seq. ("Unfair Competition Law" or "UCL"); and (3) false advertising under Section 43(a) of the Lanham Act. *Id.* ¶¶ 26–48.

On July 17, 2014, the Court granted Defendants' motion to dismiss the second amended complaint. Minute Order (Dkt. 244). There are now two related motions before the Court: Plaintiffs' Motion for Reconsideration of the Court's Order Dated July 17, 2014 ("Reconsideration Mot.") (Dkt. 266) and Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint ("Dismissal Mot.") (Dkt. 301). The Court will address them in turn.

## II. Motion for Reconsideration

Plaintiffs move the Court to reconsider its July 17, 2014 order granting Defendants' motion to dismiss under Rule 12(b)(7). *See* Reconsideration Mot. In that order, the Court held that non-party Meggitt PLC was a necessary and indispensable party because it appeared that Meggitt PLC, not Plaintiffs Meggitt OC or Meggitt Maryland, owned the trade secrets at issue.

### A. Legal Standard

"[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b)*; see also WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1059 (9th Cir. 2011) (noting that district courts may revive dismissed claims under certain circumstances); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) (identifying the "well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory"); *Am. Canoe*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0239-DOC (DFMx)                                            Date: November 3, 2014

Page 4

*Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (9th Cir. 2003) (stating that a district court retains the power to modify rulings on partial dispositive motions); *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000) (stating that until final judgment is entered, a district court has the "inherent jurisdiction to modify, alter, or revoke" interlocutory decisions).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Khan v. K2 Pure Solutions, LP*, No. 12-CV-05526, 2013 U.S. Dist. LEXIS 169855, at *5 (Dec. 2, 2013). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### B. Analysis

Plaintiffs take issue with nearly every aspect of the Court's previous decision. Most of these arguments, however, are unpersuasive and cannot form the basis for reconsideration. For example, Plaintiffs argue that the Court erroneously focused its attention on the Framework Agreement, which provides that an entity known as "MSS retains all Intellectual Property Rights and interest in and to or underlying the Products as well as manufacturing methods and processes[.]" *See* Decl. of David Mendoza Ex. A (Dkt. 39-9) at 9. They argue that the Court's finding is contradicted by four other agreements. *See* Reconsideration Mot. at 3–5. One agreement, the Manufacturing Agreement between Meggitt Maryland and Meggitt Xiamen, is in tension with the Court's previous finding but does not contradict it—the Agreement does not establish, nor even mention, the status of Meggitt OC or Meggitt PLC's rights. *See* Decl. of Lawrence R. Laporte Ex. 3 (Dkt. 185).[2] As for the other three agreements, they are presented for the first time now, upon this motion for reconsideration. *See* Decl. of Melvin Hilderbrand Exs. 2–4. The Court cannot make decisions based on evidence that was not presented and Plaintiffs make no showing that the evidence could not have been presented earlier. *See Sch. Dist. No. 1J*, 5 F.3d at 1263 ("Reconsideration is appropriate if the district court . . . is presented with *newly discovered* evidence . . . .") (emphasis added).

---

[2] The Court also notes that in its original opposition, Plaintiffs made almost no effort to draw the Court's attention to this agreement, asserting in one sentence with no citation that, "This agreement clearly states that all trade secrets are owned by Meggitt MD." Opp'n (Dkt. 179) at 12. In general, parties can save themselves and the Court a lot of time by not burying the lede.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0239-DOC (DFMx)                               Date: November 3, 2014

Page 5

However, Plaintiffs are correct that the Court committed clear error by assuming that Meggitt PLC claimed an interest in the trade secrets at issue. In *United States v. Bowen*[3], the Ninth Circuit expressly held that in order for a party to be "necessary," it is an "initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action." 172 F.3d 682, 689 (9th Cir. 1999) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)). Here, Plaintiffs submit the declaration of Meggitt PLC's Group Corporate Affairs Director and member of the Board of Directors, expressly disclaiming Meggitt PLC's ownership of any trade secrets at issue in this case. *See* Decl. of Philip E. Green (Dkt. 268) ¶ 6. Even absent the affirmative disclaimer, both here and in the motion to dismiss at issue, Defendants have not proffered evidence to show that Meggitt PLC has "asserted a formal interest in the subject matter of this action or the action itself." *See Northrop*, 705 F.2d at 1043. Therefore, upon reconsideration, the Court committed clear error by holding that Meggitt PLC was a "necessary" party. *See Sch. Dist. No. 1J*, 5 F.3d at 1263. Accordingly, that portion of the order, Minute Order (Dkt. 244) at 8–13, is VACATED.

### III. Motion to Dismiss

On July 17, 2014, the Court also granted Defendants' motion to dismiss the Section 43(a) Lanham Act claim. Minute Order (Dkt. 244) at 3–6. Plaintiffs have not asked the Court to reconsider this portion of the July 17, 2014 order and have instead amended their complaint. *See* Third Am. Compl. (Dkt. 275).

Defendants move to dismiss the trade secret and unfair competition claims, pursuant to the Court's now-vacated holding that Meggitt PLC is a necessary an indispensable party. *See* Dismissal Mot. at 3–5. In light of the Court's reconsideration, these arguments, along with the arguments regarding the exercise of supplemental jurisdiction, are now moot. However, Defendants also move to dismiss the Section 43(a) Lanham Act claim under Rule 12(b)(6).

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the

---

[3] It is also advisable to cite binding precedent in the initial round of motions, as opposed to citing it for the first time on a motion for reconsideration.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0239-DOC (DFMx)                                                Date: November 3, 2014

Page 6

speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

      In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

      Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

    **B. Analysis**

        1. **Section 43(a) Claim**

            a. **Whether the Section 43(a) Claim Must Satisfy Rule 9(b)**

"[W]here fraud is not an essential element of a claim, only allegations ('averments') of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b)." *Vess v. Ciba-Ceigy Corp. USA*, 317 F.3d 1097, 1126 (9th Cir. 2003). To state a claim under Section 43(a) of the Lanham Act, plaintiffs must plead:

> (1) [T]he defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in commercial advertisement or

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0239-DOC (DFMx)                              Date: November 3, 2014

Page 7

> promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is material; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated the plaintiff's product.

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 n.4 (9th Cir. 2000). "[F]raud is not an essential element of a [Section 43(a)] claim" because a plaintiff could assert a Section 43(a) claim without alleging scienter or intent. *See Vess*, 417 F.3d at 1126; *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (setting out the elements of fraud). For example, a plaintiff could assert a Section 43(a) claim on the theory that the defendant negligently made false statements in a commercial advertisement. Under these circumstances, the proper approach is to test only the allegations of fraudulent conduct against the heightened Rule 9(b) standard. *See Vess*, 317 F.3d at 1126; *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1044 (9th Cir. 2008) (noting that a Section 43(a) claim was well-pleaded when the "fraud allegations [were pleaded] with greater specificity and . . . greater detail.").

"In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim." *Vess*, 317F.3d at 1103–04. Here, Defendants argue that the Third Amended Complaint alleges a "unified course of fraudulent conduct." *See* Dismissal Mot. at 6–8. The Court agrees.

Plaintiffs allege that Defendants adopted an "overall plan and scheme . . . not just to steal and use Meggitt's trade secret, confidential and proprietary information, but to also misrepresent and falsely hold themselves out to the industry as being a well-established, strong, reputable and reliable company with qualified engineers, and a wide range of product offerings, and from whom the customer can expect to obtain high-quality and reliable products and after-sale service." TAC ¶ 32. This "overall plan and scheme" included efforts to "intentionally and falsely advertise," "give the false and illusory appearance" that Defendants were well-established in the industry, and "deceive potential customers." TAC ¶¶ 33–36.

These allegations constitute "a unified course of fraudulent conduct" and, therefore, the claim is "'grounded in fraud' or 'sound[s] in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *See Vess*, 317 F.3d at 1103–04.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0239-DOC (DFMx)                      Date: November 3, 2014

Page 8

### b. Whether the 43(a) Claim Was Pleaded with Particularity

In order to satisfy the 9(b) standard, Plaintiffs must specify the "'who, what, when, where, and how' of the misconduct charged." *Id.* at 1106. In addition, Plaintiffs "must set forth what is false or misleading about a statement, and why it is false." *Id.*

Defendants first argue that Plaintiffs fail to satisfy Rule 9(b) because "[t]here are no factual allegations establishing *when* or *where* this 'overall scheme and plan' was devised, much less *who* at Niell-Tech devised it." *See* Dismissal Mot. at 8. However, the issue is not when or where the scheme was devised, but rather where it was executed—after all, the Section 43(a) claim attaches liability to the making of false statements, not the planning of a scheme to make false statements. *See Jarrow Formulas*, 304 F.3d at 835 n.4; *Vess*, 317 F.3d at 1103–04 (holding that "the pleading of that *claim* as a whole must satisfy the particularity requirement") (emphasis added). In this case, it would be unwarranted and far too demanding to require that Plaintiffs describe the circumstances under which Mr. Nie and others hatched the alleged "scheme and plan." *See E&E Co. v. Kam Hing Enters.*, 429 Fed. Appx. 632, 633 (9th Cir. 2011) (holding that the Rule 9(b) standard "may be relaxed as to matters within the opposing party's knowledge.") (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)).

Here, Plaintiffs have alleged the "'who, what, when, where, and how' of the misconduct charged." Specifically, Plaintiffs allege that Mr. Nie and Niell-Tech falsely advertised products through product catalogues and data sheets at the Society for Experimental Mechanics trade show in Garden Grove, California in February 2013 and the Sensors Expos & Conference in Rosemont, Illinois in June 2013. TAC ¶¶ 5, 41, 43–48, 59–70, 81–83. The advertising was false because the catalogues and data sheets advertised products that did not exist and contained false product specifications. TAC ¶¶ 33–37.

While Defendants have admitted that they advertised some products that had not been manufactured, TAC Ex. 2 (response to interrogatory), Defendants argue that they never made a representation that all of the advertised products "were available for off-the-shelf consumption." Dismissal Mot. at 12. Rather, the "promotional materials make clear that these were products that could be made for customers in the future[.]" *Id.* at 12–13 (citing *Bayview Hunters Point Cmty. Advocates v. Metro Transp. Comm'n*, 366 F.3d 692, 698 (9th Cir. 2004) (noting that "predictions as to future events are ordinarily non-actionable expressions of opinion under basic principles of the tort of fraudulent misrepresentation"). This is purportedly in line with industry practice, in which orders are normally "driven by customer specifications." *Id.* at 13–14.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0239-DOC (DFMx)                                Date: November 3, 2014

Page 9

Attached to their Third Amended Complaint, Plaintiffs present several examples of product catalogues and data sheets that were distributed at trade shows in Orange County, California and Rosemont, Illinois. TAC Ex. 8–11. The product catalogues do contain future-oriented aspirational language, such as, "Niell-Tech will provide the most excellent products and services for you," TAC Ex. 3 at 61–62, which are non-actionable by themselves. *See Bayview*, 366 F.3d at 698.

However, the data sheets contain detailed specifications for products for which neither prototypes nor samples were ever manufactured. *See, e.g.*, TAC ¶¶ 61–69. The data sheets contain representations that some non-manufactured products had "proven use" under certain conditions, *see, e.g.*, TAC ¶ 70, and that others were "made by Xiamen Niell-Electronics Co., Ltd." and operate at certain levels, *see, e.g.*, TAC ¶ 48. The data sheets also contain photographs of non-manufactured products, some of which are actually photographs of Plaintiffs' products that were photoshopped to bear Defendants' marks and product numbers. *See, e.g.*, TAC ¶¶ 52–54.

While it might turn out that customers within this particular industry would not be misled by these representations, this is simply not a proper basis for dismissal. *See Mead Johnson & Co. v. Abbott Labs.*, 209 F.3d 1032, 1034 (7th Cir. 2000). Plaintiffs have alleged that on at least two specific occasions, Defendants advertised several products that were purportedly "made by Xiamen Niell-Electronics Co., Ltd." and had "proven use" under certain conditions, despite the fact that the products had never been manufactured by Defendants. *See* TAC ¶¶ 48, 61–69, 70. Therefore, Plaintiffs have adequately pleaded the "'who, what, when, where, and how' of the misconduct charged" and have "set forth what is false or misleading about a statement, and why it is false." *See Vess*, 317 F.3d at 1103–04.

Accordingly, the Motion to Dismiss the Section 43(a) claim is DENIED.

    2. **UCL Claim**

Defendants moved to dismiss Plaintiffs' claim under California's Unfair Competition Law. *See* Dismissal Mot. at 24–25. However, as Defendants point out, Plaintiffs have failed to oppose that portion of Defendants' motion. *See generally* Opp'n to Dismissal Mot. This failure to oppose is deemed consent to grant the motion. *See* C.D. Cal. L.R. 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0239-DOC (DFMx)                            Date: November 3, 2014

Page 10

Accordingly, the Motion to Dismiss the UCL claim is GRANTED. However, in light of both the unusual procedural posture of this case and the fact that Plaintiffs have opposed Defendants' same arguments in a previous filing, Opp'n (Dkt. 179) at 24–25, the Court grants Plaintiffs leave to amend their complaint.

## IV.  DISPOSITION

For the reasons explained above, the Court hereby GRANTS Plaintiffs' Motion for Reconsideration. To the extent that the Court previously found that Meggitt PLC was a necessary and indispensable party, Minute Order (Dkt. 244) at 8–13, the July 17, 2014 order is VACATED.

Because Meggitt PLC need not be joined, the Court continues to have diversity jurisdiction over this action. Consequently, the parties' arguments as to whether the Court should exercise supplemental jurisdiction over the state law claims are MOOT.

The Court DENIES in part and GRANTS in part Defendants' Motion to Dismiss. The Motion to Dismiss the federal Section 43(a) claim is DENIED. The Motion to Dismiss the California Unfair Competition Law claim is GRANTED. The UCL claim is DISMISSED WITHOUT PREJUDICE. Plaintiffs may file a Fourth Amended Complaint on or before November 17, 2014.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                      Initials of Deputy Clerk: djg
CIVIL-GEN