**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0239-DOC (DFMx)                                   Date:  November 3, 2014

Title: MEGGITT (ORANGE COUNTY), INC., ET AL. V. NIE YONGZHONG, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING MOTION FOR RELIEF FROM SCHEDULING ORDER, DENYING MOTION FOR SANCTIONS, AND DENYING MOTION TO REVIEW MAGISTRATE JUDGE ORDERS [191] [261] [355]

Before the Court are three matters: (1) Defendants' Motion for Relief from the Scheduling Order (Dkt. 355); (2) Plaintiffs' Motion for Sanctions; and (3) Plaintiffs' Motion to Review two orders issued by Magistrate Judge McCormick on July 11, 2014 (Dkt. 261).  Having considered the written submissions, the Court GRANTS the Motion for Relief from the Scheduling Order, DENIES the Motion for Sanctions, and DENIES the Motion to Review.

## I. BACKGROUND

### A. Factual History

The facts of this case are more fully summarized in the minute order filed concurrently with this one, in which the Court partially grants the motion to dismiss.  Therefore, the Court will not recite the facts here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0239-DOC (DFMx)                        Date: November 3, 2014

Page 2

### B. Procedural History

After granting Plaintiffs' Motion for a Preliminary Injunction, the Court issued the operative scheduling order on November 11, 2013. Order (Dkt. 53). The order sets the following dates:

1. Discovery Cut-off: July 18, 2014
2. Motion Cut-off: January 12, 2015
3. Final Pretrial Conference: February 23, 2015
4. Trial: March 10, 2015

*Id.* at 1. On June 24, 2014, Plaintiffs noticed the deposition of Defendant Nie Yongzhong ("Mr. Nie") and the 30(b)(6) deposition of Defendant Xiamen Niell Electronics Co. Ltd. ("Niell-Tech") for July 17 and 18, the final two days of fact discovery. Defendants allege that Plaintiffs failed to meet and confer and as an accommodation for the short notice, Defendants offered to sit for depositions in Hong Kong, instead of Southern California.

On July 11, 2014, Magistrate Judge McCormick held a hearing and issued an order: (1) for Plaintiffs to produce Sherman Guo, an employee of Meggitt Xiamen and Mr. Nie's former supervisor, for deposition in Hong Kong and (2) for the depositions of Mr. Nie and Niell-Tech to take place in Hong Kong. *See* Minutes 1–4 (Dkt. 222).

Defendants move for limited relief from the scheduling order, in order to address some last-minute discovery disputes. Scheduling Order Mot. (Dkt. 355). Plaintiffs move for the Court to review Magistrate Judge McCormick's discovery orders and to sanction Defendants for, among other reasons, failing to comply with the Court's discovery orders. Review Mot. (Dkt. 261); Sanctions Mot. (Dkt. 191).

## II. MOTION FOR RELIEF FROM SCHEDULING ORDER

### A. Legal Standard

The scheduling order "controls the subsequent course of the action" unless modified by the court. Fed. R. Civ. P. 16(e). Rule 16 provides that the "scheduling order shall not be modified except by leave of court and upon a showing of good cause." Fed. R. Civ. P. 16(b). The movant must show "good cause" to obtain an extension of dates. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0239-DOC (DFMx)                      Date: November 3, 2014

Page 3

### B. Analysis

The discovery cutoff date for this action has passed. *See* Order (Dkt. 53). Since the cutoff date, both sides have raised numerous complaints about being prejudiced by the discovery abuses of the other party. For example, Defendants accuse Plaintiffs of "improperly with[holding] discovery until the last week of, and, even after the close of, discovery in this case," which foreclosed Defendants from filing timely motions to compel. Scheduling Order Mot. (Dkt. 355) at 1. For their part, Plaintiffs seek sanctions against Defendants for failing to adequately respond to numerous discovery requests. *See* Mot. for Sanctions (Dkt. 191) at 14–20. Furthermore, Plaintiffs have not yet deposed either Defendant because it is seeking a review of the magistrate judge's discovery order, Review Mot. (Dkt. 261), which has prompted Defendants to argue that Plaintiffs can no longer conduct those depositions.

It is true that "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril[,]" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citations omitted), but it is neither sacred nor immutable.

In order to avoid prejudice to either party—which both parties claim as a result of the operative deadlines—the Court finds good cause to modify the scheduling order.[1] Hopefully, by extending the dates for both sides, the parties can be spared from having to resort to sanctions motions and ad hoc motions for relief. The current scheduling order, Order (Dkt. 53), is hereby MODIFIED to reflect the following deadlines:

1. Discovery Cut-off: January 16, 2015
2. Motion Cut-off: March 16, 2015
3. Final Pretrial Conference: April 27, 2015
4. Trial: May 19, 2015

This should give all parties ample time to complete the necessary discovery, free from any prejudice, and resolve the latest round of motions to dismiss before having to file dispositive motions. If either party fails to comply with these dates and the Court's other orders, then the Court will be more inclined to infer bad faith and issue sanctions against recalcitrant parties.

---

[1] Acting sua sponte, the Court modifies the Scheduling Order beyond the scope for which Defendants have asked.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0239-DOC (DFMx)                                      Date: November 3, 2014

Page 4

### III. MOTION FOR SANCTIONS

It is clear that each side is deeply frustrated by the other's purported gamesmanship. The Court is often called upon to referee discovery disputes, but the caustic tone of this litigation is deeply troubling and strays from the cordiality and respect that the legal profession—and, indeed, the courts—hope to cultivate. For its part, the Court regrettably contributed to this problem by describing one of the party's tactics as "artful," which has served only to further sour matters. In light of the increased time for discovery, the Court is confident that reason and professionalism will prevail, and most of these disputes can be amicably resolved by the parties and their counsel.

Of Plaintiffs' grievances, the Court is disinclined to sanction Defendants for the filing of various motions or the assertions of various defenses. Furthermore, even if Plaintiffs' complaints were all true and meritorious, it is very doubtful that terminating sanctions would be the appropriate relief in this case.

Therefore, the Court DENIES the Motion for Sanctions WITHOUT PREJUDICE. The Court invites the parties to reconsider whether sanctions, an extraordinary remedy, are appropriate. If either Plaintiffs or Defendants conclude that sanctions are truly necessary and elect to file another motion, then they should be mindful of at least two issues: (1) the Court will strictly enforce Local Rule 7-3's requirement to meet and confer, and insists that such a conference take place *in person*; and (2) the Court is inclined to grant such a motion only upon a substantial showing of either material misrepresentations to the Court or clear non-compliance with the Court's orders.

### IV. MOTION TO REVIEW MAGISTRATE JUDGE'S ORDER

Finally, Plaintiffs move the Court to review two orders issued by Magistrate Judge McCormick, which the Court will address in turn: (1) the order requiring the deposition of Defendants in Hong Kong and (2) the order requiring Plaintiffs to produce Sherman Guo for a deposition.

#### A. Legal Standard

A magistrate judge has authority to hear matters that are not dispositive of a claim or defense. Fed. R. Civ. P. 72(a). "Matters concerning discovery are generally considered 'nondispositive' of the litigation." *Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *accord Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). Under Rule 72(a), a party may serve and file objections to a magistrate judge's order that concerns a nondispositive pretrial matter "[w]ithin 10 days after being served

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0239-DOC (DFMx)                                        Date: November 3, 2014

Page 5

with a copy of the magistrate judge's order." Fed. R. Civ. P. 72(a); *see also* C.D. Cal. L.R. 72-2.1.

Normally, a magistrate judge's order can be reversed by the district court only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Bhan*, 929 F.2d at 1414. The clearly erroneous standard, which applies to a magistrate judge's findings of fact, is "significantly deferential, requiring 'a definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). By contrast, the "[t]he 'contrary to law' standard . . . permits independent review of purely legal determinations by the magistrate judge." *F.D.I.C. v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000).

### B. Analysis

#### 1. Mootness

At the outset, Defendants argue that the motions to review are moot because Plaintiffs withdrew their notices of deposition for Mr. Nie and Niell-Tech. *See* Decl. of Michael J. Lyons Ex. A at 6. Plaintiffs respond that they withdrew the notices merely to seek the instant review. In light of the modification of the scheduling order, *supra* at 2–3, the Court holds that Plaintiffs' Motion to Review the Magistrate Judge's Orders is not moot. With two additional months to conduct discovery, the issues of where Defendants and whether Sherman Guo should be deposed are live.

#### 2. Deposition Location

After reviewing the five-factor test set forth in *Cadent Ltd.v. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D. Cal. 2005), Judge McCormick "conclude[d] that a balancing of these factors does not warrant a departure from what the Court described during the telephone conference as the 'general rule,' namely, that a deposition of party should be taken at the party's principal place of business/place of residence." Minutes (Dkt. 222) at 2.

"A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court[.]" *Cadent*, 232 F.R.D. at 629 (quoting *Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 382 (M.D.N.C. 1988)); *see also* Fed. R. Civ. P. 30(b)(1). However, the "general rule" is that:

Case 8:13-cv-00239-DOC-DFM Document 377 Filed 11/03/14 Page 6 of 8 Page ID #:8548

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0239-DOC (DFMx)                            Date: November 3, 2014

Page 6

> The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business. This is subject to modification, however, when justice requires. An important question in determining where to hold the examination is the matter of expense . . . . In each case in which a motion [for a protective order] is made the court considers the facts, selects the place of examination, and determines what justice requires with regard to payment of expenses and attorneys' fees.

Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2112 at 84–85 (1994 rev.) (footnotes omitted).

"A number of factors serve to dissipate the presumption that a corporate party's deposition should be held at its principal place of business and may persuade the Court to require the deposition to be conducted in the forum district or some other place." *Cadent*, 232 F.R.D. at 628–29 (quoting *Turner*, 119 F.R.D. at 383) (brackets omitted). "These factors include [1] location of counsel for the parties in the forum district, [2] the number of corporate representatives a party is seeking to depose, [3] the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court[,] [4] whether the persons sought to be deposed often engage in travel for business purposes[,] and [5] the equities with regard to the nature of the claim and the parties' relationship." *Id.* at 629 (quoting *Armsey v. Medshares Mgmt. Servs.*, 184 F.R.D. 569, 571 (W.D. Va. 1998).

First, Plaintiffs' counsel are located in Southern California, while Defendants' counsel are located primarily in Northern California with foreign counsel in China. Second, Plaintiffs seek to depose only Mr. Nie in his individual capacity and Niell-Tech's 30(b)(6) deponent—Mr. Nie is a Chinese citizen and Niell-Tech is a Chinese corporation with all records and operations in China. *See* Decl. of Nie Yongzhong (Dkt. 36-1) ¶¶ 2–3. Third, Mr. Nie does not regularly travel to the Central District of California and has visited the United States only once. Nie Decl. (Dkt. 204-1) ¶ 4. Fourth, the equities weigh in favor of Defendants, considering that Mr. Nie was employed only by Meggitt Xiamen (a Chinese corporation) and he is being haled into American courts for relatively limited contact with the American subsidiaries of the British parent company, Meggitt PLC.

As Judge McCormick noted, "[t]he most compelling factor in Plaintiffs' favor is the likelihood that disputes will arise that may necessitate the Court's resolution." Minutes at 2. As one might expect, Plaintiffs argue that such disputes will be numerous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0239-DOC (DFMx)                                                               Date: November 3, 2014

Page 7

and inevitable, Mot. at 4–8; whereas, Defendants argue precisely the opposite, Mot. at 9–11.

      Having re-weighed the factors, the Court holds that Judge McCormick's was not clearly erroneous. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Cadent*, 232 F.R.D. at 629; *Bhan*, 929 F.2d at 1414. Furthermore, in light of the Court's modification of the scheduling order, the parties will have an opportunity to avoid all of the speculation that attends an ex ante assessment of potential disputes—if Defendants raise meritless objections, then the Court will be inclined to order the re-deposition of Defendants in the Central District of California.

### 3. Deposition of Sherman Guo

      Judge McCormick also ordered the following:

> [I]t may also be that Guo has relevant testimony to offer about the underlying facts, and it is not clear enough that Guo is not Plaintiffs' managing agent to bar Plaintiffs from obtaining his deposition under Rule 30. Accordingly, the Court will order Plaintiffs to produce Guo for deposition in Hong Kong.

Minutes at 3.

      Plaintiffs move the Court to review this order; specifically, "[t]he sole issue on this review is whether Mr. Guo is the 'managing agent' of one of the named Plaintiffs." Mot. at 1.

      In order to determine whether a prospective deponent is a managing agent, courts have considered the following factors: (1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters, (2) whether the individual can be relied upon to give testimony at his employer's request, and (3) whether the individual can be expected to identify with the interests of the corporation, as opposed to the interests of the opposing party. *See, e.g.*, *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 541 (D. Md. 1996).

      Plaintiffs argue that Judge McCormick improperly shifted the burden of proof from Defendants to Plaintiffs. Based on the language of the minutes, the Court cannot find that the magistrate judge assumed that Plaintiffs bore the burden, nor that the decision turned on the allocation of the burden of proof. Therefore, the Court finds that with respect to this issue, the decision was not clearly erroneous.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0239-DOC (DFMx)                                        Date: November 3, 2014

Page 8

       Plaintiffs also raise numerous other arguments that are purportedly clearly erroneous. Defendants, however, had proffered sufficient evidence that Mr. Guo was a managing agent under the multi-factor test used by the court in *Honda America*. Defendant Mr. Nie's connection to this case stems from his employment at non-party Meggitt Xiamen, where Mr. Guo was his supervisor. Decl. of Barney Rosenberg (Dkt. 9-3) Ex. C at 2, 4. After Mr. Nie left, Mr. Guo continued to communicate with Mr. Nie, apparently on behalf of the ultimate parent company, Meggitt PLC. For example, during a meeting that included an officer from Meggitt PLC, Mr. Guo threatened Mr. Nie that, "[i]f you don't cooperate with us, you will find out very soon what happens." Nie Decl. (Dkt. 187-2) ¶¶ 2–4. During settlement negotiations, Mr. Guo also appeared on behalf of Plaintiffs.

       Ultimately, any apparent attenuation between Mr. Guo and Plaintiffs is a result of the odd configuration of plaintiffs that the Court has noted before. After reviewing the order and the relevant case law, the Court holds that Judge McCormick did not clearly err in finding that Mr. Guo was a managing agent for Plaintiffs and AFFIRMS his order to produce Sherman Guo for a deposition in Hong Kong. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Honda Am.*, 168 F.R.D. at 541; *Bhan*, 929 F.2d at 1414

## V. DISPOSITION

       For the reasons explained above, the Court hereby MODIFIES the Scheduling Order (Dkt. 53) to reflect the following dates:

1. Discovery Cut-off: January 16, 2015
2. Motion Cut-off: March 16, 2015
3. Final Pretrial Conference: April 27, 2015
4. Trial: May 19, 2015

       Furthermore, the Court DENIES Plaintiffs' Motion for Sanctions and Plaintiffs' Motion to Review the Magistrate Judge's Orders. Both of Judge McCormick's orders are AFFIRMED.

       The Clerk shall serve this minute order on the parties.