# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGGITT (ORANGE COUNTY), INC. and MEGGITT (MARYLAND), INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NIE YONGZHONG and XIAMEN NIELL ELECTRONICS CO., LTD.,<br><br>Defendants. | Case No. SACV 13-0239 DOC (DFMx)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS**<br><br>Date: April 20, 2015<br>Time: 8:30 a.m.<br>Location: Courtroom 9D<br><br>Hon. David O. Carter |

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

314266387.1

[Proposed] Order Granting
Plaintiffs' Motion for Sanctions

Plaintiffs' Renewed Motion for Sanctions (including all papers filed in support, opposition, and reply, and oral argument thereon) having been considered by this Court, and good cause having been shown, IT IS HEREBY ORDERED:

That Judgment will be entered in favor of Plaintiffs as against Defendants, jointly and severally, on all claims for relief asserted by Plaintiffs in their Fourth Amended Complaint; all of Defendants' Affirmative Defenses are dismissed with prejudice; a Permanent Injunction as prayed for will be entered by the Court; and trial in this matter shall proceed as scheduled on the issue of damages only.

[ALTERNATIVELY]

1. That the jury in the above-captioned action will be instructed at the start of trial (and in the jury instructions presented to the jury immediately before its deliberation) that:

    (a) Defendant Nie was an employee of a company named Meggitt Xiamen, located in China, that manufactured products for Plaintiffs;

    (b) In that capacity, Defendant Nie had access to Plaintiffs' documents and information, including their confidential and trade secret documents and information;

    (c) Defendant Nie was obligated to maintain the secrecy of such documents and information, and not to disclose them or use them other than for Plaintiffs' benefit;

    (d) Defendant Nie, while still employed by Meggitt Xiamen, founded the Defendant company Xiamen Niell Electronics Co., Ltd. (Niell-Tech), for the purposes of manufacturing and selling products in competition with Plaintiffs;

    (e) Defendant Nie, in violation of his obligations of confidence to Plaintiffs, and in violation of the law, stole Plaintiffs' confidential and trade secret documents and information, and provided them to defendant Neill-Tech;

   (f) Defendants Niell-Tech and Nie used Plaintiffs' confidential and trade secret documents and information to develop, manufacture, and sell competitive products in violation of the law;

   (g) Defendants Niell-Tech and Nie were unjustly enriched in an amount to be determined by you after you hear evidence on that issue; and/or

   (h) Defendants, in violation of the September 26, 2013 Preliminary Injunction entered in this case, improperly failed to disclose that they had possession of a hard drive containing 700,000+ pages (300+ boxes) of Plaintiffs' technical and other documents, including assembly instructions for the products at issue, that Nie stole from Plaintiffs, and that Defendants falsely represented to the Court on multiple occasions over several months that they did not have this hard drive or any of Plaintiffs' documents on this hard drive in their possession, custody, and/or control;

  2. That Defendants are precluded from introducing any evidence or testimony at trial concerning the hard drive or any of Plaintiffs' documents and information they improperly retained in violation of the Preliminary Injunction, including any testimony from Mr. Robert Young;

  3. That Defendants willfully and maliciously misappropriated the trade secrets asserted by Plaintiffs in the above-captioned action under California Civil Code §3426.1 through manufacture and sale of the following products: (a) CAYD053-10; (b) CAYD053-50; (c) CAYD172-25; and (d) CAYD051V-100B;

  4. That Plaintiffs are entitled to exemplary damages of twice any award made under California Civil Code §3426.1(a) or (b) for Defendants' trade secret misappropriation, disclosure and use associated with the manufacture and sale of the CAYD053-10, CAYD053-50, CAYD172-25, and CAYD051V-100B products;

  5. That Defendants' unclean hands defense is dismissed with prejudice; and/or

6. That Plaintiffs are awarded their costs, expenses, and attorneys' fees incurred in connection with: (a) their efforts to secure the return of their documents and information from Defendants; (b) their efforts to overcome Defendants' Chinese state secrets objections; (c) their efforts to respond to the Rule 26 report submitted by Mr. Young; (d) their efforts to obtain the production of technical documents from Defendants, including documents related to the CAYD053-50 CAYD053-10, CAYD172-25, and CAYD051V-100B products; (e) their efforts to strike and/or obtain the factual bases for Defendants' unclean hands defense; and (f) the present renewed Motion for Sanctions.

Dated: April ____, 2015

_____
Hon. David O. Carter
United States District Judge

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

314266387.1

3

[Proposed] Order Granting
Plaintiffs' Motion for Sanctions

Presented by:

Robert W. Dickerson (State Bar No. 89,367)
*rdickerson@manatt.com*
Lawrence R. LaPorte (State Bar No. 130,003)
*llaporte@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Yasser M. El-Gamal (State Bar No. 189,047)
*yelgamal@manatt.com*
Charles A. Kertell (State Bar No. 181,214)
*ckertell@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 371-2500
Facsimile: (714) 371-2550

Attorneys for Plaintiffs
MEGGITT (ORANGE COUNTY), INC.
and MEGGITT (MARYLAND), INC.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

314266387.1

4

[Proposed] Order Granting
Plaintiffs' Motion for Sanctions