# Exhibit F

```
 1                    UNITED STATES DISTRICT COURT

 2

 3                    CENTRAL DISTRICT OF CALIFORNIA

 4                          SOUTHERN DIVISION

 5

 6

 7   MEGGITT SAN JUAN CAPISTRANO,    )
     INC.,                          )
 8                                  )
                                    )
 9          PLAINTIFF,              )  SA CV 13-00239-DOC(DFM)
                                    )
10          V.                      )  LOS ANGELES, CALIFORNIA
                                    )  FEBRUARY 28, 2014
11                                  )
     NIE YONGZHONG, ET AL.,         )
12                                  )
                                    )  (2:08 P.M. TO 2:36 P.M.)
13                                  )
            DEFENDANTS.             )
14                                  )
                                    )
15

16                      TELEPHONE CONFERENCE

17          BEFORE THE HONORABLE DOUGLAS F. MC CORMICK
                 UNITED STATES MAGISTRATE JUDGE
18
     APPEARANCES:              SEE NEXT PAGE
19
     COURT REPORTER:           RECORDED; COURT SMART
20
     COURTROOM DEPUTY:         TERRI STEELE
21
     TRANSCRIBER:              DOROTHY BABYKIN
22                             COURTHOUSE SERVICES
                               1218 VALEBROOK PLACE
23                             GLENDORA, CALIFORNIA  91740
                               (626) 963-0566
24
     PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
25   TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

**Exhibit F-Page 19**

```
                                                                    2

 1    APPEARANCES:
      FOR THE PLAINTIFF:            DICKSTEIN SHAPIRO LLP
 2                                  BY:  LAWRENCE ROBERT LA PORTE
                                         ATTORNEY AT LAW
 3                                  2049 CENTURY PARK EAST
                                    SUITE 700
 4                                  LOS ANGELES, CALIFORNIA  90067

 5
      FOR THE DEFENDANTS:           BAKER MARQUART LLP
 6                                  BY:  JAIME W. MARQUART
                                         ATTORNEY AT LAW
 7                                  10990 WILSHIRE BOULEVARD
                                    4TH FLOOR
 8                                  LOS ANGELES, CALIFORNIA  90024

 9                                  JUN HE LAW OFFICES
                                    BY:  MARK HSEN WU CHU
10                                       ATTORNEY AT LAW
                                    CHINA RESOURCES BUILDING
11                                  8 JIANGUOMENBEI AVENUE
                                    20TH FLOOR
12                                  BEIJING 100005
                                    PR CHINA
13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1                              I N D E X

2    SA CV 13-00239-DOC(DFM)                    FEBRUARY 28, 2014

3    PROCEEDINGS:   TELEPHONIC CONFERENCE RE: DISCOVERY DISPUTE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1    SANTA ANA, CALIFORNIA; FRIDAY, FEBRUARY 28, 2014; 2:08 P.M.

2              THE COURT:  ON THE RECORD IN THIS MATTER.

3              MR. LA PORTE CONTACTED US EARLIER IN THE WEEK AND

4    REQUESTED THAT WE GET -- ALL GET TOGETHER ON THE PHONE.

5              SO, I GUESS MY GLIB -- TWO COMMENTS.  ONE IS I THINK

6    THERE WAS A SUGGESTION THAT THERE WAS SOMETHING COMING DOWN THE

7    PIKE FROM JUDGE CARTER REGARDING SCHEDULING.  I LOOKED AT THE

8    DOCKET FIVE MINUTES AGO, AND I DID NOT SEE ANYTHING.  BUT,

9    PERHAPS, YOU HAD A HEARING OR PERHAPS YOU'VE HAD SOME INFORMAL

10   COMMUNICATIONS WITH JUDGE CARTER'S CLERK AND YOU KNOW SOMETHING

11   I DON'T KNOW.  SO, THAT'S THE FIRST QUESTION.

12             AND I'LL LEAVE IT -- I'LL PUT THAT TO MR. LA PORTE.

13             AND THEN SECOND, I GUESS, GLIBLY, I PRESUME, MR.

14   LA PORTE, YOU'RE NOT ASKING -- YOU DIDN'T ASK FOR THIS CALL SO

15   YOU COULD TELL US WHAT -- WHAT GREAT THINGS ARE HAPPENING IN

16   THE CASE AND HOW SUPER COOPERATIVE DEFENDANTS ARE BEING.  BUT

17   --

18             MR. LA PORTE:  WELL, YOUR HONOR, GOOD AFTERNOON.  AND

19   THANK YOU FOR ARRANGING THIS ON SUCH SHORT NOTICE.

20             WITH REGARD TO THE FIRST QUESTION, I AM UNAWARE OF

21   ANY ACTIVITY FORTHCOMING BY JUDGE CARTER, NOR I DON'T BELIEVE

22   THERE'S ANY PENDING MOTION.  BUT MAYBE -- MAYBE I'M FORGETTING

23   SOMETHING.

24             THE COURT:  NO.  THEN MAYBE WE JUST HAD A

25   MISCOMMUNICATION.  AND THAT'S FINE.  AND I JUST -- I HAD -- SO,

5

1    LET'S DISREGARD THAT THEN AND MOVE ON TO THE -- MOVE ON TO THE

2    REASON YOU WANTED TO SPEAK TO ME TODAY.

3            MR. LA PORTE:  SO, YOUR HONOR, I'D LIKE TO FIRST

4    REPORT ON THE STATUS OF THINGS.  DEFENDANTS GAVE US A LIST OF

5    64 PRODUCTS PURSUANT TO YOUR INSTRUCTION OR ORAL ORDER.  AND OF

6    THOSE 64 PRODUCTS, WE MET WITH MEGGITT.  AND WE DETERMINED THAT

7    WE WOULD LIKE SAMPLES FOR 47 -- APPROXIMATELY 47.  I MIGHT BE

8    OFF BY ONE NUMBER.  AND THAT THE REMAINDER WE WERE NOT

9    INTERESTED IN ARE NOT AT PRESENT PART OF THE CASE.

10           WE THEN HEARD BACK PROMPTLY THREE DAYS LATER FROM MR.

11   MARQUART.  AND HE IDENTIFIED 29 OF THE 47 OR SO THAT WERE --

12   THEY HAD A SAMPLE IN INVENTORY AND ANOTHER 16 THAT THEY DID NOT

13   HAVE A SAMPLE IN INVENTORY.

14           WHERE THERE WERE SAMPLES, HE'S AGREED TO PROVIDE THEM

15   TO US, I BELIEVE, AND SOMETHING CALLED "TECHNICAL DOCUMENTS,"

16   WHATEVER THAT MEANS.  AND AS TO THE ONES WHERE NO INVENTORY OR

17   SAMPLE IS AVAILABLE, MR. MARQUART HAS AGREED TO PROVIDE THE

18   SAME UNDETERMINED TECHNICAL DOCUMENTS.

19           AND FOR THAT -- AND WE ARE VERY APPRECIATIVE FOR THE

20   PROMPTNESS AND NEAR COMPLETENESS OF THE LIST.

21           HOWEVER, THE PURPOSE OF THE CALL IS THREEFOLD.

22           ONE, THERE'S A DOCUMENT OR SAMPLE THAT THEY'RE

23   REFUSING TO PRODUCE BASED ON SOMETHING CALLED "STATE SECRETS."

24   IT'S C-A-Y-D-053-50.  AND WE -- THE PURPOSE OF THE CALL IS TO

25   ALSO GET A COPY OF THAT.  THAT'S A NEARLY IDENTICAL, IF NOT

6

1  COMPLETELY IDENTICAL, PRODUCT THAT WAS THE SUBJECT OF THE PRIOR

2  PRELIMINARY INJUNCTION PROCEEDINGS.

3         SO, WE WOULD REQUEST THAT YOUR HONOR OVERRULE THE

4  STATE SECRET OBJECTIONS AND ORDER THAT SAMPLE AND ITS

5  CORRESPONDING TECHNICAL DOCUMENTS PRODUCED.

6         THE SECOND PURPOSE OF THE CALL IS TO DETERMINE JUST

7  WHAT TECHNICAL DOCUMENTS DEFENDANTS ARE AGREEING TO PRODUCE

8  BECAUSE THEY HAVE NOT SAID.

9         WE WOULD LIKE FOUR THINGS.  WE WOULD LIKE THE

10 ASSEMBLY OR WORK INSTRUCTIONS, WHICH ARE PART OF OUR MOTION TO

11 COMPEL REQUEST NUMBER 2 AND 3.  THESE ARE THE PROCESSES BY

12 WHICH THESE PRODUCTS ARE MADE.

13        WE WOULD LIKE ENGINEERING DRAWINGS.  THAT'S REQUEST

14 NUMBER 4.  AND WE WOULD LIKE R&D DOCUMENTS -- AS THIS IS A

15 TRADE SECRET CASE.  IF THESE WERE INDEPENDENTLY DEVELOPED, WE'D

16 LIKE TO SEE THAT EVIDENCE.  AND THAT'S REQUEST NUMBER 15.  ALL

17 OF THOSE ARE PART OF OUR MOTION.

18        AND THEN THE -- THE OTHER DOCUMENT REQUESTS WE WOULD

19 LIKE -- OTHER INFORMATION WE WOULD LIKE IS THE SALES -- YOUR

20 HONOR MAY -- PROBABLY DOES NOT RECALL THAT INTERROGATORY NUMBER

21 4, WE MOVED TO COMPEL ON.  THAT REQUESTED SALES FIGURES.  WE

22 DID GET SALES FIGURES, BUT FOR FOUR OR FIVE PRODUCTS THEY

23 WITHHELD THE PRODUCT UNDER THE CORRESPONDING CHINESE

24 CONFIDENTIALITY OR STATE SECRETS OBJECTION.

25        AND I NOTE THAT IN YOUR -- YOUR HONOR'S PRIOR ORDER

7

```
1   THAT'S DATED JANUARY 6TH, THOSE CHINESE LAW OBJECTIONS WERE
2   OVERRULED.  AND, SO, THAT'S THE PURPOSE OF THE CALL IS TO GET
3   THE SAMPLES, GET THE CORRESPONDING DOCUMENTS AND SALES NUMBERS
4   AND MOVE THE CASE FORWARD.
5            THE COURT:  OKAY.  SO, I THINK THEN YOU'VE IDENTIFIED
6   THREE ISSUES.  LET ME SEE IF I'VE GOTTEN THEM CORRECTLY.  AND
7   THEN I'LL ASK EITHER MR. MARQUART OR MR. CHU TO BRIEFLY
8   RESPOND.  AND THEN WE CAN GO BACK AND FORTH ABOUT HOW TO -- I
9   MEAN, I CAN -- I CAN DO -- WE CAN DO TWO THINGS.  AND WE CAN DO
10  THREE THINGS.  AND WE CAN TALK ABOUT WHAT THOSE THREE THINGS
11  ARE.  BUT I SEE THREE ISSUES.
12           ONE IS THE WITHHOLDING OF A SAMPLE ON THE BASIS OF
13  CHINESE STATE SECRECY LAW.
14           TWO IS SOME CLARITY REGARDING WHAT TECHNICAL
15  DOCUMENTS ARE GOING TO BE PRODUCED RELATING TO THE 45 -- I
16  THINK IT'S 45 IF MY MATH IS CORRECT -- SAMPLES FOR WHICH
17  TECHNICAL DOCUMENTS HAVE BEEN -- I WOULD SAY AT THIS POINT
18  PROMISED.
19           AND THEN THIRD, THAT APPARENTLY SALES FIGURES HAVE
20  BEEN WITHHELD ALSO ON THE BASIS OF THE STATE SECRETS OBJECTION.
21  NOW, IF THAT'S A DIFFERENT -- IF THAT'S A DIFFERENT BASIS THAN
22  THE WITHHOLDING OF THE SAMPLE, WE CAN GO INTO THAT.  BUT IT
23  SOUNDS LIKE IT'S SORT OF PART AND PARCEL OF THE FIRST ONE.
24           IS THAT A GOOD SUMMARY, MR. LA PORTE?
25           MR. LA PORTE:  THAT'S CORRECT WITH ONE SMALL MINOR
```

8

1   TWEAK, YOUR HONOR.

2          THEY HAVE GIVEN US THE SALES FIGURES FOR FOUR OR FIVE

3   PRODUCTS, BUT WE DON'T KNOW WHAT THOSE PRODUCTS ARE.  THEY'VE

4   WITHHELD THE NAME OF THEM UNDER THIS -- THE STATE SECRETS --

5          THE COURT:  RIGHT.  WELL --

6          MR. LA PORTE:  -- OBJECTION.

7          THE COURT:  -- THAT'S FAIR.  THAT DOESN'T -- SO,

8   YOU'RE -- IN OTHER WORDS, YOU'RE SAYING THAT'S NOT -- THE

9   INFORMATION IS NOT PARTICULARLY HELPFUL WITHOUT THE NAME OF THE

10  -- THE NAME OF THE --

11         MR. LA PORTE:  RIGHT.

12         THE COURT:  -- THE CORRESPONDING PRODUCT NAME.

13         MR. MARQUART OR MR. CHU, WHO CAN I INVITE TO HELP US

14  OUT HERE WITH SOME OF THESE ISSUES.

15         MR. MARQUART:  YOUR HONOR, THIS IS JAIME MARQUART ON

16  BEHALF OF DEFENDANTS.

17         FIRST, I CAN -- I CAN START BY TELLING YOU WHAT I

18  UNDERSTOOD TO BE OUR PURPOSE OF THE CALL.  AND I'M REFERRING TO

19  MR. LA PORTE'S EMAIL INFORMING US OF THE PURPOSE OF THIS CALL

20  THIS WEDNESDAY.  AND THE ONLY ISSUE THAT'S IDENTIFIED IN THE

21  EMAIL WAS THE FIRST ISSUE THAT HE MENTIONED WITH RESPECT TO THE

22  STATE SECRET PRODUCT.

23         WE HAVE NOT -- WE HAVE HAD A FAIRLY EXTENSIVE MEET

24  AND CONFER ALREADY ON THESE ISSUES AND MANY ISSUES, BUT WE HAD

25  NOT DISCUSSED THE ISSUE OF WHAT THE DEFINITION OF TECHNICAL

9

1    DOCUMENTS WAS.

2              I'LL DEFER TO MR. CHU IF HE HAS AN ANSWER NOW ON

3    THAT, BUT I WANTED TO POINT OUT THAT THAT ISSUE OF WHAT THE

4    TECHNICAL DOCUMENTS ENTAILED, WE HAVEN'T -- WE HAVEN'T MET AND

5    CONFERRED.  AND I HAVEN'T BEEN ASKED THAT YET.  SO, I MAY BE A

6    LITTLE BIT HAMPERED.  IT'S POSSIBLE MR. CHU MAY BE A LITTLE BIT

7    HAMPERED GIVEN THAT IT'S 6:00 A.M. ON SATURDAY WHERE HE IS.

8    BUT --

9              THE COURT:  WELL, LET ME ASK A CLARIFYING QUESTION

10   THEN.  IS IT ACCURATE THAT YOU ALL HAVE AGREED TO PROVIDE

11   MEGGITT WITH TECHNICAL DOCUMENTS FOR THESE 45 SAMPLES?

12             MR. MARQUART:  YES, YOUR HONOR.  AND IT IS.  AND WE

13   -- WE HAVE -- OBVIOUSLY, WE HAVE OUR OWN INTERPRETATION.  THEY

14   HAVE THEIR INTERPRETATION.  AND I DON'T BELIEVE THOSE

15   INTERPRETATIONS DIFFER NECESSARILY.  WE HAVEN'T DISCOVERED

16   WHETHER THEY DO AS TO WHAT TECHNICAL DOCUMENTS ARE.  BUT, OF

17   COURSE, WE'RE ALL FALLING BACK ON THE LANGUAGE OF THE REQUESTS

18   THEMSELVES.

19             THE COURT:  NOW, LET ME ASK -- LET ME ASK A DIFFERENT

20   QUESTION.  WHAT'S YOUR TIMEFRAME FOR THE PRODUCTION OF THOSE

21   TECHNICAL DOCUMENTS?

22             MR. MARQUART:  YES, YOUR HONOR.  ON THAT ISSUE, I'LL

23   -- I'LL DEFER TO MR. CHU.

24             THE COURT:  MR. CHU, HOW ARE YOU THIS MORNING?

25             MR. CHU:  HOW ARE YOU, YOUR HONOR.  THIS IS MARK CHU.

10

1    I'M DOING QUITE WELL.  THANK YOU.

2              THE COURT:  GOOD.

3              MR. CHU:  WITH REGARDS TO THE TIMING, YOUR HONOR,

4    TECHNICAL DOCUMENTS, WE WOULD PROPOSE 45 DAYS.  THE SAMPLES

5    THEMSELVES -- AND I BELIEVE THAT THIS WAS ADDRESSED BY MYSELF

6    IN THE HEARING IN JANUARY.  WE CAN PROVIDE THOSE MUCH SOONER --

7    I WOULD SAY WITHIN THE NEXT 14 DAYS, IF NOT EARLIER.  AND

8    THAT'S JUST A MATTER OF -- AS MR. LA PORTE ALREADY IDENTIFIED

9    IDENTIFYING THOSE ITEMS FOR WHICH WE ALREADY HAVE CURRENT

10   INVENTORY AND THEN, YOU KNOW, SHIPPING THEM OUT AND HAVING THEM

11   GO THROUGH THE APPROPRIATE CUSTOMS AND EXPORT PROCEDURES.

12             THE COURT:  WELL, I DON'T ASK REALLY -- I DON'T WANT

13   TO GET INTO SUCH LEVEL OF MICROMANAGING THE CASE THAT I'M

14   BASICALLY GETTING IN BETWIXT YOU ABOUT WHEN THINGS ARE GOING TO

15   BE PRODUCED.  BUT I HAD HOPED, PERHAPS, THAT THE TECHNICAL

16   DOCUMENTS WERE GOING TO BE PRODUCED ON A FAIRLY SHORT TIMEFRAME

17   BECAUSE THAT WOULD PERHAPS -- YOU KNOW, IF YOU TWO -- IF BOTH

18   SIDES ARE TALKING PAST EACH OTHER -- AND MAYBE YOU'RE NOT --

19   ABOUT WHAT THOSE TECHNICAL DOCUMENTS ARE GOING TO BE -- IF YOU

20   GO AHEAD AND MAKE YOUR PRODUCTION, AND MR. LA PORTE IS NOT

21   SATISFIED BECAUSE HE DOESN'T SEE X, Y, OR Z, HE COULD ASK YOU

22   AND FOLLOW UP WITH YOU ABOUT THOSE.  BUT IT DOESN'T SOUND LIKE

23   AT THIS POINT THAT THOSE -- THOSE PRODUCTIONS ARE IMMINENT.

24             WELL, MR. CHU, CAN YOU SHED SOME LIGHT AS MR.

25   MARQUART SUGGESTED YOU MIGHT ABOUT WHETHER THOSE TECHNICAL

**Exhibit F-Page 28**

11

1   DOCUMENTS WILL INCLUDE SOME OF THE CATEGORIES OF DOCUMENTS THAT

2   MR. LA PORTE SAYS THAT ARE ON THEIR WISH LIST.  ARE YOU

3   PREPARED TO DO THAT AT THIS POINT?  IF YOU ARE -- IF I'M

4   CATCHING YOU UNPREPARED, SAY SO.

5               MR. CHU:  THIS IS MARK CHU.

6               I AM -- I CAN CERTAINLY ADDRESS IT.  AND IT'S FAIR.

7               THE DOCUMENTS OR THE CATEGORIES OF DOCUMENTS, I'M

8   ASSUMING THAT MR. LA PORTE IS REFERRING BACK TO THE HEARING IN

9   JANUARY AS TO WHAT WAS REQUESTED.  AND I THINK HE'S RIGHT --

10  ASSEMBLING INSTRUCTIONS, R&D, ENGINEERING DRAWINGS.  I DON'T

11  HAVE THE DISCOVERY REQUESTS THAT HE'S REFERRING TO IN FRONT OF

12  ME, BUT THOSE ARE THE CATEGORIES THAT I RECALL REQUESTED FROM

13  THE JANUARY HEARING.  SO, I WILL -- I WILL AFFIRM THAT, YOU

14  KNOW, MR. LA PORTE IS CORRECT ON THAT.

15              I DON'T RECALL THAT THE SALES --

16              THE COURT:  WELL, LET ME INTERRUPT YOU THERE, MR.

17  CHU.

18              NOW, ARE -- SO, WHEN YOU ON BEHALF OF YOUR CLIENTS

19  SAY TECHNICAL DOCUMENTS WILL BE PRODUCED WITHIN 45 DAYS, ARE

20  THOSE CATEGORIES OF DOCUMENTS THAT WE'VE JUST DISCUSSED AS

21  BEING WITHIN THE SCOPE OF MEGGITT'S REQUESTS, ARE THOSE WITHIN

22  THE DEFINITION OF TECHNICAL DOCUMENTS?

23              MR. CHU:  YES.

24              THE COURT:  OKAY.

25              MR. CHU:  AGAIN, WITH THE EXCEPTION OF THE SALES

12

1   INFORMATION, WHICH I DON'T BELIEVE WAS MENTIONED IN THE JANUARY

2   HEARING, BUT --

3            THE COURT:  WELL, THAT STRIKES ME AS A DIFFERENT

4   ISSUE.  THAT STRIKES ME AS AN -- AS AN ISSUE RELATED TO, YOU

5   KNOW, WHAT I THINK HAS CONTINUED TO BE A BUGABOO IN THE CASE,

6   WHICH IS THE DEFENDANT'S EFFORTS TO CLAIM THAT THEY DO NOT HAVE

7   TO PRODUCE DOCUMENT -- DISCOVERY BASED ON CHINESE STATE SECRETS

8   LAW.  AND I HAVE OVERRULED THAT OBJECTION IN EARLY JANUARY

9   BECAUSE I THOUGHT IT WAS TOO GENERAL.  AND I'VE SUGGESTED TO

10  FIRST YOU, MR. CHU, AND LATER YOU, MR. MARQUART, THAT, YOU

11  KNOW, REALLY THAT THE TIME HAS LONG SINCE PASSED FOR THAT

12  OBJECTION TO HAVE SORT OF RIPENED INTO SOMETHING PRETTY

13  SPECIFIC.

14            YOU KNOW, AGAIN, NOW, IS THERE SOMETHING -- IS THERE

15  -- NOW, I GUESS THE GOOD NEWS IS WE APPEAR TO BE WITHIN -- WE

16  APPEAR TO HAVE IDENTIFIED TWO VERY SPECIFIC ITEMS FOR WHICH

17  YOU'RE NOW CLAIMING A VERY SPECIFIC OBJECTION.

18            ONE IS THIS ONE PARTICULAR SAMPLE AND THEN TWO IS THE

19  PARTICULAR OBJECTS OR I GUESS PRODUCT NUMBERS OR PRODUCT NAMES

20  THAT GO WITH THESE PARTICULAR SALES FIGURES.

21            YOU KNOW, I GUESS I CAN -- SO, I CAN GIVE YOU SORT OF

22  TENTATIVE THOUGHTS.  I MEAN, MY TENTATIVE THOUGHTS ARE

23  OBVIOUSLY AS I THINK I'VE EXPRESSED BOTH IN WRITING AND IN

24  COURT IS THAT -- THAT, YOU KNOW, THE SHIP TO SOME EXTENT HAS --

25  IF IT HASN'T ALREADY SAILED, IT IS -- IT IS GOING OVER THE

13

1    HORIZON ON THIS ISSUE.

2             AND THAT SAID, I THINK I HAVE -- I HAVE SUGGESTED IN

3    THE PAST THAT IF THERE WAS A VERY SPECIFIC OBJECTION THAT WAS

4    RAISED I WOULD NOT REFUSE TO HEAR IT.  NOR WOULD I -- I GUESS

5    NOR WOULD I PREJUDGE IT.

6             BUT AT THIS POINT THIS LITIGATION IS WELL OVER A YEAR

7    OLD.  AND THE -- WE NEED TO -- WE NEED TO GET THINGS MOVING

8    AHEAD QUICKLY, WHICH IS WHY MAYBE I WAS A BIT CONCERNED ABOUT

9    JUDGE CARTER SORT OF YANKING ON SOMEONE'S CHAIN IF THAT WAS

10   HAPPENING.  APPARENTLY, IT IS NOT.

11            SO, I GUESS I CAN -- WE CAN DO ONE OF TWO THINGS.

12            ONE, I CAN AND I'M WILLING TO ENTERTAIN SOME SORT OF

13   SHORTENED BRIEFING PERIOD IN WHICH DEFENDANTS ARE ABLE TO

14   PRESENT ME WITH WHATEVER INFORMATION THEY THINK THEY HAVE OR

15   WHATEVER PRECEDENT THEY THINK THEY HAVE FOR WHY THESE

16   PARTICULAR CATEGORIES OF INFORMATION SHOULD NOT BE DISCLOSED OR

17   DISCOVERED IN THIS LITIGATION.

18            BUT I WOULD WANT THAT VERY QUICKLY.  AND I WOULD WANT

19   TO RESOLVE IT VERY QUICKLY.  I WOULD BE THINKING WITHIN THE

20   NEXT WEEK OR TEN DAYS.  AND -- AND IF -- YOU KNOW, I CAN HEAR

21   FROM BOTH SIDES ABOUT THEIR READINESS TO DO THAT AT THIS POINT.

22            MR. LA PORTE:  YOUR HONOR, THIS IS MR. LA PORTE.  MAY

23   I BE HEARD.

24            THE COURT:   YOU MAY.

25            MR. LA PORTE:  WITH REGARD TO THE TIMING ON THIS, OUR

14

1    MOTION -- OUR JOINT STIPULATION WAS FILED BACK LAST YEAR, IN

2    FACT.  AND INTERROGATORY 4, WHICH IS ON PAGE 29, ADDRESSED ON

3    PAGE 29 OF OUR JOINT STIPULATION REGARDING MEGGITT'S

4    INTERROGATORIES WAS ADDRESSED AT THE PRIOR HEARING.

5         SECONDLY, MR. MARQUART SAYS WE HAVEN'T MET AND

6    CONFERRED ON THE FOUR DOCUMENT CATEGORIES OF ASSEMBLY

7    INSTRUCTIONS, REQUEST 2; WORK INSTRUCTIONS, THE SAME TYPE OF

8    THINGS, HOW DO YOU MAKE THESE THINGS.  ARE THEY CALLED ASSEMBLY

9    INSTRUCTIONS OR WORK INSTRUCTIONS.  WORK INSTRUCTIONS ARE

10   REQUEST 3.  ENGINEERING DRAWINGS, REQUEST 4.  AND R&D, REQUEST

11   15, ARE ALSO PART OF THE SAME SET OF DOCUMENTS.

12        AND I'M PLEASED TO HEAR MR. CHU AGREE THAT HE

13   UNDERSTANDS THAT'S WHAT WE'VE REQUESTED.  I'VE HEARD NO

14   OBJECTION OVER THE LAST SEVERAL WEEKS OR MORE THAN TWO MONTHS

15   ABOUT A LACK OF UNDERSTANDING OF WHAT THOSE DOCUMENTS ARE.  AND

16   I THINK IF THERE WAS A LACK OF UNDERSTANDING, THEY SHOULD HAVE

17   RAISED IT WITH THE COURT.

18        THIRDLY, I RAISED THIS ISSUE SPECIFICALLY YESTERDAY

19   WITH MR. MARQUART.  AND I CAN TELL YOU WHAT HIS RESPONSE WAS.

20   HIS RESPONSE WAS -- AND MR. CHU WAS ON THE LINE YESTERDAY.  HIS

21   RESPONSE WAS, WELL, I'M ON THE PHONE WITH MR. CHU.  I NEED TO

22   TALK WITH HIM ABOUT IT.  I'LL GIVE YOU AN ANSWER TOMORROW.  IT

23   IS NOW TOMORROW.  AND MR. MARQUART IS NOW BEGGING OFF OF THAT

24   PROMISE HE MADE TO INQUIRE ON THOSE FOUR SETS OF DOCUMENTS.

25   SO, I'M AT A LOSS TO UNDERSTAND WHY HE SAYS WE HAVEN'T

15

1   DISCUSSED THEM BECAUSE WE DID.  AND WE DID SO YESTERDAY.

2          THE COURT:  WELL, I'M NOT -- I'M NOT TERRIBLY

3   CONCERNED ABOUT THAT TECHNICAL DOCUMENT ISSUE.  AGAIN, I'M -- I

4   HEAR -- AND, AGAIN, I'M NOT GOING TO -- THIS KIND OF INFORMAL

5   TELEPHONE CONFERENCE, I'M NOT GOING TO TRY TO GET BETWEEN THE

6   PARTIES AND MICROMANAGE THINGS LIKE SCHEDULING.  BUT WHAT I'VE

7   HEARD MR. CHU SAY TODAY AND WHICH SOUNDS -- I DON'T WANT TO SAY

8   IT SOUNDS UNREASONABLE.  I GUESS IT'S WITHIN THE REASONABLE

9   LIMITS IS THEY THINK THEY CAN MAKE PRODUCTION WITHIN 45 DAYS OF

10  THE TECHNICAL DOCUMENTS, AND THAT HE EXPECTS THAT PRODUCTION TO

11  INCLUDE THE CATEGORIES OF TECHNICAL DOCUMENTS THAT YOU'VE

12  IDENTIFIED IN THIS CALL.  AND I PRESUME THAT WOULD -- WOULD

13  HAVE -- WOULD SATISFY YOU TO SOME EXTENT THAT THIS ISSUE IS ON

14  THE RIGHT TRACK.  IT'S MAYBE NOT ON THE PERFECT TRAJECTORY FROM

15  YOUR POINT OF VIEW.  BUT IT'S ON THE RIGHT TRACK.

16         MR. LA PORTE:  YOUR HONOR, I BELIEVE THAT -- WE WOULD

17  REQUEST THAT THE TECHNICAL DOCUMENTS BE PRODUCED WITH THE

18  SAMPLES IN 14 OR HOWEVER MANY DAYS THAT YOUR HONOR ORDERS.

19         WE HAVE A CONCERN THAT -- REGARDING THE AUTHENTICITY

20  OF ANY TECHNICAL DOCUMENTS.  WE'VE MADE AN AGREEMENT WITH THE

21  OTHER SIDE THAT WHEN THEY COMPLETE THEIR PRODUCTION OF PRODUCT

22  SAMPLES, WE'LL OPEN UP OUR SAFE ROOM WITH OUR JOB TRAVELERS,

23  OUR WORK ASSEMBLY INSTRUCTIONS.  AND IT'S A BIT ONE-SIDED FOR

24  THEM TO PRODUCE SAMPLES AND THEN GET TO SEE OUR ASSEMBLY

25  INSTRUCTIONS WHILE THEY HAVE 45 ADDITIONAL DAYS TO PRODUCE

16

1    THEIRS.  AND THAT'S A CONCERN.

2            AND THEN THE OTHER THING I'D LIKE TO SAY, YOUR HONOR,

3    IS THE C-A-Y-D--- THE STATE SECRET PRODUCT, C-A-Y-D-053-50,

4    THAT WAS THE SUBJECT OF THE PRELIMINARY INJUNCTION MOTION.

5    THAT PRODUCT HAS BEEN ENJOINED SPECIFICALLY IN THE PRELIMINARY

6    INJUNCTION.  AND I DON'T KNOW WHY THEY COULD CLAIM IT'S TRADE

7    SECRETS BECAUSE IN OUR PRELIMINARY INJUNCTION PAPERS, YOUR

8    HONOR, IN THE SUPPLEMENTAL DECLARATION OF DAVID MENDOZA,

9    DOCUMENT 17 FILED WITH THE COURT AT PAGE -- AT PARAGRAPH 22, WE

10   TALK ABOUT THIS DOCUMENT.  WE SHOW A PHOTOGRAPH OF IT.  IT'S

11   IDENTICAL TO THE MEGGITT PRODUCT.  ITS SPECS ARE IDENTICAL TO

12   THE MEGGITT PRODUCT.  AND EXHIBIT E TO THAT DECLARATION, YOUR

13   HONOR, WHICH IS DOCUMENT 17-5, WE SHOW A PHOTOGRAPH OF THAT

14   PRODUCT WITH THE SPEC SHEET FOR THAT PRODUCT BEING MARKETED AT

15   THE GARDEN GROVE TRADE SHOW.

16           SO, I'M AT A LOSS TO UNDERSTAND ANY BASIS FOR A STATE

17   SECRETS CLAIM FOR A PRODUCT THAT APPEARED IN THE UNITED STATES,

18   WAS HANDED TO CUSTOMERS AND MARKETED HERE WITH -- AND HERE IT

19   COMES, YOUR HONOR -- WITH AN ENGLISH-LANGUAGE SPECIFICATION.

20   HOW COULD SOMETHING BE A STATE SECRET IF IT'S MARKETED HERE IN

21   ENGLISH.  AND WE HAVE PHOTOGRAPH -- PHOTOGRAPHIC EVIDENCE OF

22   IT.

23           THE COURT:  WELL, I PRESUME FROM THAT THAT YOU WOULD

24   BE PREPARED TO GIVE ME SOMETHING IN THE FORM OF A SHORT, YOU

25   KNOW, FIVE-PAGE BRIEF WITH A COUPLE OF EXHIBITS THAT

17

1   DEMONSTRATE WHAT YOU'VE JUST SAID WITHIN THE NEXT WEEK OR TEN

2   DAYS, MR. LA PORTE.

3            MR. LA PORTE:  YES, YOUR HONOR.

4            THE COURT:  ALL RIGHT.

5            FOR MR. MARQUART OR MR. CHU, COULD YOU -- IF YOU HAVE

6   A STATE SECRET CLAIM WITH RESPECT TO THIS 05-350 PRODUCT

7   SAMPLE, I'VE INVITED THIS.  AND I'LL INVITE IT ONCE MORE.  I

8   WOULD BE PREPARED TO GIVE YOU A VERY SHORT PERIOD OF TIME TO

9   PROVIDE THE COURT SOME INFORMATION ABOUT WHY YOU THINK THAT

10  WOULD -- SHOULD NOT BE THE SUBJECT OF DISCOVERY IN THIS CASE.

11           MR. MARQUART:  YOUR HONOR, THIS IS JAIME MARQUART.

12           YES, WE'RE HAPPY TO BRIEF THOSE ISSUES.  THIS -- MR.

13  LA PORTE'S ARGUMENT AS TO WHY THIS DOCUMENT OR THIS PRODUCT IS

14  NOT A STATE SECRET OR SUBJECT TO THE STATE SECRET IS A NEW --

15  IS ONE THAT I'VE JUST HEARD TODAY.  AND WE DO INTEND TO BRIEF

16  THAT ISSUE.

17           I DID WANT TO ADD --

18           THE COURT:  WELL, LET'S -- LET'S JOIN ISSUE ON THAT

19  THEN.  OKAY.

20           THEN, WHAT I WILL ORDER OUT OF THIS -- FIRST ORDER AS

21  AN INFORMAL TELEPHONE CONFERENCE WILL BE THAT THE PARTIES

22  SHOULD SUBMIT NO LATER THAN -- LET ME LOOK AT MY CALENDAR --

23  MONDAY, MARCH 10, 2014 BRIEFS NO LONGER THAN SEVEN PAGES TO THE

24  COURT ABOUT WHY THIS PARTICULAR PRODUCT SAMPLE SHOULD NOT BE

25  PRODUCED.

**Exhibit F-Page 35**

18

1        AND PLEASE TAKE THE LIMITATION SERIOUSLY.  I DO NOT

2   NEED -- YOU KNOW, OBVIOUSLY IF YOU NEED TO HAVE SUPPORTING

3   DECLARATIONS OR SUPPORTING DOCUMENTS, THOSE ARE WELCOME.  BUT

4   LET'S KEEP THEM REASONABLE.

5        I WILL TAKE THE MATTER UNDER SUBMISSION AS OF MARCH

6   10, 2014.  AND IF I NEED A -- IF I NEED TO HAVE A FURTHER

7   TELEPHONE CONFERENCE WITH YOU ALL, WE WILL SET THAT UP.

8   OTHERWISE, YOU SHOULD EXPECT AN ORDER FORTHWITH.

9        AS FAR AS THE TECHNICAL DOCUMENTS AND THE VARIOUS

10  ISSUES RELATED TO THE PRODUCTION OF THOSE, YOU KNOW, YOU ALL --

11  TO BE CANDID, YOU ALL NEED TO TAKE A PRETTY GOOD STAB AT

12  WORKING THOSE ISSUES OUT YOURSELVES -- AMONGST YOURSELVES.

13       I UNDERSTAND MR. LA PORTE'S CONCERN ABOUT OPENING UP

14  THE SAFE ROOM WITHOUT THE PRODUCTION OF THESE TECHNICAL

15  DOCUMENTS.  AND PERHAPS IF YOU'RE TALKING ABOUT THE DIFFERENCE

16  BETWEEN 14 AND 45 DAYS, YOU ALL CAN REACH AN ACCOMMODATION IN

17  THE MIDDLE, AND IT HAPPENS WITHIN 30 DAYS.

18       BUT LIKE I SAID A COUPLE OF TIMES ALREADY, I'M NOT

19  GOING TO MICROMANAGE -- AT LEAST IN THE COURSE OF THIS INFORMAL

20  TELEPHONE CONFERENCE -- THAT KIND OF DISPUTE.  YOU ALL ARE IN A

21  FAR BETTER POSITION THAN I AM TO KNOW WHAT YOU CAN AND WHAT YOU

22  CAN'T DO.

23       SO, THAT SAID, IF YOU ALL WANT TO BE HEARD FURTHER ON

24  THAT, I'M MORE THAN HAPPY TO CONSIDER IT.  BUT I THINK AT THIS

25  POINT IN TIME I'D INVITE YOU TO GET SOME FURTHER -- I MEAN, ON

**Exhibit F-Page 36**

19

1    ONE HAND, MR. LA PORTE, I UNDERSTAND YOUR FRUSTRATION.  ON THE

2    OTHER HAND, I HEAR -- WHAT I HEAR DEFENDANT SAYING IS THAT

3    THEY'RE GOING TO PUT THEMSELVES ON THE CLOCK.  AND I'M

4    LISTENING THAT THEY'RE GOING TO GET THESE THINGS DONE WITHIN 14

5    DAYS WITH THE SAMPLES AND WITHIN 45 DAYS WITH THE TECHNICAL

6    DOCUMENTS.

7          MR. LA PORTE:  YOUR HONOR, I HEAR THAT AS WELL.  AND

8    I APPRECIATE YOUR HONOR'S ASSISTANCE.

9          I NOTE THAT WE HAVE A JULY 18TH DISCOVERY CUTOFF.

10   AND UNDER THE SCHEDULE THAT DEFENDANTS PROPOSE EVERYTHING HAS

11   TO GO PERFECTLY.  AND EVEN THEN, I DON'T SEE HOW GETTING

12   DOCUMENTS IN MID APRIL THAT WILL LIKELY NEED TRANSLATION ALLOWS

13   US TO COMPLETE DISCOVERY BY JULY 18TH.

14         SO, I THINK WE MAY GO TO JUDGE CARTER TO GET THAT

15   EXTENDED.

16         AND I DID RAISE THAT ISSUE WITH MR. MARQUART

17   YESTERDAY, AND HE -- HE SAID HE WOULD CONSIDER IT.

18         THE COURT:  WELL, I MEAN -- YOU KNOW, OBVIOUSLY, YOU

19   ARE MORE THAN WELCOME TO AS PART OF THAT PROCESS SHOW JUDGE

20   CARTER THAT YOU'VE BEEN WORKING HARD WITH ME ON RESOLVING SOME

21   OF THESE ISSUES.  AND IF HE ASKS ME, I WILL TELL HIM THAT.  BUT

22   I THINK WE HAVE MADE SOME PROGRESS AND MAYBE NOT.  AND THINGS

23   ARE ON AT LEAST A GOOD TRAJECTORY.  MAYBE NOT -- AGAIN, MAYBE

24   NOT FROM MEGGITT'S STANDPOINT A PERFECT TRAJECTORY, BUT YOU

25   CAN'T LET THE PERFECT ALWAYS BE THE GOAL.

**Exhibit F-Page 37**

20

1      AND I DO TAKE YOUR CONCERNS SERIOUSLY ABOUT THE JULY

2  CUTOFF.  I AT ONE POINT EARLIER MEANT TO ASK YOU WHAT THE

3  DISCOVERY CUTOFF WAS, AND I FORGOT.

4      THE ONLY OTHER ISSUE THAT THEN REMAINS OUTSTANDING IS

5  THE STATE SECRETS OBJECTION TO THE SALES FIGURES.

6      MR. MARQUART CAN PERHAPS TELL ME.  IS THAT REALLY THE

7  SAME ANIMAL AS THE STATE SECRET OBJECTION TO THE 05350 SAMPLE?

8      MR. MARQUART:  YOUR HONOR, AGAIN, I WAS NOT PREPARED

9  TO ADDRESS THAT PARTICULAR ISSUE.  I WOULD DEFER TO MR. CHU IF

10  HE IS.  HE MAY -- HE MAY HAVE INFORMATION ON THAT.

11      BUT I DEFINITELY DID NOT MAKE A PROMISE TO ADDRESS

12  ANYTHING THAT SPECIFIC, AND I DON'T THINK WE EVEN TALKED ABOUT

13  ANYTHING NEARLY THAT SPECIFIC.

14      THE COURT:  ALL RIGHT.

15      MR. CHU,- DO YOU HAVE -- I MEAN, DO YOU HAVE SOME

16  THOUGHTS ON WHETHER IT'S THE SAME STATE SECRETS ARGUMENT WITH

17  RESPECT TO THOSE SALES FIGURES?

18      MR. CHU:  THIS IS MARK CHU, YOUR HONOR.

19      YES, IT'S THE SAME ISSUE AS REGARDS THE SALES

20  FIGURES.  THE SAME ISSUE AS REGARDS THE EARLIER STATE SECRETS

21  ISSUE DISCUSSED ON TODAY'S CALL.

22      THE COURT:  ALL RIGHT.  WOULD IT BE REASONABLE IN

23  YOUR VIEW TO BASICALLY INCLUDE THAT IN OUR SEVEN-PAGE BRIEFS

24  THAT ARE GOING TO BE SUBMITTED TO THE COURT ON MARCH 10TH?

25      MR. CHU:  THAT WOULD BE REASONABLE.  I JUST WANT

**Exhibit F-Page 38**

21

1    CLARITY FROM PERHAPS MR. LA PORTE.

2            LARRY, DID YOU SAY IT WAS ROG NUMBER 4?

3            MR. LA PORTE:  THAT'S CORRECT.  PAGE 29 OF OUR JOINT

4    MOTION -- JOINT STIPULATION.

5            MR. CHU:  OKAY.

6            THE COURT:  AND, PERHAPS, MR. LA PORTE

7    AFTER THE CALL, YOU COULD EVEN SPECIFY WHICH -- SO, YOU HAVE

8    FOUR SPECIFIC SALES FIGURES FOR WHICH THERE ARE NO PRODUCT

9    NAMES OR DESIGNATIONS THAT YOU'VE RECEIVED BASED ON A STATE

10   SECRETS OBJECTION?

11           MR. LA PORTE:  YES.  IT'S ACTUALLY -- I TURNED TO THE

12   PAGE, YOUR HONOR.  IT'S ACTUALLY FIVE ENTRIES THAT JUST SAY

13   "SECURITY PRODUCT."

14           THE COURT:  AND PERHAPS YOU CAN -- AFTER THE CALL YOU

15   CAN PDF THAT AND SEND IT TO MR. CHU AND SAY THIS IS WHAT I'M

16   TALKING ABOUT.  AND --

17           MR. LA PORTE:  YES.

18           THE COURT:  ALL RIGHT.

19           MR. LA PORTE:  BE HAPPY TO, YOUR HONOR.

20           THE COURT:  OKAY.  WELL, LET'S -- SO, WE'VE TEED THAT

21   UP.  I WILL LOOK FOR THOSE BRIEFS ON MARCH 10TH, 2014.

22           ANYTHING FURTHER THAT WE CAN ADDRESS AT THIS POINT IN

23   TIME?

24           MR. LA PORTE:  NO, YOUR HONOR.  I BELIEVE THAT'S IT.

25           THE COURT:  OKAY.  MR. MARQUART OR MR. CHU?

**Exhibit F-Page 39**

22

1              MR. MARQUART:  NO, YOUR HONOR.

2              THE COURT:  ALL RIGHT.  WELL, YOU ALL HAVE A GOOD

3    WEEKEND, AND WE'LL HEAR FROM YOU ON THE 10TH AND WE'LL GO FROM

4    THERE.

5              MR. LA PORTE:  THANK YOU, YOUR HONOR.

6              THE COURT:  THANK YOU VERY MUCH.

7              MR. MARQUART:  THANK YOU, YOUR HONOR.

8              MR. CHU:  THANK YOU, YOUR HONOR.

9              (PROCEEDINGS CONCLUDED 2:26 P.M.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Exhibit F-Page 40**

23

```
 1
 2                         C E R T I F I C A T E
 3
 4          I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
 5    FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE
 6    ABOVE-ENTITLED MATTER.
 7
 8
 9
10    /S/ DOROTHY BABYKIN                         3/13/14
11    _____            _____
12    FEDERALLY CERTIFIED TRANSCRIBER             DATED
13    DOROTHY BABYKIN
14
15
16
17
18
19
20
21
22
23
24
25
```