# Exhibit K

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Daniel Johnson, Jr., Bar No. 57409
djjohnson@morganlewis.com
Michael J. Lyons, Bar No. 202284
mlyons@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Todd W. Smith, Bar No. 223423
tsmith@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
5 Park Plaza, Suite 1750
Irvine, CA  92614
Tel:    +1.949.399.7000
Fax:    +1.949.399.7001

Attorneys for Defendants
NIE YONGZHONG aka William Nie and/or
Bill Nie, an individual, and XIAMEN NIELL
ELECTRONICS CO. LTD., a
Chinese corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MEGGITT (ORANGE COUNTY), INC. and MEGGITT (MARYLAND), INC., <br><br> Plaintiffs, <br><br> v. <br><br> NIE YONGZHONG AND XIAMEN NIELL ELECTRONICS CO. LTD., <br><br> Defendants. | Case No. SACV 13-0239 DOC (DFMx) <br><br> **DEFENDANT NIE YONGZHONG AND XIAMEN NIELL ELECTRONICS CO., LTD.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF MEGGITT, INC.'S INTERROGATORIES (SET ONE)** |

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

**Exhibit K-Page 64**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    Pursuant to Fed.R.Civ.P. 33, Defendant William Nie ("Responding Party")

2    hereby provides the following Third Supplemental Objections and Responses to

3    Plaintiff MEGGITT (SAN JUAN CAPISTRANO), INC.'s ("Propounding Party")

4    First Set of Interrogatories.

5                    <u>**PRELIMINARY STATEMENT**</u>

6        Responding Party has not yet completed is investigation relating to the facts

7    of this action and has not completed discovery in this action.  The responses

8    provided herein are based upon the information presently available to Responding

9    Party.  Responding Party reserves the right to amend or further supplement its

10   responses.  Responding Party reserves the right to object to any interrogatory on

11   any grounds.  Responding Party reserves the right to object to the use of the

12   information provided in the response to any interrogatory.  Responding Party has

13   made a good faith and reasonable efforts to respond to each interrogatory to the

14   extent Responding Party understands the interrogatories.  To the extent any

15   interrogatory requires Responding Party to investigate information required for a

16   response, Responding Party has exercised reasonable diligence to obtain any such

17   information.

18       Consistent with its obligations pursuant to the Federal Rules of Civil

19   Procedure and in a good faith attempt to respond, Responding Party has contacted

20   those persons and made a duly diligent search of those records most reasonably

21   believed to possess or contain information responsive to any individual

22   interrogatory.  Responding Party's responses are complete to the extent reasonably

23   achievable but Responding Party does not, and could not possibly, represent that

24   these responses reflect or include "all" potentially responsive information located

25   anywhere accessible to Responding Party.  Rather, the scope of the investigation

26   being conducted to locate responsive information has been limited to making

27   inquiries to those individuals most likely to be knowledgeable about the specific

28   matters at issue, and to reviewing Responding Party's files in which information

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

**Exhibit K-Page 65**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   related to such matters ordinarily would be expected to be found.

2         By making these responses, Responding Party does not concede that the

3   information sought is relevant.  Responding Party makes these responses without in

4   any way intending to waive or waiving, but on the contrary, intending to preserve

5   and preserving: (a) the right to object on any grounds to the use or introduction into

6   evidence of the information provided in response to the Interrogatories; (b) the right

7   to object to the use of these responses in any subsequent proceeding in, or the trial

8   of, this or any other action on any grounds; (c) the right to object to the introduction

9   of these responses into evidence; and (d) the right to object on any ground at any

10   time to other interrogatories or other discovery involving the subject matter thereof.

11         Responding Party has made reasonable efforts to respond to each

12   interrogatory to the extent it has not been objected to, as Responding Party

13   understands and interprets the interrogatory.  To the extent that Propounding Party

14   asserts an interpretation of any interrogatory that is inconsistent with Responding

15   Party's understanding, Responding Party reserves the right to amend or supplement

16   its objection and/or responses.

17                       **GENERAL OBJECTION**

18         1.     Responding Party objects to each interrogatory to the extent that it

19   seeks information that constitutes attorney-client privilege, the attorney work

20   product privilege, confidential information, or information protected by a right to

21   privacy.  Nothing contained in these responses is intended, nor shall it in any way

22   be deemed as, a waiver of any applicable privilege, doctrine, right to privacy, or

23   related right.

24         2.     Responding Party objects to each interrogatory to the extent that they

25   require Responding Party to undertake any obligations broader than, or inconsistent

26   with the Federal Rules of Civil Procedure.

27         3.     Responding Party objects to each interrogatory to the extent it is overly

28   broad and unduly burdensome and seeks information that is neither relevant nor

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

2

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  reasonably calculated to lead to the discovery of admissible evidence.

2     4.     Responding Party hereby incorporates this General Objection into each

3  of the Reponses set forth below, as if set out in full.

4  **SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

5     The following supplemental responses are made without waiving the

6  objections of Responding Party and in the interest of compromise.

7  **INTERROGATORY NO. 1:**

8     List all products Niell-Tech has manufactured from April 2010 to the present,

9  and state the model number, year(s) manufactured, and quantity in inventory for

10  each product.

11  **RESPONSE TO INTERROGATORY NO. 1:**

12     Objection.  Responding Party objects to the commencement of discovery

13  prior to identification of Propounding Party's alleged trade secrets pursuant to CCP

14  §2019.210.  Responding Party incorporates by reference the General Objection and

15  Preliminary Statement contained herein.  Responding Party objects to the extent the

16  interrogatory seeks information that constitutes confidential, privileged, proprietary,

17  or trade secret information.  Subject to and without waiving these objections and in

18  the interest of compromise, Responding Party responds as follows:

19     Responding Party will respond to this interrogatory upon entry of a suitable

20  protective order.

21  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

22  **- CONFIDENTIAL -**

23     Niell-Tech has manufactured the following model numbers:

24

| CA3ZYD048 | Triaxial IEPE Accelerometer |
| CA3ZYD048V | Triaxial IEPE Accelerometer |
| CA3ZYD048V-5 | Triaxial IEPE Accelerometer |
| CAYD051 | PE Accelerometer |
| CAYD051V | IEPE Accelerometer |
| CAYD052 | PE Accelerometer |
| CAYD052V | IEPE Accelerometer |
| CAYD052V-35 | IEPE Accelerometer |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

3

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

**Exhibit K-Page 67**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

| | |
|---|---|
| CAYD055-50K | PE Accelerometer |
| CAYD060 | PE Accelerometer |
| CAYD060V | IEPE Accelerometer |
| CA3ZYD048 | Triaxial IEPE Accelerometer |
| CA3ZYD048V | Triaxial IEPE Accelerometer |
| CA3ZYD048V-5 | Triaxial IEPE Accelerometer |
| CAYD051 | PE Accelerometer |
| CAYD051V | IEPE Accelerometer |
| CAYD052 | PE Accelerometer |
| CAYD052V | IEPE Accelerometer |
| CAYD052V-35 | IEPE Accelerometer |
| CAYD055-50K | PE Accelerometer |
| CAYD060 | PE Accelerometer |
| CAYD060V | IEPE Accelerometer |
| CAYD063 | PE Accelerometer |
| CAYD063V | IEPE Accelerometer |
| CAYD064 | PE Accelerometer |
| CAYD064V | IEPE Accelerometer |
| CAYD054-50 | PE Accelerometer |
| CA3ZYD102 | PE Accelerometer |
| CA3ZYD102V | Triaxial IEPE Accelerometer |
| CAYD105 | PE Accelerometer |
| CAYD115 | PE Accelerometer |
| CAYD115V | IEPE Accelerometer |
| CAYD115V-D | IEPE Accelerometer-Double Entry |
| CAYD115V-100 | IEPE Accelerometer |
| CAYD115V-L01 | IEPE Accelerometer |
| CYYZ116V | PR Pressure Sensor - Absolute Pressure |
| CAYD119V-50 | IEPE Accelerometer |
| CAYD119V-500 | IEPE Accelerometer |
| CAYZ123V-2-2000 | PR Accelerometer |
| CAYZ123V-2-2KA | PR Accelerometer |
| CAYD125V-50 | IEPE Accelerometer |
| CAYD125V-500 | IEPE Accelerometer |
| CAYD131 | PE Accelerometer |
| CA3ZYD132 | Triaxial IEPE Accelerometer |
| CAYD133 | PE Accelerometer |
| CVYD144C | Piezoelectric Velocity Sensor |
| CVYD144C-100 | Piezoelectric Velocity Sensor |
| CAYD146V-1-500 | IEPE Accelerometer |
| CAYZ147V-2-2000 | PR Accelerometer |
| CAYZ147V-2-2KA | PR Accelerometer |
| CAYZ148V-2-2KA | PR Accelerometer |
| CAYZ148V-2-2000 | PR Accelerometer |
| CAYD149 | IEPE Accelerometer |
| CAYD149V-500 | IEPE Accelerometer |
| CAYD149V-500A | IEPE Accelerometer |
| CAYD149V-500C | IEPE Accelerometer |
| CAYD150 | PE Accelerometer |
| CAYD150V-100 | IEPE Accelerometer |
| CAYD151 | PE Accelerometer |
| CAYD151-15A | PE Accelerometer |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

**Exhibit K-Page 68**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

| | |
|---|---|
| CAYD151V | IEPE Accelerometer |
| CAYD151V-100 | IEPE Accelerometer |
| CADR152V-2 | VC Accelerometere |
| CADR152V-2A | DR Accelerometere |
| CADR152V-10 | VC Accelerometere |
| CADR152V-30 | VC Accelerometere |
| CADR152V-50 | VC Accelerometere |
| CADR152V-100 | VC Accelerometere |
| CADR152V-200 | VC Accelerometere |
| CADR152V-2A | VC Accelerometere |
| CVCD153V | Vibration Velocity Sensor |
| CAYD154C-100 | PE Acceleometer (4-20mA) |
| CAYZ156V-2-2K | PR Accelerometer |
| CAYZ156V-1-500 | PR Accelerometer |
| CAYZ156V-1-2000 | PR Accelerometer |
| CAYZ156V-2-2KA | PR Accelerometer |
| CVCD157V | Speed Probe (N2) |
| CA3ZYD160 | Triaxial PE Accelerometer |
| CA3ZYD160V-100B | Triaxial IEPE Accelerometer |
| CADR161V-3 | VC Accelerometere |
| CA3ZDR161V-3 | VC Accelerometere |
| CA3ZYD165V-100 | Triaxial IEPE Accelerometer |
| CAYD166V | IEPE Accelerometer |
| CAYD166VA | IEPE Accelerometer |
| CAYD167V-100A | PE Accelerometer-Side Entry |
| CAYD167V-100B | PE Accelerometer-Side Entry |
| CAYD170V-100 | IEPE Accelerometer |
| CAYD172-25 | PE Accelerometer - High Temperature |
| CAYD172-50 | PE Accelerometer |
| CADR175V-20 | VC Accelerometere |
| CADR175V-20A | VC Accelerometere |
| CAYD179 | PE Accelerometer - High Temperature |
| CAYD180 | PE Accelerometer - High Temperature |
| CA3ZDR186V-2 | Triaxial VC Accelerometer |
| CA3ZDR186V-30 | Triaxial VC Accelerometere |
| CA3ZDR186V-100 | Triaxial VC Accelerometer |
| CADR191V-3 | VC Accelerometere |
| CAYD194-100K | PE Accelerometer |
| CAYZ195V-2-2K | PR Accelerometer |
| CWRD001V-K | Thermal Couple K |
| CWRD002V-J | Thermal Couple J |
| CXWCB001 | LVDT |
| NL-1134 | Temperature Transmitter |
| NL-2123 | Signal conditioner |
| NL-2134 | Signal conditioner |
| NIELL315 | Standard PE Accelerometer |
| VSACS | Chock,vibration and tranverse testing machine |
| NL-TD001 | Power Drag Platform |
| NL-YT002 | Under-Pit Temperature & Pressure Measuring System |
| NL-YT003 | Pump Station Health Monitoring System |
| NL-DT001 | Elevator Health Monitoring System |
| NL-ZT001 | Single-Axis-Rate Rotating Platform |

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

**Exhibit K-Page 69**

| NL-YT001 | Oil Anti-Theft System |
|---|---|
| Model no. not fixed yet | Gearbox Health Monitoring System |
| Model no. not fixed yet | Secondary Power-Supply Synthetical Testing Bench |
| Model no. not fixed yet | Seismometer |
| Model no. not fixed yet | High-Temperature Strain Calibration System |

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Defendants incorporate by reference each of their General and Specific Objections to this Interrogatory, as previously set forth above.  Subject to and without waiving those objections, Defendants supplement their response as follows:

Attached to Defendants' supplemental interrogatories is Table 1, that, as presently advised, lists the products that Niell-Tech has manufactured from April 2010 to the present, including an identification of product name, years manufactured, and quantity in inventory.

Meggitt's discovery complaints regarding this interrogatory were fully revealed for first time upon service of Meggitt's portion of its Joint Stipulation on January 13, 2014.  Despite this blatant failure to conduct any meet and confer, Defendants have provided the above supplementation.

**INTERROGATORY NO. 2:**

Identify all individuals/entities that have purchased products from Niell-Tech from April 2010 to the present.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection.  Responding Party objects to the commencement of discovery prior to identification of Propounding Party's alleged trade secrets pursuant to CCP § 2019.210.  Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein.  Responding Party objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information.  Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

Responding Party will respond to this interrogatory upon entry of a suitable

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

6

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  protective order.

2  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

3  **- CONFIDENTIAL ATTORNEYS' EYES ONLY -**

4  Responding Party is prevented from disclosing Chinese government

5  customers pursuant to Chinese law.  Niell Tech has the following non-Chinese

6  government customers:

| Customer (Chinese Company Name) | Customer (English Company Name) |
|---|---|
| 厦广角信息科技有限公司 | Xiamen IT-view Technology Co.,Ltd |
| 南京理工大学 | Nanjing University of Science and Technology |
| 南昌国信航空精工科技有限公司 | Guoxin (Nanchang) Aviation Precision Technology Co.,Ltd. |
| 交通运输部公路科学研究所 | Research Institute of Highway Ministry of Transpoot |
| 厦门相电力设备股份有限公司 | XIAMEN RED PHASE INSTRUMENTS INC |
| 中国科学院工程热物理研究所 | Institute of Engineering Thermophysis,Chinese Scadmy of Sciences |
| 厦门宜电自动化科技有限公司 | Xiamen E-Power |
| 长春威赫机电设备有限公司 | Weiheer (Changchun) M&E Equipment Co.,Ltd. |
| 江西洪都航空工业集团有限责任公司 | Hongdu Aviation Industry Group LTD. |
| 湖南卓正科技实业发展有限公司 | Zhuozheng (Hunan) Science & Technology Development Co.,Ltd. |
| 东莞万创电子制品有限公司 | Wanchuang (Dongguan) Electronics Co.,Ltd. |
| 杭州情天新能源技术有限公司 | Titan New Energy Technologies Co.,Ltd. |
| 北京国旗新力科技发展有限公司 | GUOXUANXINLI |
| 中航工业航空动力机械研究所 | China Aviation Power Machinery Research Institute |
| 深圳亚泰光电技术有限公司 | Yatai (Shenzhen) Lighting & Electronics Technology Co.,Ltd. |
| Sentinel Trending & Diagnostics Ltd | Sentinel Trending & Diagnostics Ltd |
| PHD Sensores e Comercio Ltda. | PHD Sensores e Comercio Ltda. |
| MAGICDOT CORPORATION | MAGICDOT CORPORATION |
| Meggitt Sensing Systems,Meggitt SA | Meggitt Sensing Systems,Meggitt SA |
| Ievgen Kurishko | Ievgen Kurishko |
| PCB Piezotronics Inc | PCB Piezotronics Inc |
| MKB Insurance | MKB Insurance |
| SOVITECH Co., Ltd. | SOVITECH Co., Ltd. |

24  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

25  Defendants incorporate by reference each of their General and Specific

26  Objections to this Interrogatory, as previously set forth above.  Subject to and

27  without waiving those objections, Defendants supplement their response as follows:

28  Attached to Defendants' supplemental interrogatories is Table 2, that, as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

7

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

**Exhibit K-Page 71**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  presently advised, lists the individuals and entities that have purchased products

2  from Niell-Tech from April 2010 to the present.

3      Meggitt's discovery complaints regarding this interrogatory were fully

4  revealed for first time upon service of Meggitt's portion of its Joint Stipulation on

5  January 13, 2014.  Despite this blatant failure to conduct any meet and confer,

6  Defendants have provided the above supplementation.

7  **INTERROGATORY NO. 3:**

8      Identify all vendors that have sold materials to Niell-Tech for use in Niell-

9  Tech's products from April 2010 to the present.

10 **RESPONSE TO INTERROGATORY NO. 3:**

11     Objection.  Responding Party objects to the commencement of discovery

12 prior to identification of Propounding Party's alleged trade secrets pursuant to CCP

13 §2019.210.

14     Responding Party incorporates by reference the General Objection and

15 Preliminary Statement contained herein.  Responding Party objects to the extent the

16 interrogatory seeks information that constitutes confidential, privileged, proprietary,

17 or trade secret information.  Subject to and without waiving these objections and in

18 the interest of compromise, Responding Party responds as follows:

19     Responding Party will respond to this interrogatory upon entry of a suitable

20 protective order.

21 **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

22 **- CONFIDENTIAL - ATTORNEYS' EYES ONLY -**

23     Responding Party is producing herewith its vendors list.

24 **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

25     Defendants incorporate by reference each of their General and Specific

26 Objections to this Interrogatory, as previously set forth above.  Subject to and

27 without waiving those objections, Defendants supplement their response as follows:

28     Attached to Defendants' supplemental interrogatories is Table 3, that, as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

8

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  presently advised, lists the vendors that have sold materials to Neill-Tech for use in
2  Niell-Tech's products from April 2010 to the present.

3      Meggitt's discovery complaints regarding this interrogatory were fully
4  revealed for first time upon service of Meggitt's portion of its Joint Stipulation on
5  January 13, 2014.  Despite this blatant failure to conduct any meet and confer,
6  Defendants have provided the above supplementation.

7  **INTERROGATORY NO. 4:**

8      State the annual revenue by year for each product Niell-Tech has
9  manufactured from April 2010 to the present.

10 **RESPONSE TO INTERROGATORY NO. 4:**

11     Objection.  Responding Party objects to the commencement of discovery
12 prior to identification of Propounding Party's alleged trade secrets pursuant to CCP
13 §2019.210.  Responding Party incorporates by reference the General Objection and
14 Preliminary Statement contained herein.  Responding Party objects to the extent the
15 interrogatory seeks information that constitutes confidential, privileged, proprietary,
16 or trade secret information.  Subject to and without waiving these objections and in
17 the interest of compromise, Responding Party responds as follows:

18     Responding Party will respond to this interrogatory upon entry of a suitable
19 protective order.

20 **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

21 **- CONFIDENTIAL - ATTORNEYS' EYES ONLY -**

22     Niell Tech's annual revenue (in RMB) is as follows:

23     2010 (July-Dec) 79,663.25

24     2011 – 4,275,111.11

25     2012 – 6,859,786.12

26     2013 to October – 1,559,397.63

27     A list of revenue by product is produced herewith.

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

9

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Defendants incorporate by reference each of their General and Specific Objections to this Interrogatory, as previously set forth above.  Subject to and without waiving those objections, Defendants supplement their response as follows:

Attached to Defendants' supplemental interrogatories is Table 4, that, as presently advised, lists the annual revenue by year for each product that Niell-Tech has manufactured from April 2010 to the present.

Meggitt's discovery complaints regarding this interrogatory were fully revealed for first time upon service of Meggitt's portion of its Joint Stipulation on January 13, 2014.  Despite this blatant failure to conduct any meet and confer, Defendants have provided the above supplementation.

**INTERROGATORY NO. 5:**

Identify and describe all documents describing the process(es) utilized by Niell-Tech to manufacture its products, including all sensors and accelerometers, whether produced currently, or previously.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection.  Responding Party objects to the commencement of discovery prior to identification of Propounding Party's alleged trade secrets pursuant to CCP §2019.210.  Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein.  Responding Party objects to this interrogatory as overbroad and unduly burdensome.  Responding Party objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information.  Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

Responding Party will respond to this interrogatory upon entry of a suitable protective order by producing documents sufficient to identify the process(es) utilized by "Niell-Tech" to manufacture its current products.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1 | **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

2 |      Defendants incorporate by reference each of their General and Specific

3 | Objections to this Interrogatory, as previously set forth above.  Subject to and

4 | without waiving those objections, Defendants supplement their response as follows:

5 |      Pursuant to Federal Rule of Civil Procedure 33(d), the response to this

6 | interrogatory can be found in Niell-Tech's current job travelers, historic job

7 | travelers, and related work instructions.  See, for example, the documents produced

8 | at Niell001458–1467; Niell001484–1493; Niell001505–1516; Niell001527–1534;

9 | Niell001551–1562; Niell001580–1591; Niell001610–1621; Niell001631–1641;

10 | Niell001655–1665; Niell001681–1693; Niell001707–1719; Niell001733–1746;

11 | Niell001763–1774; Niell001794–1807; Niell001841–1843; Niell001863–1865;

12 | Niell001885–1886; Niell001906–1907; Niell001930–1931; Niell001954–1956;

13 | Niell001977–1979; Niell002000–2002; Niell002043–2054; Niell002068–2075;

14 | Niell002084–2089; Niell002104–2116; Niell002131–2142; Niell002158–2169;

15 | Niell002181–2196; Niell002211–2222; Niell002238–2252; Niell002266–2280;

16 | Niell002293–2308; Niell002320–2335; Niell002346–2361; Niell002375–2390;

17 | Niell002401–2416; Niell002432–2447; Niell002478–3236; Niell004002–4016;

18 | Niell004018–4048; Niell004588–4596; Niell005914–6862; Niell006879–6891.

19 |      Such documents are the product of Niell-Tech's robust and experienced

20 | research, design, and development team.  Niell-Tech hereby incorporates by

21 | reference its response to Interrogatory No. 17, describing the research and

22 | development efforts for these processes.

23 |      Meggitt's discovery complaints regarding this interrogatory were fully

24 | revealed for first time upon service of Meggitt's portion of its Joint Stipulation on

25 | January 13, 2014.  Despite this blatant failure to conduct any meet and confer,

26 | Defendants have provided the above supplementation.

27 |

28 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

11

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**INTERROGATORY NO. 6:**

Identify and describe all documents in your possession, custody, or control that mention any product manufactured by Plaintiff Meggitt (San Juan Capistrano), Inc. or any of its affiliates.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. Responding Party objects to the commencement of discovery prior to identification of Propounding Party's alleged trade secrets pursuant to CCP §2019.210. Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein. Responding Party objects to this interrogatory as overbroad and unduly burdensome. Responding Party objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information. Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

Responding Party has no responsive documents in his possession, custody or control.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates by reference each of its General and Specific Objections to this Interrogatory, as previously set forth above. Subject to and without waiving those objections, Responding Party supplements its response as follows:

To the extent that any documents within the possession, custody, or control of Defendants mentioned any product manufactured by the Plaintiffs, such documents have been produced to Plaintiffs or otherwise made available for their inspection during this litigation.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Defendants incorporate by reference each of their General and Specific Objections to this Interrogatory, as previously set forth above. Subject to and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

12

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

**Exhibit K-Page 76**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   without waiving those objections, Defendants supplement their response as follows:

2       Interrogatory No. 6 is an overbroad request for any and all documents

3   mentioning Meggitt OC or any of its products, without regard to their relevance to

4   the subject matter of the underlying suit.  Having conducted a reasonable search,

5   Defendants respond that they have produced the relevant documents that are

6   responsive to this interrogatory located after a reasonable search.

7       Meggitt's discovery complaints regarding this interrogatory were fully

8   revealed for first time upon service of Meggitt's portion of its Joint Stipulation on

9   January 13, 2014.  Despite this blatant failure to conduct any meet and confer,

10  Defendants have provided the above supplementation.

11  **INTERROGATORY NO. 8:**

12      Identify and describe the underlying circumstances regarding Niell-Tech's

13  decision to apply for technical certifications, including, for example both the ISO

14  9001 and AS 9100 certifications, further including all research and development,

15  process streamlining and trouble shooting, calibrations, tool development,

16  specification refinement, and related activities undertaken by defendant in the

17  certification obtainment process.

18  **RESPONSE TO INTERROGATORY NO. 8:**

19      Objection.  Responding Party objects to the commencement of discovery

20  prior to identification of Propounding Party's alleged trade secrets pursuant to CCP

21  §2019.210.  Responding Party incorporates by reference the General Objection and

22  Preliminary Statement contained herein.  Responding Party objects to this

23  interrogatory as overbroad and unduly burdensome.  Responding Party objects to

24  this interrogatory as compound.  Responding Party objects to the extent the

25  interrogatory seeks information that constitutes confidential, privileged, proprietary,

26  or trade secret information.  Responding Party objects to this interrogatory as

27  unlikely to lead to admissible evidence.  Subject to and without waiving these

28  objections and in the interest of compromise, Responding Party responds as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

13

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  follows:

2       Niell Tech obtained AS9100B certification on September 14, 2010.  During

3  the audit period, Niell Tech manufactured and sold only Product No. CA3ZYD048

4  (previously named 3ZYD48).  This product is a triaxial piezoelectric accelerometer,

5  a product type not sold by Meggit(SJC).  Responding Party will respond further to

6  this interrogatory upon entry of a suitable protective order.

7  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

8       **- CONFIDENTIAL -**

9       Niell Tech obtained the ISO9001 and AS9100 certifications as a qualification

10  to be an aerospace supplier, to assure the consistency of its products' quality, to

11  increase public recognition, and to drive continual improvement at the company.

12  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

13       Defendants incorporate by reference each of their General and Specific

14  Objections to this Interrogatory, as previously set forth above.  Subject to and

15  without waiving those objections, Defendants supplement their response as follows:

16       Defendants were motivated to seek ISO9001 and AS9100 certifications

17  because, in many instances, such certification is a requirement in order to qualify as

18  a supplier of products to a customer.  In addition, these certifications provide

19  common, consistent methods to ensure the quality and safety of products.

20  Defendants wanted to hold themselves to these higher standards, and demonstrate

21  to customers and the sensor community at large that Niell-Tech was committed to

22  the design, development, and manufacture of high quality and reliable products.

23       As discussed above, Niell-Tech focused its design and development efforts

24  on a single product.  This decision allowed Niell-Tech to meet the rigorous

25  standards and processes required for the above certifications and to achieve this

26  preeminent status in the early stages of its company.

27       Meggitt's discovery complaints regarding this interrogatory were fully

28  revealed for first time upon service of Meggitt's portion of its Joint Stipulation on

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

14

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  January 13, 2014.  Despite this blatant failure to conduct any meet and confer,

2  Defendants have provided the above supplementation.

3  **INTERROGATORY NO. 9:**

4  Identify and describe any and all attempts by defendant to reverse engineer,

5  at any stage, and irrespective of perceived success, any product manufactured,

6  marketed, or sold by Meggitt (San Juan Capistrano), Inc., further including, and

7  providing all documents and things where required, the end results of such attempts

8  at reverse engineering, additionally describing how such attempts at reverse

9  engineering proceeded, and whether, and to what extent, Meggitt know-how,

10  technology, or process methodology contributed, facilitated, or influenced

11  defendant's attempts to reverse engineer Meggitt's technology.

12  **RESPONSE TO INTERROGATORY NO. 9:**

13  Objection.  Responding Party objects to the commencement of discovery

14  prior to identification of Propounding Party's alleged trade secrets pursuant to CCP

15  §2019.210.  Responding Party incorporates by reference the General Objection and

16  Preliminary Statement contained herein.  Responding Party objects to the extent the

17  interrogatory seeks information that constitutes confidential, privileged, proprietary,

18  or trade secret information.  Responding Party objects to this interrogatory as

19  seeking the production of documents which is the beyond the scope of FRCP, Rule

20  33 interrogatories.  Subject to and without waiving these objections and in the

21  interest of compromise, Responding Party responds as follows:

22  Responding Party has made no attempts to reverse-engineer any product

23  manufactured, marketed, or sold by Meggitt (San Juan Capistrano), Inc.

24  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

25  **- CONFIDENTIAL -**

26  Defendants incorporate by reference each of their General and Specific

27  Objections to this Interrogatory, as previously set forth above.  Subject to and

28  without waiving those objections, Defendants supplement their response as follows:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

15

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

**Exhibit K-Page 79**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   Defendants have studied Meggitt OC and Meggitt MD's publically-available

2   products, including, at least a Wilcoxon 786A accelerometer.  Defendants' studies

3   included, at least, disassembly and visual inspection of Meggitt's products:



16   **INTERROGATORY NO. 10:**

17   Identify and describe all information, data, know-how, procedure, or

18   otherwise-related technical skill learned, transferred, memorialized, or memorized

19   by Nie during the course of his employment with Meggitt (Xiamen) Sensors &

20   Controls Co. Ltd., including a description of all documents and things, irrespective

21   of date of creation, depicting Meggitt know-how, procedure, r process steps.

22   **RESPONSE TO INTERROGATORY NO. 10:**

23   Objection.  Responding Party objects to the commencement of discovery

24   prior to identification of Propounding Party's alleged trade secrets pursuant to CCP

25   §2019.210.  Responding Party incorporates by reference the General Objection and

26   Preliminary Statement contained herein.  Responding Party objects to this

27   interrogatory as overbroad and unduly burdensome.  Responding Party objects to

28   this interrogatory as not calculated to lead to admissible evidence.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

16

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

Exhibit K-Page 80

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

2  **- CONFIDENTIAL -**

3  Mr. Nie held the following positions at Meggitt Xiamen:

4  1.    From September 2005 to October 2006 – Senior Engineer

5  2.    From October 2006 until his resignation – Engineering Manager

6  Mr. Nie worked as project manager on the Averyhardoll project (valves).

7  Mr. Nie was the process engineer on the Endevco – 7285 project (accelerometers).

8  Mr. Nie was the project manager/design engineer for the Piher CMS projects

9  (potentiometers).

10  Mr. Nie learned the following general knowledge from his experiences at

11  Meggitt Xiamen:

12  From the Averyhardoll project, he learned general knowledge regarding

13  project management.

14  From the Endevco project, Mr. Nie made the 7285 perform differently from

15  the 7264B series by adding an e-capacitor to the 7285 to achieve electrical

16  damping.

17  From the Piher CMS projects, Mr. Nie learned general knowledge about

18  pricing, project management and potentiometer assembly.

19  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

20  Defendants incorporate by reference each of their General and Specific

21  Objections to this Interrogatory, as previously set forth above.  Subject to and

22  without waiving those objections, Defendants supplement their response as follows:

23  Mr. Nie held the following positions at Meggitt Xiamen:

24  1.    From September 2005 to October 2006 – Senior Engineer

25  2.    From October 2006 until his resignation – Engineering Manager

26  As a result of his work at Meggitt, Mr. Nie was afforded the opportunity to

27  further develop his engineering and project management skills he learned in

28  connection with his academic study.  Mr. Nie used these skills as project manager

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

17

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

**Exhibit K-Page 81**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  on the Averyhardoll project (valves), as a process engineer on the Endevco – 7285

2  project (accelerometers), and as a project manager/design engineer for the Piher

3  CMS projects (potentiometers).  In his capacity as Senior Engineer and Engineering

4  Manager, Mr. Nie further gained experience in identifying defects in the products

5  manufactured at Meggitt Xiamen and the manufacturing processed used therein,

6  and also applied his engineering expertise to troubleshoot solutions and otherwise

7  ensure that sensor products were being built according to specification.

8       Meggitt's discovery complaints regarding this interrogatory were fully

9  revealed for first time upon service of Meggitt's portion of its Joint Stipulation on

10  January 13, 2014.  Despite this blatant failure to conduct any meet and confer,

11  Defendants have provided the above supplementation.

12

13

14  Dated:        January 16, 2015              MORGAN, LEWIS & BOCKIUS LLP

15

16                                    By /s/ Michael J. Lyons
                                      Daniel Johnson, Jr.
17                                    Michael J. Lyons
                                      Attorneys for Defendants
18                                    NIE YONGZHONG aka William Nie
                                      and/or Bill Nie, an individual, and
19                                    XIAMEN NIELL ELECTRONICS
                                      CO. LTD., a Chinese corporation

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

18

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

**Exhibit K-Page 82**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## PROOF OF SERVICE

I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 2 Palo Alto Square, 3000 El Camino Real Ste. 700, Palo Alto, CA 94306.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

On January 16, 2015, I served a copy of the within document(s):

**DEFENDANT NIE YONGZHONG AND XIAMEN NIELL ELECTRONICS CO., LTD.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF MEGGITT, INC.'S INTERROGATORIES (SET ONE)**

**BY ELECTRONIC SERVICE**:  the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on January 16, 2015.  The transmission was reported as complete and without error.  My electronic notification address is 2 Palo Alto Square, 3000 El Camino Real Ste. 700, Palo Alto, CA 94306.  My e-mail address is jgettleman@morganlewis.com.

Lawrence R. LaPorte                     By E-mail
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd.
Los Angeles, CA  90064
llaporte@manatt.com

Robert W. Dickerson, Jr.                By E-mail
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd.
Los Angeles, CA  90064
rdickerson@manatt.com

Ehab Samuel                             By E-mail
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd.
Los Angeles, CA  90064
esamuel@manatt.com

Charles A. Kertell                      By E-mail
Manatt, Phelps & Phillips, LLP
Park Tower
695 Town Center Drive 14th Floor
Costa Mesa, CA 92626
ckertell@manatt.com

David D. Kim                            By E-mail
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd.
Los Angeles, CA  90064
dkim@manatt.com

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    Executed on January 16, 2015, at Palo Alto, California.

2    I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.

3

4

5                                             /s/ Jason E. Gettleman
                                              Jason E. Gettleman
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

2

DEFS' 3RD SUPP. OBJ. TO PLS' FIRST SET OF
INTERROG.; CASE NO. SACV 13-0239 DOC (DFMX)

**Exhibit K-Page 84**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Defendants' Third Supplemental Responses to Meggitt's Interrogatories (Set One)

# Table 1

| No. | Product Name | Quantity in Inventory | Crystal Stack | Former Name | Years Manufactured | Quantity on inventory |
|---|---|---|---|---|---|---|
| | Niell-Tech's Sensors Accelerometers Manufactured to Date (including sample and prototype) | | | | | |
| 1 | 300-0050 | Yes | No | | 2012 | 10 |
| 2 | CA3ZYD048 | Yes | Yes | 3ZYD48 | 2013 | 6 |
| 3 | CA3ZYD160V-100 | Yes | No | | 2013 | 10 |
| 4 | CA3ZYD160V-100B | Yes | No | | 2014 | 2 |
| 5 | CA3ZYD160V-100C | Yes | No | | 2013 | 13 |
| 6 | CADR152V-100 | Yes | No | | 2013 | 1 |
| 7 | CADR152V-2 | Yes | No | | 2013 | 13 |
| 8 | CADR152V-2A | None | No | | 2013&2014 | 31 |
| 9 | CADR152V-30 | Yes | No | | 2013 | 11 |
| 10 | CADR161V-3 | Yes | No | | 2013 | 12 |
| 11 | CAYD051 | Yes | No | YD51 | 2011 | |
| 12 | CAYD051V | Yes | No | YD51V0 | 2014 | |
| 13 | CAYD052 | Yes | No | YD52V0 | 2013 | |
| 14 | CAYD052V | Yes | No | | 2013 | 15 |
| 15 | CAYD060 | Yes | Yes | YD60 | 2013 | 16 |
| 16 | CAYD060V | Yes | Yes | YD60V0 | 2013 | 32 |
| 17 | CAYD063V | Yes | No | YD63V0 | 2012&2013) | 38 |
| 18 | CAYD064 | Yes | No | | 2014 | 4 |
| 19 | CAYD105 | Yes | No | | 2014 | |
| 20 | CAYD115 | Yes | No | | 2014 | |
| 21 | CAYD115V | Yes | No | | 2014 | |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**Defendants' Third Supplemental Responses to Meggitt's Interrogatories (Set One)**

| No. | Product Name | Quantity in Inventory | Crystal Stack | Former Name | Years Manufactured | Quantity on inventory |
|-----|--------------|----------------------|---------------|-------------|-------------------|----------------------|
| | Niell-Tech's Sensors Accelerometers Manufactured to Date (including sample and prototype) | | | | | |
| 22 | CAYD115V-100 | Yes | No | | 2013 | |
| 23 | CAYD125V-50 | Yes | No | | 2014 | 2 |
| 24 | CAYD125V-500 | Yes | No | | 2013 | |
| 25 | CAYD131 | None | No | | 2012 | |
| 26 | CAYD133 | None | No | | 2014 | 2 |
| 27 | CAYD149V-500 | Yes | No | | 2014 | 17 |
| 28 | CAYD149V-500C | Yes | No | | 2014 | 19 |
| 29 | CAYD150V-100 | Yes | No | | 2014 | 58 |
| 30 | CAYD166V | None | No | | 2013 | 2 |
| 31 | CAYD170V-100 | None | No | | 2014 | 2 |
| 32 | CAYZ146V-1-500 | Yes | No | | 2014 | 8 |
| 33 | CAYZ156V-1-2000 | None | No | CAYZ156V-1-2K | 2014 | |
| 34 | CA3ZYD048V | None | Yes | 3ZYD48V0（未生产出产品） | | |
| 35 | CAYZ156V-1-500 | None | No | | 2014 | 3 |
| 36 | CAYD151 | Yes | Yes | | 2013&2014 | 14 |
| 37 | CA3ZYD132 | None | No | | 2014 | |
| 38 | CAYD167V-100A | Yes | No | | 2013 | 2 |
| 39 | CAYD167V-100B | Yes | No | | 2013 | 6 |
| 40 | CADR152V-10 | Yes | No | | 2013 | |
| 41 | CADR152V-50 | None | No | 无生产记录 | | |
| 42 | CAYD053-50 | Yes | Yes | YD53 | | |
| 43 | CAYD119V-50 | Yes | No | | 2013&2014 | |
| 44 | CAYD119V-500 | Yes | No | | 2013&2014 | 15 |
| 45 | CADR152V-200 | None | No | | 2014 | 1 |

**Exhibit K-Page 86**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**Defendants' Third Supplemental Responses to Meggitt's Interrogatories (Set One)**

| No. | Product Name | Quantity in Inventory | Crystal Stack | Former Name | Years Manufactured | Quantity on inventory |
|---|---|---|---|---|---|---|
| | Niell-Tech's Sensors Accelerometers Manufactured to Date (including sample and prototype) | | | | | |
| 46 | CAYD052V-35 | None | No | | 2012 | |
| 47 | CAYD051V-100B | None | No | | 2013 | |
| 48 | CA3ZYD102V | Yes | No | | 2014 | 5 |
| 49 | CYYZ116V-100 | None | No | | 2014 | 30 |
| 50 | CAYZ123V-2-2000 | None | No | CAYZ123V-2-2K | 2014 | 1 |
| 51 | CVYD144C | None | No | | 2013&2014 | |
| 52 | CVYD144C-50 | None | No | | 2013&2014 | 1 |
| 53 | CAYZ147V-2-2000 | None | No | CAYZ147V-2-2K | 2013&2014 | |
| 54 | CAYZ148V-2-2000 | None | No | CAYZ148V-2-2K(无生产记录) | | |
| 55 | CVYD169V | None | No | | 2013&2014 | |
| 56 | CAYD172-25 | Yes | Yes CAYZ148V-2-2K | | 2013&2014 | |
| 57 | CADR175V-20 | None | No | | 2013 | |
| 58 | CADR175V-20A | None | No | | 2013 | |
| 59 | CADR185C-10 | Yes | No | | 2013 | |
| 60 | CA3ZDR186V-2 | Yes | No | | 2013 | 2 |
| 61 | CA3ZDR186V-100 | None | No | | 2013 | 7 |
| 62 | CAYD115V-100A | Yes | No | | 2013 | |
| 63 | CADR191V-3 | None | No | | 2013 | |
| 64 | CAYD060VA | Yes | Yes | | 2013 | 8 |

**Exhibit K-Page 87**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
**Defendants' Third Supplemental Responses to Meggitt's Interrogatories (Set One)**

# Table 2

| 购货单位 |
|---|
| 北京国旋新力科技发展有限公司 |
| 东莞万创电子制品有限公司 |
| 杭州青天新能源技术有限公司 |
| 湖南卓正科技实业发展有限公司 |
| 江西洪都航空工业集团有限责任公司 |
| 深圳市亚泰光电技术有限公司 |
| 中国科学院工程热物理研究所 |
| 阿尔斯通创为实技术发展（深圳）有限公司 |
| 中国航空工业集团公司 |
| 海军工程大学 |
| 西安睿力测控技术有限公司 |
| 胜利油田豪威科工贸有限责任公司 |
| 东南合创（厦门）电梯安全科技有限公司 |
| 厦门市德盛鑫机械有限公司 |
| 宁波安可汽配有限公司 |
| 北京神州腾耀通信技术有限公司 |
| 清华大学苏州汽车研究院（相城） |
| 中国燃气涡轮研究院（624所） |
| 北京宏申实信科技有限公司 |
| 西安锐益达风电技术有限公司 |
| 深圳市聚茂源科技有限公司 |
| 北京威锐达测控系统有限公司 |
| 斯凯孚（中国）销售有限公司 |
| 中国船舶重工集团公司 |
| 必迅捷科技(北京)有限公司 |
| 浙江中自庆安新能源技术有限公司 |
| 安徽荣知日新信息技术有限公司 |
| 上海波汇通信科技有限公司 |
| 成都国营锦江机器厂 |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**Defendants' Third Supplemental Responses to Meggitt's Interrogatories (Set One)**

| |
|---|
| 上海敏研机电科技有限公司 |
| 大洋汇达科技（北京）有限公司 |
| 深圳市泰维大石科技有限公司 |
| 厦门市开润工贸有限公司 |
| 华中科技大学 |
| 浙江大学 |
| 珠海中能电力技术有限公司 |
| 中国直升机设计研究所 |
| 浙江浙大网新集团有限公司 |
| 中国船舶工业系统工程研究院 |
| 陕西新时商务有限责任公司 |
| 厦门红相电力有限公司 |
| 高碑店市开拓精密仪器制造有限责任公司 |
| MKB Insurance |
| Airtech Vacuum Inc. |
| Good Vibrations Sensors Pty Ltd |
| University of Genova |
| Belotti Sistemi s.a.s |
| SOVITECH Co, Ltd. |
| PCB Piezotronics Inc |
| DJB Instruments (UK) Ltd. |
| ASC GmbH |
| Noavaran sooyab Sanat Co |
| JASTI Co.,Ltd |
| G AND TULSAN KOREA  (G&T) |
| DRILLING TECHNICAL SERVICES (PTY) LTD |
| Sentinel Trending & Diagnostics Ltd |
| MAGICDOT CORPOARTION 台湾妙点企业股份有限公司 |
| Meggitt Sensing Systems, Meggitt SA |
| Trust Co.,Ltd. |
| SUASIS Underwater Systems Ltd |
| Nissan Ashokleyland Technologies Ltd |
| EUROAMERICA IN MOTION, S.A. DE C.V. |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**Defendants' Third Supplemental Responses to Meggitt's Interrogatories (Set One)**

# Table 3

| S/N | Supplied Part | Supplier (Chinese name) |
|---|---|---|
| 1 | Piezoelectri c Crystal | 厦门乃尔电子有限公司 |
| 2 | Machining Part | 漳州天峰五金机械制品有限公司 |
| 3 | Machining Part | 厦门创信亿达电子科技有限公司 |
| 4 | Machining Part | 大科机械（厦门）有限公司 |
| 5 | Machining Part | 成都商飞航空机械有限公司 |
| 6 | Machining Part | 深圳豪林精密机械有限公司 |
| 7 | Machining Part | 厦门铁山工贸有限公司 |
| 8 | Machining Part | 东莞易洲模具钢有限公司 |
| 9 | Machining Part | 泉州大宇工程机械配件厂 |
| 10 | Machining Part | 鑫锐精密机械有限公司 |
| 11 | Machining Part | 厦门弘天诚机械有限公司 |
| 12 | Machining Part | 厦门普瑞工贸有限公司 |
| 13 | Machining Part | 中航光电科技股份有限公司 |
| 14 | Machining Part | 精博汇（厦门）机械科技有限公司 |
| 15 | Piezoelectric ceramic part | 上海凯庆光电材料厂 |
| 16 | Cable Part | 广东亿讯电子有限公司 |
| 17 | Connector part | 上海科迎法电气科技有限公司 |
| 18 | Connector part | 蚌埠富源电子科技有限责任公司 |
| 19 | Material | 西安华山钨制品有限公司 |
| 20 | IC | Qinpex Sarl |
| 21 | Connector part | 雷莫贸易（上海）有限公司 |
| 22 | The signal wire part | 厦门昭丞电子科技有限公司 |
| 23 | Chemical part | 深圳市震坤行胶粘科技有限公司 |
| 24 | PCB | 厦门高比特电子有限公司 |
| 25 | Chemical part | 广州市雅威贸易有限公司 |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**Defendants' Third Supplemental Responses to Meggitt's Interrogatories (Set One)**

| 26 | Chemical part | 乾新（上海）电子科技有限公司 |
|---|---|---|
| 27 | Electronic components | 厦门全欧电子科技有限公司 |
| 28 | LABEL | 捷卡（厦门）产品标识系统有限公司 |
| 29 | Chemistry part | 安士澳贸易（深圳）有限公司 |
| 30 | Electronic components | 雅各布电子元器件（上海）有限公司 |
| 31 | Glue Supplier | 上海歌馨实业有限公司 |
| 32 | Machining Part | 东莞稳旭五金制品有限公司 |
| 33 | Machining Part | 厦门金研工贸有限公司 |
| 34 | Electronic components | 福州世强电子有限公司 |
| 35 | Electronic components | 深圳市鼎盛益源电子有限公司 |
| 36 | CABEL | 上海申远高温线有限公司 |
| 37 | Trading | 厦门永承利工贸有限公司 |
| 38 | Trading | 厦门美联瑞商贸有限公司 |
| 39 | circuit board | 深圳市钰正科技有限公司 |
| 40 | IC | 深特然科技（深圳）有限公司 |
| 41 | Machining Part | 东莞苏敏特自动化科技有限公司 |
| 42 | Electronic components | 厦门美赫电子有限公司 |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**Defendants' Third Supplemental Responses to Meggitt's Interrogatories (Set One)**

# <u>Table 4</u>

Currency:RMB

| Niell-Tech Model# /Description | Quantity (Y2010) | Quantity (Y2011) | Quantity (Y2012) | Quantity (Y2013) | Quantity (Y2014) | Y2010 Revenue (Jul-Dec) | Y2011 Revenue | Y2012 Revenue | Y2013 Revenue (Jan-Oct) | Total Revenue (RMB) | Y2013 (Jan-Dec) Revenue | Y2014 Revenue | Total Revenue (RMB) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CAYD060 | | | | 1 | | | | | 7,221.77 | 7,221.77 | 7,081.70 | | 7,081.70 |
| CAYD105 | | | | 6330 | 4614 | | | | 305,059.04 | 305,059.04 | 1,021,884.21 | 752,371.82 | 1,774,256.03 |
| CAYD051V | 67 | 368 | 6 | 3669 | 1375 | 58,295.73 | 456,068.36 | 6,892.08 | 119,185.50 | 640,441.67 | 1,685,505.34 | 570,341.87 | 2,777,103.38 |
| CAYD052V | | | | 2 | 1 | | | | 3,076.92 | 3,076.92 | 3,076.92 | 1,965.81 | 5,042.73 |
| CAYD063V | | 140 | 50 | 73 | | | 409,076.92 | 29,487.18 | 65,750.17 | 504,314.27 | 66,615.43 | | 505,179.53 |
| CA3ZYD160V-100B | | | | 5 | 22 | | | | 9,888.80 | 9,888.80 | 11,989.72 | 54,134.28 | 66,124.00 |
| CA3ZYD160V-100C | | | | 5 | | | | | 12,361.00 | 12,361.00 | 12,361.00 | | 12,361.00 |
| CAYD115V | | | 17 | 3 | | | | 14,529.91 | 6,596.25 | 21,126.16 | 6,508.55 | | 21,038.46 |
| CAYD115V-100 | | | | 4 | 1 | | | | 5,470.09 | 5,470.09 | 5,470.09 | 1,231.60 | 6,701.69 |
| CAYD115V-100A | | | | 1 | 1 | | | | 2,951.04 | 2,951.04 | 2,951.04 | 1,794.87 | 4,745.91 |
| CAYD149V-500 | | | | 896 | 541 | | | | 14,017.09 | 14,017.09 | 554,000.19 | 384,666.65 | 938,666.84 |
| CAYD150V-100 | | | | 37 | 28 | | | | 23,177.88 | 23,177.88 | 23,127.21 | 63,247.86 | 86,375.07 |
| CAYD167V-100A | | | | 21 | | | | | 18,114.10 | 18,114.10 | 18,114.10 | | 18,114.10 |
| CAYD167V-100B | | | | 21 | | | | | 16,940.21 | 16,940.21 | 16,940.21 | | 16,940.21 |
| CAYZ123V-2-2000 | | | 2 | | | | | 3,734.57 | | 3,734.57 | | | 3,734.57 |
| CAYD051 | | | | | | | | | | | | | 0.00 |
| CAYD149V-500C | | | | | 372 | | | | | | 286,581.21 | | 286,581.21 |
| CAYZ149V-500 | | | | | | | | | | | | | 0.00 |
| CAYD172-50 | | | | | | | | | | | | | 0.00 |
| CAYZ123V-2-2K | | | | | 24 | | | | | | | 44,959.46 | 44,959.46 |
| CAYZ146V-1-500 | | | | | | | | | | | | | 0.00 |
| CAYZ156V2-2K | | | | | | | | | | | | | 0.00 |
| CAYD060V | | | | 1 | | | | | | | 3,834.42 | | 3,834.42 |
| CAYD119V-500 | | | | 9 | 16 | | | | | | 23,174.96 | 40,861.28 | 64,036.24 |
| CAYZ147V-2-2000 | | | | | | | | | | | | | 0.00 |
| CVYD144C | | | | 2 | | | | | | | 3,318.41 | | 3,318.41 |
| CVYD144C-50 | | | | | 12 | | | | | | | 19,045.25 | 19,045.25 |
| CA3ZYD048 | | | | | | | | | | | | | 0.00 |
| 300-0050 | | | 100 | 5 | | | | 26,467.14 | 1,874.90 | 28,342.04 | 1,874.90 | | 28,342.04 |
| Piezoelectric Crystal | | | | 40 | | | | | 28,932.62 | 28,932.62 | 24,210.91 | | 24,210.91 |
| 2-Pin Female | | | | 1 | 110 | | | | 1,426.91 | 1,426.91 | 83.02 | 7,521.37 | 7,604.39 |
| CBL002-01 Cable | | | | 9 | | | | | 152.15 | 152.15 | 1,964.84 | 10,871.79 | 12,836.63 |
| Outer Case | | | | 11 | | | | | | 21.27 | 21.27 | | 21.27 |
| Tri-axial Mounting | 250 | 200 | | | | 21,367.52 | 17,094.12 | | | 38,461.64 | | | 38,461.64 |
| Aviation Connector | | 281 | | | | | 45,435.96 | | | 45,435.96 | | | 45,435.96 |
| Calibration System | | 4 | 1 | | | | 774,358.98 | 233,760.70 | | 1,008,119.68 | | | 1,008,119.68 |

**Exhibit K-Page 92**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**Defendants' Third Supplemental Responses to Meggitt's Interrogatories (Set One)**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Standard Shock | | 2 | | | | | 297,863.25 | | | 297,863.25 | | | 297,863.25 |
| Repair Service for | | | 2 | | | | | | 211,965.80 | 211,965.80 | 211,965.80 | | 211,965.80 |
| Drag Platform | | | 9 | | | | | | 3,697,008.57 | 3,697,008.57 | | | 3,697,008.57 |
| Charge Simulator | | | 2 | 2 | | | | 181,068.36 | 31,666.67 | 212,735.03 | 31,666.67 | | 212,735.03 |
| Security Product | | | | | | | 121,367.52 | 97,094.02 | 273,547.45 | 492,008.99 | 430,886.74 | 860,085.47 | 1,509,433.75 |
| Security Product | | | | | | | 2,153,846.00 | | | 2,153,846.00 | | | 2,153,846.00 |
| Security Product | | | | | | | | | 400,000.00 | 400,000.00 | 400,000.00 | | 400,000.00 |
| Security Product | | | | | | | | | | 376,752.14 | | | 376,752.14 |
| Security Product | | | | | | | | | | 2,192,991.45 | | | 2,192,991.45 |
| **Total** | 317 | 995 | 187 | 11150 | 7117 | 79,663.25 | 4,275,111.11 | 6,859,786.12 | 1,559,397.63 | 12,773,958.11 | 4,568,627.65 | 3,099,680.59 | 18,882,868.72 |

CONFIDENTIAL - ATTORNEYS' EYES ONLY                    Niel000007