O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MEGGITT (ORANGE COUNTY), INC., ET AL., | Case No.: SACV 13-0239-DOC (DFMx) |
| Plaintiffs, | ORDER RE: MONETARY SANCTIONS [480] |
| vs. | |
| NIE YONGZHONG, ET AL., Defendants. | |

On April 21, 2015, the Court GRANTED IN PART Plaintiffs' Motion for Sanction (Dkt. 604). The Court wrote:

> Monetary sanctions will be awarded for Defendants' violations of Court
> orders in the amount of Plaintiffs' attorneys' fees and costs incurred

-1-

seeking compliance with (1) the Court's original order to produce Meggitt documents, between September 2013 and June 2014, and (2) the Court's original order to produce technical documents regarding the CAYD053-50 product and the March order rejecting Defendants state secrets defense, between March 2014 and March 2015.

In order to determine the appropriate amount of monetary sanctions, by April 29, 2015, Plaintiffs should provide support for all expenses:

    a) to bring the motions to compel with regards to Meggitt documents prior to June 2014;

    b) to meet and confer regarding production of these documents;

    c) to bring the motions for sanctions; and

    d) incurred in any other attempts to obtain Meggitt documents in Defendants' possession prior to June 2014 and the CAYD053-50 technical documents since Magistrate Judge McCormick's March 21, 2014 ruling denying Defendants' state secrets defense.

A hearing on this matter was held on May 4, 2015.

On April 29, 2015 Plaintiffs filed a Submission of Attorneys' Fees and Costs ("Submission") (Sealed Dkt. 714). The Plaintiffs identified six "categories" of expenses that they believed fell within the purview of the Court's April 21 Order. *Id.* at 4-11. At the hearing, Plaintiffs presented the Court with billing records supporting their Submission. The Court reviewed the documents *in camera*. The same day, Defendants filed a declaration specifically responding to each category of expenses. *See* Declaration of Daniel Johnson, Jr. re: Response in Opposition to Plaintiffs' Submission (Sealed Dkt. 708).

Having reviewed the documents, and considering the arguments made by the parties, the Court determines as follows with regards to each category of expenses identified by Plaintiffs in their April 29 filing:

1. As to the first category of expenses, *Meggitt's Motions to Compel, All Supporting Documents, and Efforts to Meet and Confer Regarding Same*, the motions to compel

covered a variety of topics including topics covered by the sanctions order. The Court finds that only approximately 5% of the expenses relate to the sanctioned conduct, in proportion to the items addressed by those motions to compel. Therefore, the Court awards $**4,388** for "Category 1" expenses.

2. As to the second category of expenses, *Defendants' Motions for a Protective Order to Block Discovery, All Supporting Documents, and Efforts to Meet and Confer Regarding Same*, the Court finds that these expenses do not relate to the sanctioned conduct because the topics were related to the CAYD053-50 product and the costs and fees were incurred before March 21, 2014.

3. As to the third category of expenses, *Defendants' Motion for Protective Order to Preclude Discovery Re State Secrets and Subsequent Briefing*, the Court finds that these expenses do not relate to the sanctioned conduct because the topics were related to the CAYD053-50 product and the costs and fees were incurred before March 21, 2014.

4. As to the fourth category of expenses, *Terminating Sanctions Motion No. 1, All Supporting Documents and Efforts to Meet and Confer Regarding Same*, the Court finds that an award of 18% of the expenses for bringing that motion (in proportion to the topics addressed by the first sanctions motion) is appropriate. Therefore the Court awards $**18,207** with regards to the first motion for sanctions.

5. As to the fifth category of expenses, *Terminating Sanctions Motion No. 2, All Supporting Documents and Efforts to Meet and Confer Regarding Same*, the Court finds that an award of 29% of the expenses for bringing that motion (in proportion to the topics addressed by the motion) is appropriate. Further, the Court finds that no "discount" to the expenses sought is appropriate, as requested by the Defendants. Therefore the Court awards **$50,014** with regards to expenses related to the second motion for sanctions.

6. As to the sixth category of expenses, *Other Efforts to Obtain CAYD053-50 Technical Documents and Meggitt Documents*, in reviewing the billing records, the Court finds that these expenses (predominately consisting of the rush translation of the CAYD053-50

documents) were incurred in relation to the sanctioned conduct because the topics were related to the CAYD053-50 product and the costs and fees were incurred in the relevant time period. Therefore the Court awards **$19,140** for these additional expenses.

In total, the Court awards sanctions in the amount of $**91,749**  in expenses caused by Defendants' failures to comply with Court orders **to be paid by the Defendants Nie Yongzhong and Xiamen Niell Electronics Co**. to Plaintiffs Meggitt (Orange County) and Meggitt (Maryland) within 30 days of this Order.

DATED:  May 6, 2015

*David O. Carter*

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE